FILED

SEP 17 2018

By: _____ Clerk, U.S. District Court
_____ Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

ANTHONY J. HAMPTON,

        Plaintiff,

    v.

BARCLAYS BANK DELAWARE;
DISCOVER BANK; loanDepot.com,
LLC; MARKETPLACE LOAN
GRANTOR TRUST, SERIES 2016-
LD1; EQUIFAX, INC.; EQUIFAX
INFORMATION SERVICES, LLC.;
EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANSUNION,
LLC; and Does 1-10,

        Defendants.

No.  5:18-cv-04071-DDC-KGS

## FIRST AMENDED VERIFIED COMPLAINT

### I. PRELIMINARY STATEMENT

1.  This action arises out of Defendants' BARCLAYS BANK DELAWARE

(hereinafter "BARCLAYS"); DISCOVER BANK (hereinafter "DISCOVER");

loanDepot.com, LLC (hereinafter "LD") violations of the Fair Credit Reporting

1

Act 15 U.S.C. §1681 (hereinafter "FCRA"), which prohibits reporters from engaging in deceptive and unfair practices. Defendants named in paragraph 1 are "furnisher of information" under the FCRA. Defendant reported derogatory remarks to the Credit Reporting Agencies (hereinafter "CRA"). Defendants named in paragraph 1 reported derogatory remarks to the Credit Reporting Agencies.

2.  This action arises out of Defendant MARKETPLACE LOAN GRANTOR TRUST, SERIES 2016-LD1's violations of the Telephone Consumer Protection Act (hereinafter "TCPA") Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

3.  15 U.S.C. §1681n and §1681o, create a private right of action for consumers to bring against violators of <u>any</u> provision of the FCRA with regard to their credit. In *DiMezza v. First USA Bank, Inc.*, 103 F.Supp.2d 1296, 1300 (D.N.M. 2000) the Court confirmed that "…the plain language of [15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have wilfully or negligently fail to perform their duties upon notice of a dispute…there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information." *Id*. 1300. Defendants (other than Defendant MARKETPLACE LOAN GRANTOR TRUST, SERIES 2016-LD1's) have wilfully and negligently failed to perform their duties by not properly validating the disputed debt shown on Plaintiff's credit report.

4.  Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but non-existent debt.

2

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and 15 U.S.C. §1681, seq.

6. Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is proper in that the Plaintiffs reside here, the Defendants transact business here, and the conduct complained of occurred here.

7. This is an action for damages which exceed $100,000.00.

## III. PARTIES

8. Plaintiff, Anthony J. Hampton, is a natural person and is a resident of the State of Kansas (hereinafter "Plaintiff").

9. Defendant BARCLAYS is a national banking association organized under the laws of the United States with its principal place of business located at 270 Park Avenue, 39th Floor, New York, NY 10017. Defendant BARCLAYS is a Bank engaged in business throughout the United States and also in the State of Kansas and lends money to and collects from Kansas residents. Defendant BARCLAYS was and is a "person" as defined under 15 U.S.C. §1681a(t) and a "user" of consumer information pursuant to U.S.C. §1681b(f) and is restricted by and subject to the remedies of the FCRA. Defendant BARCLAYS is also a "creditor" as defined by 15 U.S.C. §1692a(6). Defendant BARCLAYS is a furnisher of information who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. §1681s-2.

10. Defendant DISCOVER is a Delaware state-chartered bank and leading credit card issuer, and personal loans with its principal place of business located at 100 West Market, Greenwood, DE 19950. Defendant DISCOVER is a Bank engaged in business throughout the United States and also in the State of Kansas and lends money to and collects from Kansas residents. Defendant DISCOVER was and is a "person" as defined under 15 U.S.C. §1681a(t) and a "user" of consumer information pursuant to U.S.C. §1681b(f) and is restricted by and subject to the remedies of the FCRA. Defendant DISCOVER is also a "creditor" as defined by 15 U.S.C. §1692a(6). Defendant DISCOVER is a furnisher of information who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. §1681s-2.

