

Anthony J. Hampton
6104 SW 26th Street Apt A
Topeka, KS 66614-8223

**To:** Anthony L. Hsieh/ Founder, Chairman & CEO
LOAN DEPOT, INC
26642 Towne Center
Foothill Ranch, CA 92610

March 20, 2018

**Registered Mail Number** _____

**RE: LOAN DEPOT  Account No.**

## NOTICE OF DISPUTE

**Dear Mr. Hsieh,**

Thank you for expecting payment for an alleged debt.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.**
Please verify under oath that this claim is valid, free from any claims and defenses
including but not limited to:  any breach of agreement, failure of consideration or
material alterations, and that the original lender provided value.  Further, that the
alleged account was transferred in good faith and by the consent of all parties
involved.

**After reasonable inquiry I have concluded that LOAN DEPOT PERSONAL LOANS
( hereinafter "LOAN DEPOT") is in breach of the alleged agreement.  The following
facts support my position in this matter:**

1.      LOAN DEPOT failed to disclose to the alleged consumer Anthony J. Hampton
        (hereinafter "consumer") that LOAN DEPOT used consumer's note, capital,
        funds, money or money equivalent to fund a note, check or similar instrument
        that was used to fund the charges on the alleged account, whereby LOAN
        DEPOT did **not** perform under the agreement and risked **nothing** of value. Full
        disclosures are required to validify **any** contract.

2.      LOAN DEPOT has **not** used any of their own capital, funds, money or money

1

equivalents to pay for any charges on the alleged account. I was very surprised to learn this fact.

3.  LOAN DEPOT received "something-for-nothing" by using the consumer's note(s) to fund charges to the loan account while retaining payments from consumer.

4.  When accounts are 90 days or more overdue, LOAN DEPOT receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

I want to receive absolute assurance from LOAN DEPOT that they did not breach the agreement.  In order to settle this matter, please sign or have an authorized officer sign the enclosed affidavit, confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition please furnish me with the following information:**

1.  A complete statement of Damages, including each and every loss that LOAN DEPOT incurred under the alleged agreement.

2.  A copy of any insurance claim having been made by LOAN DEPOT regarding this account.

3.  A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

4.  The name, address and telephone number of LOAN DEPOT's CPA auditor.

5.  Verification if this debt has been assigned or sold to a debt collector.

6.  If this debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.  If this debt has been sold to a debt collector, please provide the price for which it was sold.

If you cannot verify this debt by the above listed means, then what right do you have,

2

under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Are you committing mail fraud? That would be highly illegal, correct?

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** states: **"a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."**

The "cannot be verified" is the key phrase, as you can see. Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, according to the FCRA.

**You are required by federal law to furnish the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving this dispute letter.** I am maintaining a careful record of dates as well as time-stamped copies of my credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the disclosure within the required (30) day period.

Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be inaccurate or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action might constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act**. Due to this fact, if any negative mark is found or continues to report on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for the following: Violation of the **Fair Credit Reporting Act** and **Defamation of Character**.

I am sure your legal staff will agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2]**, putting your company in serious legal trouble with the FTC and other state or federal agencies. I am very serious!

All communications and omissions will be made part of and incorporated into any

3

litigation arising from this matter. Failure to verify and validate the debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and an absolute waiver of any right to collect the alleged debt. Furthermore all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

You must contact me in writing and request an extension in the event that you need more than thirty (30) days to verify and validate the debt. Failure to do so confirms that the time limit is reasonable.

**This notice also constitutes a Notice to Cease Telephonic Communications.** Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

### NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS. THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

**Sincerely,**

_____

**Signed without prejudice by Anthony J. Hampton**

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.

