## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTHONY J. HAMPTON,       )
                         )
         Plaintiff,      )
                         )
     v.               )       Case No. 18-4071-DDC
                         )
BARCLAYS BANK DELAWARE, *et al.*,  )
                         )
        Defendant.    )

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court upon Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 67); Defendant Marketplace Loan Grantor Trust, Series 2016-LD1's Motion to Strike First Amended Complaint (ECF No. 54); and Defendants Equifax Information Services LLC and Equifax Inc.'s Motion to Strike First Amended Verified Complaint, or in the Alternative, Motion to Dismiss Plaintiff's First Amended Verified Complaint (ECF No. 61). For the reasons stated below, the motion to amend is granted. Marketplace Loan Grantor Trust's motion to strike is denied as moot. Equifax Information Services LLC and Equifax Inc.'s motion is denied as to the request to strike plaintiff's amended complaint. The district judge will resolve the portion of the motion that seeks dismissal.

### I.      Background

Plaintiff Anthony J. Hampton, *pro se*, filed this case on July 13, 2018. The complaint asserts claims against Defendants Discover Bank, Marketplace Loan Grantor Trust (MLGT) for alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.* and claims against Defendants Barclays Bank Delaware, Discover Bank, Loan Depot, LLC, Equifax, Inc., Equifax Information Services, LLC, Experian Information Solutions, Inc., and TransUnion, LLC for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §

1681, *et seq.* Beginning on August 8, 2018, defendants began filing motions to dismiss, arguing that plaintiff lacked standing to assert certain claims or that plaintiff's complaint did not state a claim for relief, or both.[1] On September 17, 2018, plaintiff filed an amended complaint without leave of the court or consent of the opposing parties.[2] Defendants Barclays Bank Delaware and TransUnion, LLC filed answers.[3] MLGT moved to strike the amended complaint,[4] and Discover Bank and Loan Depot moved to dismiss.[5] The Equifax defendants moved to strike, or in the alternative, to dismiss.[6] To date, Experian Information Solutions, Inc. has not responded to the amended complaint.

On October 23, 2018, plaintiff filed a motion to amend, which essentially seeks belated permission to have filed his amended complaint. Plaintiff's amended complaint changes the name of Loan Depot, LLC to Loandepot.com, LLC. Multiple paragraphs clarify which claims plaintiff asserts against which defendant, and plaintiff adds two new paragraphs of factual allegations.

The motions to strike argue that the court should strike the amended complaint because plaintiff filed it without first obtaining leave of the court. Because plaintiff subsequently moved

---

[1] *See* Defs. Equifax Information Servs. LLC and Equifax Inc.'s Mot. to Dismiss and Brief in Supp., ECF No. 10; Def. Marketplace Loan Grantor Trust, Series 2016-LD1's Mot. to Dismiss, ECF No. 26; Def. Discover Bank's Mot. to Dismiss Pl.'s Compl., ECF No. 38; Def. Loandepot.com, LLC's Mot. to Dismiss, ECF No. 46.

[2] *See* First Am. Verified Compl., ECF No. 48.

[3] Def. Trans Union LLC's Ans. and Defenses to Pl.'s First Am. Compl., ECF No. 53; Def. Barclays Bank Delaware's Ans. and Affirmative Defenses to Pl.'s Am. Verified Compl. and Countercl., ECF No. 60.

[4] Def. Marketplace Loan Grantor Trust, Series 2016-LD1's Mot. to Strike First Am. Compl., ECT No. 54.

[5] Def. Discover Bank's Mot. to Dismiss Pl.'s First Am. Compl., ECF No. 56; Def. Loandepot.com, LLC's Mot. to Dismiss, ECF No. 58.

[6] Defs. Equifax Information Servs. LLC and Equifax Inc.'s Mot. to Strike First Am. Compl., or in the Alternative, Mot. to Dismiss Pl.'s First Am. Verified Compl. and Mem. in Supp., ECF No. 61.

for leave to amend, the court's analysis will focus on whether to grant leave to amend rather than whether the amended pleading should be stricken because it was filed without leave. The court recognizes that the *pro se* plaintiff cites Rule 15(c) as the basis for his motion. This subsection governs the relation back of amendments. Because the court must liberally construe *pro se* litigants' filings,[7] the court will analyze the motion as a motion to amend brought pursuant to Rule 15(a)(2) rather than a motion concerning the relation-back doctrine.

