IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY J. HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 18-4071-DDC |
| | ) |
| BARCLAYS BANK DELAWARE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the court on Defendant Discover Bank's Motion for a Protective Order (ECF No. 98). Plaintiff Anthony J. Hampton has not responded to the motion, and the time to do so has passed. Defendant Discover Bank ("Discover") seeks a protective order staying discovery pending a ruling on its motion to dismiss. The other defendants that have moved to dismiss also join in this motion, including Loandepot.com, Marketplace Loan Grantor Trust, Equifax Information Services, LLC, Equifax, Inc., and Experian Information Services (ECF Nos. 100, 101, 102, and 103). Defendant TransUnion LLC ("TransUnion") has not moved to dismiss, but TransUnion filed a motion for a protective order (ECF No. 104) that essentially joins in and incorporates Discover's motion for a protective order.[1]

For the reasons stated below, Discover's motion is granted insofar as discovery is stayed as to each defendant that has moved to dismiss until the earlier of (1) August 16, 2019, or (2) when

---

[1] In its discretion, the court declines to wait for Mr. Hampton's response to TransUnion's motion because TransUnion's motion relates to and incorporates a ripe motion, and the court largely denies the relief TransUnion seeks. Furthermore, the court is granting the portion of the motion to the extent that it applies equally to all defendants insofar as they need not respond to Mr. Hampton's discovery requests until further court order. The undersigned would have issued this directive regardless of whether TransUnion moved for a protective order.

the district judge rules on that particular defendant's motion to dismiss. The court denies TransUnion's request to stay discovery as to TransUnion because TransUnion has not filed a motion to dismiss. However, for clarity, the court grants all motions insofar as the court directs that defendants need not respond to plaintiff's discovery requests issued in violation of FED. R. CIV. P. 26(d)(1) until further court order.

## I.  BACKGROUND

Mr. Hampton, proceeding *pro se*, brings claims against multiple defendants for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Six defendants have moved to dismiss. Those include Discover, Loandepot.com, LLC, Marketplace Loan Grantor Trust, Equifax, Inc., Equifax Information Service, LLC and Experian Information Solutions, Inc. *See* Loandepot.com's Motion to Dismiss (ECF No. 58); Discover Bank's Renewed Motion to Dismiss (ECF No. 75); Marketplace Loan Grantor Trust's Motion to Dismiss (ECF No. 78); Equifax Information Services, LLC, and Equifax, Inc.'s Motion to Dismiss (ECF No. 83); and Experian Information Solution's Motion to Dismiss (ECF No. 87). These defendants request a stay of discovery pending rulings on their motions to dismiss. Defendants Barclays Bank of Delaware and TransUnion have not moved to dismiss. However, TransUnion also seeks a stay of discovery until the court decides the pending motions to dismiss.

Mr. Hampton began serving discovery requests on defendants in April and May 2019. *See* Certificates of Service (ECF Nos. 90-97). The court has not set a scheduling conference in this case, and the parties have not held a planning meeting pursuant to FED. R. CIV. P. 26(f).

## II.   STAY OF DISCOVERY AS TO DEFENDANTS THAT HAVE MOVED TO DISMISS

Discover Bank moves for a protective order pursuant to FED. R. CIV. P. 26(c), staying all discovery while defendants' motions to dismiss are pending. The other defendants that have moved to dismiss also join in this request. The court stays all discovery because: (1) Mr. Hampton has not responded to the motion, so it is now unopposed, and (2) because a stay is warranted on the merits. *See* D. KAN. RULE 7.4(b) (stating that a failure to timely respond to a motion means that "the court will consider and decide the motion as an uncontested motion," which usually results in the court granting "the motion without further notice").