11. Defendant loanDepot.com, LLC is a Delaware foreign corporation believed to be authorized to do and is doing business in the State of Kansas with its offices located at 26642 Towne Center Drive, Foothill Ranch, CA 92610. Its Registered Agent on file for this company is Registered Agent Solutions, Inc, 155 Office Plaza Drive, Suite A, Tallahassee, FL 32301.

12. Defendant LD assigned its account ending with 9589 to Defendant MARKETPLACE LOAN GRANTOR TRUST, SERIES 2016-LD1 (hereinafter "MPLGT").

13. Defendant MPLGT is a Delaware Statutory Trust filed on January 5, 2016. The Registered Agent on file for this company is Wilmington Trust, National Association and is located at Rodney Square North, 1100 North Market Street,

Wilmington, DE 19890. At all times material to this Complaint, MPLGT has offered or provided a "consumer financial product or service," and therefore is and was a "covered person" under the CFPA. 12 U.S.C. 5481(6), (15)(A)(i). At all times material to this Complaint, MPLGT has been located and transacted business in this district.

14. Defendant EQUIFAX, INC (hereinafter "EQUIFAX"), is a Delaware foreign corporation believed to be authorized to do and is doing business in the State of Kansas. Defendant EQUIFAX is a "consumer reporting agency," as codified at 15 U.S.C. §1681a(e). Defendant EQUIFAX principal place of business is located at 1550 Peachtree Street, N.W., Atlanta, GA 30309. EQUIFAX LLC may be served through its registered agent, Corporation Services Company, 211 E. 7th St., Suite 620, Austin, TX 78701. EQUIFAX is a public corporation, trading in the New York Stock Exchange as "EFX". EQUIFAX is the parent corporation of EQUIFAX LLC.

15. Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter "EQUIFAX LLC") is a foreign corporation/limited liability company believed to be authorized to do and is doing business in the State of Kansas. Defendant EQUIFAX LLC is a "consumer reporting agency," as codified at 15 U.S.C. §1681a(e). Defendant EQUIFAX LLC principal place of business is located at 1550 Peachtree Street, N.W., Atlanta, GA 30309. EQUIFAX LLC may be served through its registered agent, Corporation Services Company, 211 E. 7th St., Suite 620, Austin, TX 78701. EQUIFAX LLC is a provider of consumer credit reports and credit monitoring programs; business of "assembling or evaluating consumer credit information." 15

5

U.S.C. § 1681a(f).

16. Defendant EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter "EXPERIAN") is an Ohio Corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626. EXPERIAN is a provider of consumer credit reports and credit monitoring programs. Defendant EXPERIAN is a "consumer reporting agency," as codified at 15 U.S.C. §1681a(e).

17. Defendant TRANSUNION, LLC (hereinafter "TRANS") is a Delaware Limited Liability Company, with its principal place of business at 555 W. Adams St., 6th Fl., Chicago, IL 60661. Defendant TRANS is a "consumer reporting agency," as codified at 15 U.S.C. §1681a(e).  TRANS is a provider of consumer credit reports and credit monitoring programs; business of "assembling or evaluating consumer credit information." 15 U.S.C. § 1681a(f).

18. Defendants Does 1-10 are currently unknown to plaintiffs. Complaint will be amended when facts are discovered regarding unknown parties.

## IV. FACTUAL ALLEGATIONS

19. On or about March 20, 2018, Plaintiff sent a demand to not call him, to Defendants LD and MPLGT.

20. From March 21 thru May 22, 2018, Plaintiff received 71 calls from Defendant MPLGT, phone number 877-256-2660, using automatic telephone dialling system or artificial or prerecorded voices on Plaintiffs cell phone.

21. From March 21 thru May 22, 2018, Defendant MPLGT called Plaintiff's cell phone 71 times with no prior permission given by Plaintiff.

6

22. On March 21 thru May 22, 2018 the Defendant MPLGT left recorded messages on Plaintiff's cell phone without express permission.

23. From March 24, 2018 thru April 19, 2018, Plaintiff received 10 calls from Defendants LD and MPLGT, phone number 855-241-6424, using automatic telephone dialling system or artificial or prerecorded voices on Plaintiff's cell phone.

24. On or about _MARCH 21, 2018_, Plaintiff sent Defendant BARCLAYS a Notice of Dispute, demanding validation of an alleged account (6198) with Defendant BARCLAYS. Said notices included demand that the claim of debt was valid, free from any claims and defects, whether there was a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value. Also, the demand included a request for a complete statement of damages and losses incurred by BARCLAYS.

25. On or about _MARCH 19, 2018_, Plaintiff sent Defendant DISCOVER a Notice of Dispute, demanding validation of an alleged account (0733) with Defendant DISCOVER. Said notices included demand that the claim of debt was valid, free from any claims and defects, whether there was a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value. Also, the demand included a request for a complete statement of damages and losses incurred by DISCOVER.

26. On or about March 20, 2018, Plaintiff sent Defendant LD a Notice of Dispute, demanding validation of an alleged account (9589) with Defendant LD. Said

7

notices included demand that the claim of debt was valid, free from any claims and defects, whether there was a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value. Also, the demand included a request for a complete statement of damages and losses incurred by LD.

27. On or about March 20, 2018, Plaintiff sent Defendants EQUIFAX, EXPERIAN and TRANS Notices of Dispute of the accounts with Defendants BARCLAYS, DISCOVER and LD.

28. Plaintiff has not received authentic evidence regarding the validity of the debt.

29. CRAs contacted Defendants BARCLAYS, DISCOVER and LD requesting reinvestigation of the alleged debt.

30. Plaintiff has disputed the accuracy of the derogatory and inaccurate information reported by BARCLAYS, DISCOVER and LD to the CRAs as referenced above, via certified mail. Upon information and belief, Defendants BARCLAYS, DISCOVER and LD have not provided notice of this disputed matter to the CRAs and is therefore in violation of 15 U.S.C. § 1681s-2(b). The accuracy that is disputed consists of: demand that the claim of debt was valid, free from any claims and defects, whether there was a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value by sourcing the funds from creditor's account.

31. Defendant TRANS failed to report Plaintiff's dispute regarding Defendants BARCLAYS and LD.

8

32. Defendant EQUIFAX failed to report Plaintiff's dispute regarding Defendants DISCOVER and LD.

33. Defendant EXPERIAN failed to report Plaintiff's dispute regarding Defendant BARCLAYS.

34. On or about June 7, 2018, Defendant TRANS removed the derogatory report regarding DISCOVER.

## V. CAUSES OF ACTION

### CAUSE I
### VIOLATIONS OF THE TELEPHONE
### COMMUNICATIONS ACT 47 U.S.C. §227
### AS TO DEFENDANT LD

35.  Plaintiff alleges and incorporate the information in paragraphs above.

36.  Defendant LD has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

37. The calls made by Defendant LD to Plaintiff's cellular telephone were in the nature of a mechanical sounding device that dialed the cellular number. Some calls were eventually completed by a live person in which a voice message was left or not left.

38.  Defendant LD has committed 10 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

39.  Defendant LD has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 10 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.  Plaintiff corresponded with Defendant LD on or about March 20, 2018, in which Plaintiff demanded that Defendant LD cease all

phone calls.  Since then Defendant LD has assigned the calling to Defendant MPLGT. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

40. The Plaintiff has never given Defendant LD permission to call Plaintiff's cell phone; and/or gave notice to cease all calls. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Defendant LD do not have an established business relationship within the meaning of 47 U.S.C. §227.

**WHEREFORE,** Plaintiffs demand judgment for damages against Defendant LD for actual or statutory damages, and punitive damages and costs. Plaintiff reserves his right to amend this Complaint when Does become known to him.

**CAUSE II**
**VIOLATIONS OF THE TELEPHONE**
**COMMUNICATIONS ACT 47 U.S.C. §227**
**AS TO DEFENDANT MPLGT**

41.  Plaintiff alleges and incorporate the information in paragraphs above.

42.  Defendant MPLGT has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

43. The calls made by Defendant MPLGT to Plaintiff's cellular telephone were in the nature of a mechanical sounding device that was not humanly created. Some calls were eventually completed by a live person in which a voice message was left.

44.  Defendant MPLGT has committed 71 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiffs are entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

45.  Defendant MPLGT has demonstrated willful or knowing non-compliance with

47 U.S.C. §227(b)(1)(A) The last 71 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff corresponded with Defendant MPLGT on or about March 20, 2018, in which Plaintiff demanded that Defendant MPLGT cease all phone calls. Since then Defendant MPLGT refuses to cease and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

46.     The Plaintiff has never given Defendant MPLGT permission to call Plaintiff's cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Defendant MPLGT do not have an established business relationship within the meaning of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demand judgment for damages against Defendant MPLGT for actual or statutory damages, and punitive damages and costs. Plaintiff reserves his right to amend this Complaint when Does become known to him.

**CAUSE III**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C.§1681**
**AS TO DEFENDANTS BARCLAYS, DISCOVER and LD**

47.     All above paragraphs are incorporated herein.

48.     Section 623(a) of the FCRA describes the duties of furnishers to provide accurate information to CRAs. Section 623(a)(1)(B) prohibits furnishers from providing information relating to a consumer to any CRA if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.

49.     Section 623(b)(1) of the FCRA requires furnishers of information to conduct an investigation when the furnisher receives a notice of dispute from a CRA in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C.

§1681i(a)(2). Defendants BARCLAYS, DISCOVER and LD are required, under the Fair Credit Reporting Act, to conduct the investigation and notify the consumer of the results within 30 days of the request. See Section 623a(8)(E) [15 U.S.C. §1681a(8)(E)]. Defendant BARCLAYS, DISCOVER and LD's responses were inadequate to comply with this requirement.

50.     Section 623(a)(3) of the FCRA concerns the reporting of information to consumer reporting agencies once the consumer has notified the furnisher that information is disputed. That section states that when a consumer disputes the completeness or accuracy of any information furnished to a consumer reporting agency, the information in question may not then be furnished without notice that it is disputed by the consumer. That provision addresses the furnisher's obligation only when the furnisher continues to report disputed information. The statute is silent on the matter of the furnisher ceasing to report information while it is investigating the dispute. It is thus the opinion of the Commission staff that a furnisher temporarily ceases to report disputed information while it investigates the matter, and then either (1) corrects the information if its investigation results in agreement with the consumer or (2) reports the item as disputed by the consumer where that is the result of the investigation, would comply with Section 623(a).[1]

51.     Under section 623(a)(3), after receiving a notice of dispute from a consumer, Furnishers are required to meet a disclosure requirement by providing a notice of dispute to the CRAs within a timely manner. However, Defendants BARCLAYS, DISCOVER and LD failed to meet this condition of disclosure by not

---

[1] https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-harvey-12-23-97

placing a "notice of dispute" on Plaintiff's account within the (30) day time period.

(See **Exhibit "A"** Credit Reports)

52.     On more than one occasion, Defendants BARCLAYS, DISCOVER and LD reported inaccurate derogatory information to one or more CRAs as defined by 15 U.S.C. §1681a. Due to the securitization process[2], Defendants BARCLAYS, DISCOVER and LD are not holders in due course, and therefore cannot have incurred a loss, and therefore reported inaccurate derogatory information, which is *fraud in the factum.*

53.     On more than one occasion, Plaintiff sent written requests to Defendants BARCLAYS, DISCOVER and LD, under the Fair Credit Reporting Act, disputing the information and demanding that Defendants BARCLAYS, DISCOVER and LD investigate the inaccuracies and derogatory information that it reported. (See **Exhibit "B"** Plaintiff's notice of dispute).

54. 15 U.S.C. §1681a (8)(E) states in relevant part:

**(E)Duty of person after receiving notice of dispute** After receiving a notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall—
**(i)**
conduct an investigation with respect to the disputed information;
**(ii)**
review all relevant information provided by the consumer with the notice;
**(iii)**
complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period under section 1681i(a)(1) of this title within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and
**(iv)**

---

[2] https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

if the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the person furnished the inaccurate information of that determination and provide to the agency any correction to that information that is necessary to make the information provided by the person accurate.

55.    Defendants BARCLAYS, DISCOVER and LD have continued to report inaccurate information, or failed to report true information, to the CRAs even after receiving notice of dispute from Plaintiff. The CRAs contacted Defendants BARCLAYS, DISCOVER and LD (Exhibit "A"), and Defendants BARCLAYS, DISCOVER and LD failed to report the dispute within 30 days. The inaccurate information that BARCLAYS reported, inter alia, was an amount due of $4,962 (Equifax); $4,962 (Experian); $4,921 (TransUnion). The inaccurate information that DISCOVER reported, inter alia, was an amount due of $30,289 (Equifax); $30,289 (Experian); $30,289 (TransUnion). The inaccurate information that LD reported, inter alia, was an amount due of $16,283 (TransUnion). The amount reported should be 0.00.

56.    Section 609(c)(2)(E) states: "a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified." However, since Plaintiff challenged Defendants to verify, and they did not, that means all financial institutions and credit reporting agencies concerned with Plaintiff's account are required to remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, according to the FCRA.

57.    FCRA in 15 U.S.C. 1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

(2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

58.     The definition of "account" clearly does not include an account such as a credit card open end credit account but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Defendants BARCLAYS, DISCOVER and LD here were attempting to collect on an alleged account with BARCLAYS and DISCOVER where Plaintiff never had any such accounts.

59.     As a direct and proximate result of Defendants BARCLAYS, DISCOVER and LD' conduct, Plaintiff has and will continue to suffer damages. Plaintiff seeks damages in the amount of $1,000 from each Defendant pursuant to 15 U.S.C. §1681o.

60.     Consumers can maintain a private action against furnishers of information under Section 1681s-2(b). See *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918 (N.D. Ill. 2000); *DiMezza v. First USA Bank, Inc.*, 103 F. Supp. 2d 1296 (D.N.M. 2000); *Campbell v. Baldwin*, 90 F. Supp. 2d 754 (E.D.Tex.2000).

## CAUSE IV
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681e(b) AS TO DEFENDANTS EQUIFAX, EXPERIAN and TRANS

61. All above paragraphs are incorporated herein.

62.     Defendants EQUIFAX, EXPERIAN and TRANS failed to adopt and follow "reasonable procedures" to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which they compiled, used and manipulated, in order to prepare consumer reports, credit scores, risk factor/denial codes and other economic and prediction data

1  evaluations.

2     63.    Defendants EQUIFAX, EXPERIAN and TRANS have continually

3  added, stored, maintained and disseminated personal and credit information, in

4
   consumer reports they each prepared and issued, about the Plaintiff which was
5
6  inaccurate, false, erroneous and misleading despite notice from the Plaintiff that

7  such information was inaccurate. Defendants EQUIFAX, EXPERIAN and TRANS

8  have failed and refused to report Plaintiff's disputes in its reports.

9     64.    Defendants EQUIFAX, EXPERIAN and TRANS have wilfully, or

10 alternatively, negligently, violated the FCRA, 15 U.S.C. §1681e(b), on multiple

11
   occasions.
12
      65.    The FCRA provides that whenever a CRA prepares a consumer credit
13
14 report, "it shall follow reasonable procedures to assure maximum possible accuracy

15 of the information concerning the individual about whom the report relates." FCRA,

16 15 U.S.C. §1681e(b). If a consumer's report contains an inaccuracy, the CRA who

17 generated the inaccurate report may be held liable only if it failed to follow

18 reasonable procedures. *Guimond, supra* at 1333. Generally, a jury should

19
   determine whether a CRA's procedures were reasonable and properly followed. *Id*.
20
21 Also, see *Bradshaw v. BACHOME LOANS SERVICES, LP, et al*., 3:10-438 (D.Or.

22 2011).

23    66.    To make out a prima facie violation under 1681e(b), a consumer must

24 present evidence tending to show that a CRA prepared a report containing

25 inaccurate information. *Guimond* (citing *Cahlin v. Gen. Motors Acceptance Corp.*,

26
   936 F.2d 1151, 1156 (11th Cir. 1991)).
27
      67.    These 3 Defendants and Plaintiff are in opposite to the accuracy of
28

16

Plaintiff's credit report. Plaintiff contends that the BARCLAYS and DISCOVER accounts were always inaccurately reported because there was not valid debt owed by Plaintiff. Plaintiff asserts that there is no account; if there is an account, it is invalid; and that if it is invalid, there is nothing owed to BARCLAYS and DISCOVER. Defendants EQUIFAX, EXPERIAN and TRANS respond that they accurately reported the BARCLAYS and DISCOVER accounts because of the investigation results. However, it cannot be concluded that Plaintiff's credit report was accurate as a matter of law. This Court will find that the account status is not dispositive and that a factual dispute exists regarding the accuracy of Plaintiff's report.

68.    Because the parties dispute whether these 3 Defendants implemented and followed reasonable procedures to assure maximum possible accuracy, this Court cannot dispose of this claim summarily.

69.    As a direct and proximate result of Defendants EQUIFAX, EXPERIAN and TRANS' conduct, Plaintiff has and will continue to suffer damages.

**CAUSE V**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681i(a)**
**AS TO DEFENDANTS EQUIFAX, EXPERIAN and TRANS**

70. All above paragraphs are incorporated herein.

71.    Plaintiff advised Defendants EQUIFAX, EXPERIAN and TRANS, through the furnishers and directly, on multiple occasions, of the false data and demanded that the data be removed from their consumer reports and data files.

72.    Defendants EQUIFAX, EXPERIAN and TRANS failed to properly investigate/reinvestigate Plaintiff's disputes and Defendants EQUIFAX, EXPERIAN and TRANS continued to prepare and publish false consumer reports.

73.    Defendants EQUIFAX, EXPERIAN and TRANS and furnishers

exchanged information about Plaintiff's disputes through their investigation/reinvestigation and CDV/ACDV/UDF/AUDF processes.

74.     Defendants EQUIFAX, EXPERIAN and TRANS and the furnishers were very aware of Plaintiff's disputes, as well as their inadequate and illegal investigation/reinvestigation, and the furnishers' responses to the numerous and varied contacts and their collective decision to leave disputes, false data as attributable to Plaintiff.

75.     Pursuant to 15 U.S.C. §1681i, a CRA must reasonably reinvestigate an item in a consumer's credit file once the consumer directly notifies the agency of a possible inaccuracy. 15 U.S.C. §1681i(a)(1)(A). This provision also requires a CRA to review and consider all relevant information submitted by the consumer, promptly provide the credit grantor of the disputed item with all relevant information regarding the dispute, and then promptly delete or modify the item based on the results of the reinvestigation. 15 U.S.C. §1681i(a)(2)(B); 15 U.S.C. §1681i(a)(4); 15 U.S.C. §1681i(a)(5)(A). To state a claim under 15 U.S.C. §1681i(a), Plaintiff must establish that: (1) his credit files contained inaccurate or incomplete information; (2) he notified the CRAs directly of the inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) CRAs failed to respond to the dispute; and (5) CRAs' failure to reinvestigate caused Plaintiff to suffer actual damages. *Thomas v. Trans Union, LLC*, 197 F.Supp.2d 1233, 1236 (D.Or. 2002) (citations omitted).

76.     Defendants EQUIFAX, EXPERIAN and TRANS failed to use reasonable procedures to investigate/reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

18

77.     These CRAs (EQUIFAX, EXPERIAN and TRANS) utilized an automated dispute system to verify the accuracy of Plaintiff's account.

78.     Many Courts have concluded that where a CRA is affirmatively on notice that information received from a creditor may be suspect, it is unreasonable as a matter of law for the agency to simply verify the creditor's information through the ACDV process without additional investigation. *Saenz v. Trans Union, LLC*, 621 F.Supp.2d 1074, 1083-84 (D.Or. 2007) (discussing cases); see also *Cushman*, 115 F.3d at 225 ("The 'grave responsibility' imposed by §1681i(a) must consist of something more than merely parroting information received from other sources."); *Apodaca v. Discover Fin. Servs.*, 417 F.Supp.2d 1220, 1230-31 (D.N.M. 2006) (noting that CRAs may not rely on automated procedures that make only superficial inquires once the consumer has notified it that the information is disputed); *Lambert v. Beneficial Mortg. Corp.*, No. 3:05-cv-05468-RBL, 2007 WL 1309542, at *4-5 (W.D. Wash. May 4, 2007) (finding a question of fact as to whether the ACDV sent by the CRA contained sufficient information to comply with its reinvestigation duties). After this Court reviews the ACDV obtained through discovery, it will not conclude that CRAs' reinvestigations were reasonable as a matter of law.

79.     Plaintiff has met his prima facie showing of inaccuracy. These CRAs (EQUIFAX, EXPERIAN and TRANS) do not dispute that Plaintiff sent letters to them notifying them of relevant, allegedly inaccurate information.

80.     Defendants EQUIFAX, EXPERIAN and TRANS failed to take necessary and reasonable steps to prevent further inaccuracies from entering Plaintiff's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Defendants EQUIFAX, EXPERIAN and TRANS and relayed for further use, reliance and

1 publication by their subscribers.

2     81.   Defendants EQUIFAX, EXPERIAN and TRANS failed to adopt and follow

3 reasonable procedures to assure the proper investigation/reinvestigation, accuracy,

4
5 deletion and/or suppression of false data appearing on Plaintiff's consumer reports and

6 as contained in their consumer reporting data-bank, as required by the FCRA.

7     82.   Defendants EQUIFAX, EXPERIAN and TRANS have wilfully, or

8 alternatively, negligently, violated the FCRA, 15 U.S.C. §1681i(a), on multiple

9 occasions.

10     83.   As a direct and proximate result of Defendants' conduct, Plaintiff has

11 and will continue to suffer damages.

12

13 **CAUSE VI**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),**
14 **15 U.S.C. §1681i(c)**
**AS TO DEFENDANTS EXPERIAN and TRANS**
15

16 84. All above paragraphs are incorporated herein.

17     85.   Defendants EXPERIAN and TRANS failed to employ reasonable

18 procedures to mark as disputed the various accounts contested by Plaintiff and

19 which appeared in Plaintiff's consumer credit files and reports and to notify third

20 parties, upon those inquiries, of the disputed nature of the account reporting.

21     86.   Defendants EXPERIAN and TRANS wilfully, or alternatively,

22 negligently, violated the FCRA, 15 U.S.C. §1681i(c).

23

24     87.   As a direct and proximate result of Defendants EXPERIAN and

25 TRANS' conduct, Plaintiff has and will continue to suffer damages.

26

27

28

1

## VI.    RELIEF SOUGHT

2

88.    This Court is authorized to immediately order all Defendants to

3

permanently remove all reference to the alleged debt.

4

## VII. PRAYER FOR DAMAGES

5

6

**WHEREFORE,** plaintiff prays that this Court enter a judgment for Plaintiff,

7

against Defendants by:

8

(a) Against Defendant BARCLAYS in the amount of $1,000;

9

(b) Against Defendant DISCOVER in the amount of $1,000;

10

11

(c) Against Defendant LD in the amount of $1,000;

12

(d) Against LD in the amount of $15,000;

13

(e) Against MPLGT in the amount of $106,500;

14

(f)  Against each Defendant in the amount of $5,000;

15

 (g) Award Plaintiff the costs of bringing this action, as well as other and additional

16

relief as the Court may determine to be just and proper. See *Guimond v. Trans Union*

17

*Credit Information Company*, 45 F.3d 1329 (9th Cir. 1995) (Even without pecuniary or

18

out-of-pocket loss, may recover actual damages for the mere injury to reputation or

19

creditworthiness caused by the delinquencies appearing on credit report.)  and *Gertz*

20

21

*v. Robert Welsh, Inc.*, 418 U.S. 323 (1974) *cf. Jorgeson v. TRW, Inc.*, C.A. No. 96-286

22

(D.Or. 1998)(emotional distress); *Valentine v. Equifax Information Servs, LLC, et al.*,

23

U.S.Dist Ct. (Or) Case No. 05-cv-0801-JO (emotional distress); *Acton v. Bank One*

24

*Corp.*, 293 F.Supp.2d 1092, 1101 (D.Ariz. 2003) citing *Zhang v. Am. Gem Seafoods,*

25

*Inc.*, 339 F.3d 1020 1040 (9th Cir. 2003); *Johnson v. Hale*, 13 F.3d 1351, 1352-53

26

27

(9th Cir. 1994) (objective evidence not a requirement for emotional distress). *Safeco*

28

21

1   *Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57 (2007) (punitive damages for willful failure to

2   comply with any requirement of the FCRA. 15 U.S.C. §1681n(1)).

3

4   (h) Where the issue of damages depends on whether a violation of the FCRA

5   occurred, the question of damages is generally reserved for the jury. *Cairns v. GMAC*

6   *Mortg. Corp.*, No. CIV 04-1840-PHX-SMM, 2007 WL 735564, *7 (D. Ariz. Mar, 5,

7   2007).

8

9                                **DEMAND FOR JURY TRIAL**

10          Plaintiffs hereby demands a trial by jury of all issues so triable as a matter of law.

11   Respectfully submitted this ___17th___ day of ___September___ , 2018

12

13

14   Anthony J. Hampton
15   6104 SW 28th St., Apt. A
     Topeka, KS 66614

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
**VERIFICATION**
3
STATE OF KANSAS
4
COUNTY OF SHAWNEE
5
    I have read the foregoing Complaint and know its contents.
6
    I am the Plaintiff, party to this action, and am authorized to make this verification.
7
The matters stated in the foregoing document are true and of my knowledge except as
8
to those matters which are stated on information and belief, and as to those matters I
9
believe them to be true.
10
    I declare under penalty of perjury under the laws of the State of Kansas that the
11
foregoing is true and correct.
12
13
Anthony J. Hampton, Plaintiff, In Pro Per
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

23

# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

ANTHONY J. HAMPTON,                    Plaintiff,          **CERTIFICATE OF
                                                           SERVICE FOR
                                                           SERVICE BY MAIL**

vs.                                                        Case No. 5:18-cv-04071-
                                                           DDC-KGS

BARCLAYS BANK DELAWARE, et al.,

                                        Defendant(s).

I hereby certify that on _September 17, 2018_ (mm/dd/yyyy), I caused the following documents:

**PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT**

*[Check the box, below, that applies to how you served the above documents.]*

☐ to be filed electronically with the Clerk of Court through ECF and/or

☑ that I caused a copy of the foregoing documents (and the notice of electronic filing, if filed electronically) to be mailed by first class mail, postage paid, to the following:

MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, LLP
9401 Indian Creek Pkwy
Building 40, Suite 1150
Overland Park, KS 66210
For Barclays Bank

HUSCH BLACKWELL LLP
4801 Main St, Suite 1000
Kansas City, Missouri 64112
For Discover Bank

SPENCER FANE, LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
For loanDepot.com, LLC

FOULSTON SIEFKIN, LLP
1551 N. Waterfront Pkwy, Suite 100
Wichita, KS 67206
For MPLGT

HORN, AYLWARD & BANDY, LLC
2600 Grand Blvd, Suite 1100
Kansas City, MO 64108
For Experian Information Solutions, Inc.

GUILLERMO, GABRIEL, ZOROGASTUN, POLSINELLI, PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
For Equifax, Inc. & Equifax Information Services, LLC

BAKER, STERCHI, COWDEN & RICE, LLC-OP
51 Corporate Woods
9393 W. 110th Street, Suite 500
Overland Park, KS 66210
For TransUnion, LLC

Date: 9-18-2018

s/ _____
**Signature of filing party**

_Anthony J. Hampton_____
Filer's Typed Name