4

**Cc:**

1. **Equifax**
   **Attention: Paulino do Rego Barros Jr. / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

2. **Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

3. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

4. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

5

5. **Experian Disputes Office**
   P.O. Box 4500, Allen TX  75013

6. **TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

7. **TransUnion Consumer Solutions**
   P.O. Box 2000, Chester PA 19022-2000

8. **Consumer Financial Protection Bureau**
   **Attention: Enforcement Division**
   1700 G Street NW, Washington DC 20552

The undersigned affiant, being duly sworn, deposes and states:

1.      That I have the requisite knowledge of the facts regarding " LOAN DEPOT
Account Number LDP-9329589" including the personal loan agreement, account ledgers and
bookkeeping entries;

2.      That LOAN DEPOT does not follow Generally Accepted Accounting Principles
(GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from
the Borrower's signed receipts, promises to pay, notes, or other instruments;

3.      That LOAN DEPOT used its own money, money equivalent, credit or capital, or
that of other depositors, as adequate consideration to purchase the loan agreement and notes
from the Borrower;

4.      That LOAN DEPOT did not accept, receive or deposit any money, money
equivalent, note, credit or capital from the Borrower to fund a note, check or similar
instrument that was used to finance/fund the charges on the alleged account;

5.      That LOAN DEPOT incurred financial losses and has been damaged in the
amount of $16,529, and is attempting to collect a bona fide debt arising from services provided
and/or goods sold to the Borrower;

6.   When accounts are 90 days or more overdue, LOAN DEPOT does not receive a payoff of
the amount due from insurance, whose premiums were unknowingly funded by the so-called
"Borrower" .

7.   That all material facts and terms and conditions regarding the alleged account, have been
disclosed to the Borrower in the loan agreement and promissory note;

8.   That LOAN DEPOT is the holder in due course of all notes and that the notes were taken
for value, in good faith, and without any notice of claims or defenses, and that any transfer of
the account was made with the full knowledge and consent of all the parties; and

9.   That I have personal knowledge that the loan agreement and promissory notes were not
altered or forged in any way.


## ATTESTATION

**The facts stated above are true, correct and complete.**

**Signed by:**

Subscribed and Sworn before me this_____
Day of_____, 2_____ .

_____

The State of_____

County of_____

_____

**Print Name & Title**

_____

**Signature & Seal of Notary**

Anthony J. Hampton
6104 SW 26th Street Apt A
Topeka, KS 66614-8223

**To:** James E. Staley / CEO
BARCLAYS BANK DELAWARE
100 South West Street
Wilmington, DE 19801

March 21, 2018

**Registered Mail Number** _____

**RE: BARCLAYS BANK DELAWARE  Account No.**

## NOTICE OF DISPUTE

**Dear** Mr. Staley,

Thank you for your recent notification, expecting payment for an alleged debt.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.** Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to:  any breach of agreement, failure of consideration or material alterations, and that the original lender provided value.  Further, that the alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that BARCLAYS BANK DELAWARE ( hereinafter "BARCLAYS") is in breach of the alleged agreement.  The following facts support my position in this matter:**

1.      BARCLAYS failed to disclose to the alleged consumer Anthony J. Hampton (hereinafter "consumer") that BARCLAYS used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby BARCLAYSdid **not** perform under the agreement and risked **nothing** of value. Full disclosures are required to validify **any** contract.

2.      BARCLAYS has **not** used any of their own capital, funds, money or money

1

equivalents to pay for any charges on the alleged account. I was very surprised to learn this fact.

3.   BARCLAYS received "something-for-nothing" by using the consumer's note(s) to fund charges to the loan account while retaining payments from consumer.

4.   When accounts are 90 days or more overdue, BARCLAYS receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

I want to receive absolute assurance from BARCLAYS that they did not breach the agreement.  In order to settle this matter, please sign or have an authorized officer sign the enclosed affidavit, confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition please furnish me with the following information:**

1.   A complete statement of Damages, including each and every loss that BARCLAYS incurred under the alleged agreement.

2.   A copy of any insurance claim having been made by BARCLAYS regarding this account.

3.   A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

4.   The name, address and telephone number of BARCLAYS's CPA auditor.

5.   Verification if this debt has been assigned or sold to a debt collector.

6.   If this debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.   If this debt has been sold to a debt collector, please provide the price for which it was sold.

If you cannot verify this debt by the above listed means, then what right do you have,

2

under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Are you committing mail fraud? That would be highly illegal, correct?

It would be constructive for you to note that the FCRA (Fair Credit Reporting Act) **section 609(c)(2)(E)** states: **"a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."**

The "cannot be verified" is the key phrase, as you can see.  Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information.  It cannot be deemed "accurate" if it cannot be "verified".  If it cannot be verified, then it is required to be removed, according to the FCRA.

<u>**You are required by federal law to furnish the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving this dispute letter.**</u> I am maintaining a careful record of dates as well as time-stamped copies of my credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the disclosure within the required (30) day period.

Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be inaccurate or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action might constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act**. Due to this fact, if any negative mark is found or continues to report on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for the following: Violation of the **Fair Credit Reporting Act** and **Defamation of Character.**

I am sure your legal staff will agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2]**, putting your company in serious legal trouble with the FTC and other state or federal agencies. I am very serious!

All communications and omissions will be made part of and incorporated into any

3

litigation arising from this matter. Failure to verify and validate the debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and an absolute waiver of any right to collect the alleged debt. Furthermore all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

You must contact me in writing and request an extension in the event that you need more than thirty (30) days to verify and validate the debt. Failure to do so confirms that the time limit is reasonable.

**This notice also constitutes a Notice to Cease Telephonic Communications**. Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

### NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS. THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

**Sincerely,**

_____

**Signed without prejudice by Anthony J. Hampton**

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.

4

**Cc:**

1. **Equifax**
   **Attention: Paulino do Rego Barros Jr. / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

2. **Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

3. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

4. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

5

**5. Experian Disputes Office**
    P.O. Box 4500, Allen TX  75013

**6. TransUnion**
    **Attention: James M. Peck / CEO & President**
    555 W. Adams Street, Chicago IL 60661

**7. TransUnion Consumer Solutions**
    P.O. Box 2000, Chester PA 19022-2000

**8. Consumer Financial Protection Bureau**
    **Attention: Enforcement Division**
    1700 G Street NW, Washington DC 20552

AFFIDAVIT: VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1.      That I have the requisite knowledge of the facts regarding " BARCLAYS BANK Account Number 5058469000146198" including the personal loan agreement, account ledgers and bookkeeping entries;

2.      That BARCLAYS BANK does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Borrower's signed receipts, promises to pay, notes, or other instruments;

3.      That BARCLAYS BANK used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Borrower;

4.      That BARCLAYS BANK did not accept, receive or deposit any money, money equivalent, note, credit or capital from the Borrower to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5.      That BARCLAYS BANK incurred financial losses and has been damaged in the amount of $4,734, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Borrower;

6.  When accounts are 90 days or more overdue, BARCLAYS BANK does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "Borrower" .

7.  That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Borrower in the loan agreement and promissory note;

8.  That BARCLAYS BANK is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9.  That I have personal knowledge that the loan agreement and promissory notes were not altered or forged in any way.

## ATTESTATION

**The facts stated above are true, correct and complete.**

**Signed by:**                              Subscribed and Sworn before me this_____
                                            Day of_____, 2_____ .

_____               The State of_____

                                            County of_____
_____
**Print Name & Title**

                                            _____
                                            **Signature & Seal of Notary**

Anthony J. Hampton
6104 SW 26th Street Apt A
Topeka, KS 66614-8223

To: David Nelms,  CEO
DISCOVER FINANCIAL SERVICES
2500 LAKE COOK ROAD
BANNOCKBURN, IL. 60015

March 19, 2018

**Registered Mail Number** _____

RE: DISCOVER Account No.

## NOTICE OF DISPUTE

**Dear** Mr. Nelms,

Thank you for the statement of March 1, 2018 that your institution recently sent me, expecting payment for an alleged debt.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.** Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to:  any breach of agreement, failure of consideration or material alterations, and that the original lender provided value.  Further, that the alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that DISCOVER FINANCIAL SERVICES (hereinafter  "DISCOVER") is in breach of the alleged agreement.  The following facts support my position in this matter:**

1.    DISCOVER failed to disclose to the alleged consumer Anthony J. Hampton (hereinafter "consumer") that DISCOVER used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby DISCOVER did not perform under the agreement and risked nothing of value.

1

2.  DISCOVER has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account. I was very surprised to learn this fact.

3.  DISCOVER received "something-for-nothing" by using the consumer's note(s) to fund charges to the loan account while retaining payments from consumer.

4.  When accounts are 90 days or more overdue, DISCOVER receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

I want to receive absolute assurance from DISCOVER that they did not breach the agreement.  In order to settle this matter, please sign or have an authorized officer sign the enclosed affidavit, confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition please furnish me with the following information:**

1.  A complete statement of Damages, including each and every loss that DISCOVER incurred under the alleged agreement.

2.  A copy of any insurance claim having been made by DISCOVER regarding this account.

3.  A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

4.  The name, address and telephone number of DISCOVER's CPA auditor.

5.  Verification if this debt has been assigned or sold to a debt collector.

6.  If this debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.  If this debt has been sold to a debt collector, please provide the price for which it was sold.

If you cannot verify this debt by the above listed means, then what right do you have, under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Are you committing mail fraud? That would be highly illegal, correct?

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** states: "**a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified.**"

The "cannot be verified" is the key phrase, as you can see. Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, according to the FCRA.

**You are required by federal law to furnish the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving this dispute letter.** I am maintaining a careful record of dates as well as time-stamped copies of my credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the disclosure within the required (30) day period.

Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be inaccurate or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action might constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act.** Due to this fact, if any negative mark is found or continues to report on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for the following: Violation of the **Fair Credit Reporting Act** and **Defamation of Character.**

I am sure your legal staff will agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2],** putting your company in serious legal trouble with the FTC and other state or federal agencies. I am very serious!

3

All communications and omissions will be made part of and incorporated into any litigation arising from this matter.  Failure to verify and validate the debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and an absolute waiver of any right to collect the alleged debt. Furthermore all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

You must contact me in writing and request an extension in the event that you need more than thirty (30) days to verify and validate the debt.  Failure to do so confirms that the time limit is reasonable.

**This notice also constitutes a Notice to Cease Telephonic Communications.** Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

## NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS.  THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

Thank you very much and best regard.

Sincerely,

_____
**Signed without prejudice by**              Anthony J. Hampton

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including

4

documentation of any potential small claims action.

Cc:

1. **Equifax**
   **Attention: Paulino do Rego Barros Jr. / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

2. **Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

3. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

4. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**

5

955 American Lane, Schaumburg IL 60173

5. **Experian Disputes Office**
   P.O. Box 4500, Allen TX  75013

6. **TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

7. **TransUnion Consumer Solutions**
   P.O. Box 2000, Chester PA 19022-2000

8. **Consumer Financial Protection Bureau**
   **Attention: Enforcement Division**
   1700 G Street NW, Washington DC 20552

AFFIDAVIT:   VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1.        That I have the requisite knowledge of the facts regarding  " DISCOVER PERSONAL LOANS    Account Number 500001050733" including the personal loan agreement, account ledgers and bookkeeping entries;

2.        That DISCOVER PERSONAL LOANS  does not follow Generally Accepted Accounting Principles  (GAAP)  or the Federal Reserve Bank's policies and procedures, and did not create credits from the  Borrower's signed receipts, promises to pay, notes, or other instruments;

3.        That DISCOVER PERSONAL LOANS  used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the  Borrower;

4.        That DISCOVER PERSONAL LOANS  did not accept, receive or deposit any money, money equivalent, note, credit or capital from the  Borrower  to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5.        That DISCOVER PERSONAL LOANS  incurred financial losses and has been damaged in the amount of $29,131, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Borrower;

6.   When accounts are 90 days or more overdue,  DISCOVER PERSONAL LOANS  does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "Borrower" .

7.   That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Borrower in the loan agreement and promissory note;

8.   That  DISCOVER PERSONAL LOANS  is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9.   That I have personal knowledge that the loan agreement and promissory notes were not altered or forged in any way.

## ATTESTATION

The facts stated above are true, correct and complete.

Signed by:                                                    Subscribed and Sworn before me this_____
                                                                      Day of_____, 2_____ .

_____            The State of_____

                                                                      County of_____

_____
Print Name  &  Title

                                                                      _____
                                                                      Signature & Seal of Notary