## II.     Discussion

When leave of the court is required to amend under Rule 15(a)(2), the court may refuse leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[8] "The court should freely give leave when justice so requires."[9] Defendant MLGT is the only defendant that opposes plaintiff's motion, and it does so on futility grounds, arguing that the motion to amend is futile for the same reasons outlined in MLGT's motion to dismiss plaintiff's complaint. As the party opposing the amendment, MLGT bears the burden of establishing its futility.[10]

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[11] Typically, the court analyzes the proposed pleading using the same standard as a

---

[7] See *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

[8] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Mackley v. Telecom Holdings, Inc.*, 296 F.R.D. 655, 660 (D. Kan. 2014).

[11] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)); *Duncan v. Manager Dep't of Safety, City & Cty. Of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

motion to dismiss under Fed. R. Civ. P. 12(b)(6).[12] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] The court accepts as true "all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff."[14] A formulaic recitation of elements does not satisfy the plausibility standard.[15] Rather, plaintiff must offer sufficient factual allegations to support each claim[16] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17] "While the 12(b)(6) standard does not require that [a plaintiff] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim."[18]

MLGT argues that plaintiff's proposed amended complaint is futile because it does not address the two issues raised in MLGT's motion to dismiss—that plaintiff lacks standing to assert claims against MLGT and that plaintiff's claims against MLGT fail to state a claim for which relief may be granted. In short, MLGT contends that plaintiff's claims are futile for the same reasons stated in MLGT's pending motion to dismiss.

---

[12] *Lane Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

[13] *Burnett v. Mort. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[14] *Burnett*, 706 F.3d at 1235.

[15] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (Sept. 1, 2011) (citing *Twombly*, 550 U.S. at 555).

[16] *Id.*

[17] *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[18] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

This court has previously addressed the argument that allowing an amended complaint would be futile because the amended pleading contains the same defects as the original pleading. In both cases, the court rejected this argument.[19] The court reasoned that "evaluating futility requires consideration of the proposed amendments, not claims previously pled."[20] Although "the court may take up a motion to dismiss and a motion to amend at the same time, effectively analyzing both a complaint and a proposed amendment, it serves no practical purpose to screen claims previously pled when the court is only ruling on a motion to amend."[21] This is because "in the event the court would deny the motion to amend, these claims would remain" as pled in the original complaint.[22]

This is the case here. Plaintiff's proposed amendments are mostly technical and do not involve new claims or new parties. Applying the same logic set forth above, MLGT has not demonstrated how the proposed amendments to plaintiff's complaint would render his claims futile. Because of this, plaintiff's motion to amend is granted. The court permits plaintiff's amended complaint (ECF No. 48). MLGT's motion to strike and the Equifax defendants' request to strike are denied as moot. MLGT and Experian have fourteen (14) days from the date of this order to answer or otherwise respond to plaintiff's amended complaint.

Accordingly,

---

[19] *See Hawkins v. Bd. of Cty. of Coffey Cty., Kan.*, No. 17-2687-KHV, 2018 WL 3416214, at *2-3 (D. Kan. July 13, 2018); *W&W Steel v. BSC Steel, Inc.*, No. 11-2613-RDR, 2012 WL 1828928, at *1 (D. Kan. May 18, 2012).

[20] *Hawkins*, 2018 WL 3416214 at *2.

[21] *Id.* (citing *W&W Steel*, 2012 WL 1828928, at *1) (observing that screening claims previously pled "would serve no practical purpose because in the event the court would deny the motion to amend, these claims would remain").

[22] *W&W Steel*, 2012 WL 1828928, at *1.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 67) is granted.

**IT IS FURTHER ORDERED** that Defendant Marketplace Loan Grantor Trust, Series 2016-LDI's Motion to Strike First Amended Complaint (ECF No. 54) is denied as moot.

**IT IS FURTHER ORDERED** that Defendants Equifax Information Services LLC and Equifax Inc.'s Motion to Strike First Amended Verified Complaint, or in the Alternative, Motion to Dismiss Plaintiff's First Amended Verified Complaint (ECF No. 61) is denied moot as to defendants' request to strike.

**IT IS FURTHER ORDERED** that MLGT and Experian have fourteen (14) days from the date of this order to answer or otherwise respond to plaintiff's amended complaint (ECF No. 48).

**IT IS SO ORDERED.**

Dated November 21, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