The court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Nevertheless, the Tenth Circuit has cautioned that the right to proceed in court should not be disturbed absent compelling circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Generally, the court will not stay discovery pending a ruling on a dispositive motion except "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

In this case, judicial economy favors staying discovery as to the defendants that have moved to dismiss. Without deciding whether defendants will ultimately prevail on their motions to dismiss, the undersigned has reviewed the motions and it appears that at least some of the arguments may be meritorious, and therefore a ruling on those motions may simplify the case. Additionally, it does not seem that discovery would affect the resolution of the motions to dismiss, which largely involve questions of law, not questions of fact. *See Randle v. Hopson*, No. 12-CV-

3

2497-KHV-DJW, 2013 WL 120145, at *2 (D. Kan. Jan. 9, 2013) (reaching the same conclusion). As Discover also notes, the pending motions to dismiss are ripe for disposition, which makes it unlikely that Mr. Hampton's discovery requests were aimed at developing a factual basis to defend against these motions. Discovery on the broad issues of the complaint, particularly as to all defendants, would be burdensome at this point. At a minimum, the undersigned would expect the rulings on the motion to dismiss may clarify the claims and narrow the parties. This would put the parties in a better position to efficiently engage in discovery. For these reasons, the court finds that a brief stay of discovery is warranted as to defendants that have moved to dismiss.

### III.     STAY OF DISCOVERY AS TO OTHER DEFENDANTS

TransUnion joins in and adopts Discover's motion and memorandum in support of its request for a protective order staying discovery (ECF No. 104, at 2). However, Discover's motion—and the subsequent joinders—are premised on the fact that these defendants have moved to dismiss the claims asserted against them. TransUnion has not filed a motion to dismiss. So, the arguments Discover advances in its motion simply do not apply to TransUnion. Because TransUnion has failed to provide the court with any basis for staying discovery as to TransUnion, the court denies this aspect of TransUnion's motion.

### IV.     DISCOVERY ISSUED IN VIOLATION OF RULE 26(d)(1)

Rule 26(d)(1) governs the timing of discovery. The rule provides that parties may not engage in discovery before they have conducted their Rule 26(f) planning conference, except under certain circumstances that are not present in this case. Here, plaintiff issued discovery prior to the parties' Rule 26(f) planning conference in violation of Rule 26(d)(1). Because of this, defendants need not respond to Mr. Hampton's discovery requests unless and until the court orders otherwise.

The court will take up this issue again with respect to each of the named defendants at the time they appear for a scheduling conference.

## V.     CONCLUSION

The court stays discovery as to the claims asserted against Defendants Discover Bank, Loandepot.com, LLC, Marketplace Loan Grantor Trust, Equifax, Inc., Equifax Information Services, and LLC, Experian Information Solutions, Inc. until the earlier of (1) August 16, 2019, or (2) when the district judge rules on that particular defendant's motion to dismiss.  If the motions to dismiss are still pending on August 16, 2019, defendants may file a renewed motion to stay discovery to the extent that they seek to maintain the stay.

Defendants Barclays Bank Delaware, and TransUnion, LLC are not entitled to a stay of discovery on this record.  The court will enter a subsequent order setting a scheduling conference with Mr. Hampton, Barclays, and TransUnion.  None of the defendants are required to respond to Mr. Hampton's discovery requests issued in violation of Rule 26(d)(1) unless and until the court orders otherwise.

**IT IS THEREFORE ORDERED** that Defendant Discovery Bank's Motion for a Protective Order (ECF No. 98) is granted insofar as discovery is stayed, as set forth above, as to defendants that have moved to dismiss.  None of the defendants are required to respond to the discovery requests issued by Mr. Hampton in violation of Rule 26(d)(1) unless and until the court orders otherwise.

**IT IS FURTHER ORDERED** that TransUnion LLC's Motion for a Protective Order (ECF No. 104) is granted in part and denied in part. TransUnion's request for a stay of discovery is denied.  TransUnion's motion is granted insofar as TransUnion is not required to respond to Mr.

Hampton's discovery requests issued in violation of Rule 26(d)(1) unless and until the court orders otherwise.

**IT IS SO ORDERED.**

Dated June 19, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge