IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

ANTHONY J. HAMPTON,

        Plaintiff,

v.

BARCLAYS BANK DELAWARE,
DISCOVER BANK, LOAN DEPOT, LLC,     Civil Action No. 5:18-cv-04071-DDC-ADM
MARKETPLACE LOAN GRANTOR TRUST,
SERIES 2016 LD1, EQUIFAX INC.,
EQUIFAX INFORMATINO SERVICES, LLC,
EXPERIAN INFORAMTION SOLUTIONS,
INC., TRANSUNION, LLC, and DOES 1-10,

        Defendants.

**DEFENDANT TRANS UNION LLC'S MOTION FOR
JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT**

Defendant Trans Union LLC ("Trans Union"), by and through its attorneys of record,
hereby files this Motion for Judgment on the Pleadings and Memorandum in Support pursuant to
Fed. R. Civ. P. 12(c) and Local Rule 7.6.

## I.   SUMMARY

In his Amended Complaint, Plaintiff alleges that Trans Union violated the Fair Credit
Reporting Act ("FCRA") by reporting inaccurate information regarding three credit accounts
with Barclays Bank Delaware ("Barclays"), Discover Bank ("Discover"), and LoanDepo.com
("Loan Depo").  Dkt. 48, ¶¶27-31.   Plaintiff further alleged that he demanded "validation of an
alleged account" with Defendants Barclays and Discover.  Dkt. 48, ¶¶24-26.

Plaintiff alleges that Trans Union violated § 1681e(b) by reporting inaccurate information
regarding a Barclay's account, a Discover account, and a Loan Depo account.  Plaintiff also
alleges that Trans Union violated § 1681i(a) by falling to reasonable reinvestigate his disputes
regarding the two accounts.

The Court should dismiss Plaintiff's claims because Plaintiff fails to allege a factual inaccuracy in either his credit report or credit file. This is the threshold element to both Plaintiff's §§ 1681e(b) and 1681i claims, the absence of which is fatal to Plaintiff's Complaint. Instead of alleging a factual inaccuracy, Plaintiff alleges a legal issue based on the legal validity of a debt for two accounts.

## II.   APPLICABLE LEGAL STANDARD

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A rule 12(c) motion for judgment on the pleadings is evaluated under the same standards as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G.&Y.*, 971 F.2d 522, 528 (10th Cir. 1992). When considering a motion for judgment on the pleadings, the court generally applied the same standards applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1280 (D. Kan. 1997). When considering a motion to dismiss, the court accepts as true "all well-pleaded factual allegations in the complaint and the view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d

1199, 1102 (10th Cir. 2012).  "Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient."  *Burnett*, 706 F.3d at 1236 (quoting *Iqbal*, 556 U.S. at 678 (observing that a "pleading that offers 'legal conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'")).

### III.     ARGUMENTS AND AUTHORITIES

**A.  Plaintiff's Complaint Should be Dismissed Pursuant to 12(b)(c).**

Trans Union is a "consumer reporting agency" ("CRA"), as defined by the FCRA.  In compliance with § 1681e of the FCRA, Trans Union has in place and follows reasonable procedures to assure the maximum possible accuracy of the information contained in its credit reports.  The account-related information contained in Trans Union's credit reports is provided to Trans Union by reliable creditors, commonly called "data furnishers."  The data furnishers report credit information to Trans Union called "tradelines" that consist of credit account information, such as the account number, account status, balance information, and whether the account is open.  If information is disputed by a consumer, Trans Union conducts a reasonable reinvestigation of the disputed item to determine whether the disputed information is accurate.  Trans Union either verifies, updates, or removes the disputed information in compliance with § 1681i of the FCRA.

**1.  Plaintiff Must Plead a Factual Inaccuracy to State a Claim**

Plaintiff has asserted claims under 15 U.S.C. §§ 1681e(b) and 1681i of the FCRA. Dkt. 48, ¶¶61- 87.  The existence of a factual inaccuracy is an essential element of both Plaintiff's §§ 1681e(b) and 1681i claims.  *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991) ("…a consumer must present evidence tending to show that a credit agency prepared a report containing 'inaccurate' information.");  *Pinson v. Equifax Credit Information Services,*

*Inc.*, 2008 WL 906238 at *2 (N.D. Okla. March 31, 2008) ("A plaintiff pursing a cause of action under 15 U.S.C. § 1681e(b) must establish that the credit report was inaccurate). See also *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) ("In order to make out a prima facie violation under § 1681e(b) a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); *see also Kuehling v. Trans Union, LLC*, 137 F. App'x 904, 908 (7th Cir. 2005) ("Without evidence of some inaccuracy in the Trans Union report or reinvestigation, Kuehling cannot establish that Trans Union violated the FCRA – either § 1681e(b) or § 1681i(a)(1)(A)").

Section 1681e(b) requires Plaintiff to plead and prove that: (1) Trans Union published an inaccurate consumer report to a third party; (2) Trans Union failed to follow reasonable procedures to ensure the maximum possible accuracy of its reports; and (3) Trans Union's failure to follow reasonable procedures caused actual damages to the consumer. *See e.g.*, *Cassara v. DAC Services, Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002); *Pembroke v. Trans Union LLC*, 2017 WL 8897173 at *5 (D. Colo. October 27, 2017).

Section 1681i requires Plaintiff to plead and prove that: (1) his consumer file contains inaccurate or incomplete information; (2) Plaintiff notified Trans Union of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) Trans Union failed to respond or conduct a reasonable reinvestigation of the disputed item(s); and (5) Plaintiff sustained damages that were caused by Trans Union. *Wright v. Experian Information Solutions, Inc.*, 805 F. 3d 1232, 1242 (10th Cir. 2015) ("To prevail on a § 1681i(a) claim…plaintiffs must prove essentially the same elements as those for a § 1681e(b) claim); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) (Under § 1681i, a plaintiff "must make a 'prima facie showing of inaccurate reporting.'"); *Nagim v. Equifax Information Services, LLC*, 2011 WL 1755183 at *4

4

(D. Colo. February 8, 2011) (The burden shifts to plaintiff to determine that the information on plaintiff's credit report was inaccurate, incomplete, or unverifiable); *Lewis v. Midland Credit Management*; 2016 WL 4747414 at * 2 (W.D. Okla. September 12, 2018) (plaintiff must show an inaccuracy in a credit report).

### a.   Plaintiff Pled a Legal Question and not a Factual Inaccuracy

In the case at bar, all of Plaintiff's claims fail as he has pled a legal question as opposed to a factual inaccuracy.  It is well recognized that a consumer's dispute of the underlying legal validity of a credit item is not a dispute of the factual accuracy of information appearing on a consumer's credit file, and does not constitute a violation of the FCRA.  *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (finding that § 1681i claims for failure to reinvestigate "are not the proper vehicle for collaterally attacking the legal validity of consumer debts"); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67-68 (1st Cir. 2008) (affirming summary judgment for Trans Union because the plaintiff's true claim—that he did not owe money on a mortgage because it was fraudulent—"could [not] have been resolved by a reasonable reinvestigation conducted by [Trans Union]")[1]; *Savage v. Experian Info. Solutions, Inc.*, No. 2:06CV391DAK, 2006 U.S. Dist. LEXIS 87383, at *2 (D. Utah Oct. 23, 2006) (stating that it is well established that collateral attacks against the validity of a reported judgment cannot be the basis for a cause of action under the FCRA); *Johnson v. Trans Union, LLC*, 10 C 6960, 2012 U.S. Dist. LEXIS 38747, at *19 (N.D. Ill. Mar. 22, 2012) (finding that the plaintiff's real dispute regarding the legal validity of his child support obligations was with the child support agency,

---

[1] Trans Union has cited cases involving motions for summary judgment and although different standards apply to a motion for judgment on the pleadings, Trans Union believes the legal issues relied upon in those cases support arguments beyond the context of a motion for summary judgment.

and that FCRA litigation against CRAs was not the appropriate way to resolve the dispute); *Okocha v. Trans Union LLC*, 08-CV-3107, 2011 U.S. Dist. LEXIS 39998, at \*4 & 19 (E.D.N.Y. Mar. 31, 2011) (finding that whether plaintiff had a legal obligation to pay a debt when plaintiff claimed he did not agree to the terms of the agreement turned on questions of law that the defendant CRAs could not have possibly resolved through a reinvestigation); *Wickstrom v. Experian*, Case No. 1:09-cv-591, 2010 U.S. Dist. LEXIS 65477, at \*4-12 (W.D. Mich. July 1, 2010) (finding that whether plaintiff was personally liable for debts of business credit card was a legal issue that CRA was neither qualified nor obligated to resolve); *Jianqing Wu v. Trans Union*, No. AW-03-1290, 2006 U.S. Dist. LEXIS 96712, at \*27 (D. Md. May 2, 2006) (finding that CRAs are not required to mediate disputes between creditors and their clients).

In *Wright*, the Tenth Circuit noted, "[l]ike the consumers in *Carvlho* and *DeAndrade*, [plaintiff's] argument would require the CRAs to do more than a reasonable reinvestigation requires." 805 F. 3d 1232 at 1245.  The Tenth Circuit held that the CRAs were not required to determine the validity of a tax lien, and that the CRA's reinvestigation was reasonable under the FCRA and the CCCRA. *Id.* at 1244-45.  Accordingly, the FCRA does not require a CRA to determine the legal validity of a debt.

In this instance, Plaintiff alleges that he sent Defendants Barclays and Discovery disputes "demanding validation of an alleged account…"  Dkt. 48, ¶¶ 24-25.  Furthermore, Plaintiff alleges that "Plaintiff contends that the B[arclays] and D[iscover] accounts were always inaccurately reported because there was not a valid debt owed by Plaintiff. Plaintiff assets that there is no account if there is an account, it is invalid; and if it is invalid, there is nothing owed to B[arclays] or D[iscover]."  Dkt. 48, ¶ 67.  Because Plaintiff's dispute is based upon challenging the legal validity of the debt, Plaintiff has failed to raise a factual inaccuracy as required by the

FCRA.  Plaintiff's dispute would require Trans Union to resolve the legal issue raised by Plaintiff's collateral attack on the underlying debt, and fails to state a claim under the FCRA.

As the Ninth Circuit explained, "credit reporting agencies are not tribunals.  They simply collect and report information furnished by others."  *Carvalho*, 629 F. 3d at 891.  In affirming the lower court's granting of summary judgment in favor of the defendant consumer reporting agencies, the *Carvalho* court held that the plaintiff's dispute, which is factually similar to Plaintiff's dispute in this instance, " 'is a question for a court to resolve in a suit against the [creditor], not a job imposed upon consumer reporting agencies by the FCRA.'"  *Id.* at 892, citing to *DeAndrade*, 523 F. 3d at 68; *see also Wright v. Experian Info. Solutions, Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) ("A reasonable reinvestigation, however, does not require CRAs to resolve legal disputes about the validity of the underlying debts they report").

Trans Union is entitled to judgment on the pleadings—as in the authority cited above— because Plaintiff's Complaint is actually an impermissible collateral attack against the validity of debts, and cannot be the basis for a cause of action under the FCRA.

### 2.  Plaintiff Has Not Alleged Adequate Facts to Support his §1681e(b) Claim.

Plaintiff must allege facts supporting the essential elements of each of his claims. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-1247 (10th Cir. 2008).  As discussed above, § 1681e(b) requires Plaintiff to plead: (1) Trans Union published an inaccurate consumer report to a third party; (2) Trans Union failed to follow reasonable procedures to ensure the maximum possible accuracy of its reports; and (3) Trans Union's failure to follow reasonable procedures caused actual damages to the consumer.  *See e.g., Cassara*, 276 F.3d at 1217; *Cahlin*, 936 F.2d at 1156-60; *Pembroke*, 2017 WL 8897173 at *5.

### b. Plaintiff's § 1681e(b) Claim Fails without Inaccurate Credit Reports Provided to Third Parties.

For Plaintiff's § 1681e(b) claim, he must plead that Trans Union published a credit report to a third party containing an inaccuracy. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Cahlin*, 936 F.2d at 1156. "Absent an inaccuracy in a credit report that was *published to a third party*, no damages proximately caused by an FCRA violation would result." *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 750 (S.D. Tex. 2005) (adopted by 420 F. Supp. 2d 733 (S.D. Tex. 2006), aff'd 224 F. App'x 415 (5th Cir. 2007) (emphasis added)).

The vague and conclusory allegations contained in paragraphs 61 through 69 of the Complaint do not sufficiently set forth the necessary facts to support Plaintiff's § 1681e(b) claim. Merely alleging Trans Union "continually added, stored, maintained and disseminated personal and credit information, in consumer reports [Trans Union] prepared and issued" is inadequate to identify to whom the reports were provided, when they were provided, or how they were inaccurate. *See Thomas v. City of Galveston, Texas*, 800 F. Supp. 2d 826, 845 (S.D. Tex. 2011) (finding that "boilerplate recitations of the elements of claims" is not sufficient to state a claim); *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009).

### c. Plaintiff's Claimed Damages are Neither Recoverable Nor Adequately Plead.

Plaintiff's alleged damages are either not recoverable or not adequately plead. Plaintiff alleges that as a direct result of Defendants' conduct, "…Plaintiff has and will continue to suffer damages." Dkt, 48, ¶¶ 69, 83, 87. Plaintiff's vaguely asserted damages lack any factual support or explanation as to how his alleged damages are attributable to Trans Union.

Even if Plaintiff had such a claim, he failed to adequately plead it. The boilerplate allegations that Plaintiff has asserted fail to adequately set forth the required facts to support Plaintiff's claims of injuries and damages. *See Elsensohn v. St. Tammany Parish Sheriff's*

8

*Office*, 530 F. 3d 368, 372 (5th Cir. 2008) ("Factual allegations must be enough to raise a right to relief above the speculative level…") (quoting *Twombly*, 550 U.S. 544); *see also Novak v. Experian Info. Solutions, Inc.*, 728 F. Supp. 2d 617, 623 (N.D. Ill. 2011) (plaintiff failed to satisfy pleading requirement where he did not allege he suffered actual damages such as a credit denial or was subject to a higher interest rate). Actual loss or damage is a component of a claim for negligence under the FCRA. *Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 448 (5th Cir. 1988). Plaintiff's failure to plead facts in support of his damages should result in dismissal of her claims.

### 3.  Plaintiff's § 1681i Claim Should be Dismissed.

As discussed herein, § 1681i requires Plaintiff to plead that: (1) his consumer file contains inaccurate or incomplete information; (2) Plaintiff notified the Trans Union of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) Trans Union failed to respond or conduct a reasonable reinvestigation of the disputed items; and (5) Plaintiff sustained damages that were caused by Trans Union. *White*, 805 F. 3d at 124, *Carvalho*, 629 F.3d at 891; *Nagim*, 2011 WL 1755183, at *4; *Lewis,* 2016 WL 4747414, at *2. Plaintiff's claim fails, because Plaintiff has alleged a legal question and not a factual inaccuracy.

### i.   Plaintiff fails to state a claim for relief under § 1681i(a)(6).

In his Amended Complaint, Plaintiff further alleges that Trans Union did not provide "authentic evidence regarding the validity of the debt." Dkt. 48, ¶ 28. However, there is no requirement in the statute that a consumer reporting agency's reinvestigation results contain "authentic evidence regarding the validity of the debt," as alleged by Plaintiff. *See* 15 U.S.C. § 1681i(a)(6). Nowhere within the statute is there a requirement that Trans Union provide "authentic evidence regarding the validity of the debt." As a result, Plaintiff's claim under §1681(i) must fail, and judgment on the pleadings is appropriate.

3843170.1

### ii.    Plaintiff fails to state a claim for relief under § 1681i(c).

Plaintiff alleges that Trans Union "failed to employ reasonable procedures to mark as disputed the various accounts contested by Plaintiff…"  Dkt. 48, ¶85.  Under §1681i(c), "[w]henever a statement of dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency, shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof."  However, Plaintiff fails to provide any additional details in his allegations.  Specifically, Plaintiff does not state which accounts he is referring to, the dates he disputed the accounts, or when Plaintiff filed a statement of dispute with Trans Union.  Based upon Plaintiff's Complaint, the Court cannot draw a "reasonable inference" that Trans Union is liable under §1681i(c).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.)

### 4.   Plaintiff's Willfulness Claims Should be Dismissed.

Plaintiff alleged willful violations of the FCRA by Trans Union.  Dkt. 48, ¶¶ 64, 82.  Because Plaintiff's claims fail as no inaccuracy exists, it necessarily follows that his willfulness claims fail as well.  *See Messano v. Experian Info. Solutions, Inc.*, 251 F. Supp. 3d 1309, 1316 (N.D. Cal. May 8, 2017) (dismissing willfulness claim where plaintiff failed to plead inaccuracy).

Willfulness claims may be dismissed on a 12(b)(6) motion.[2]  *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1282-83 (11th Cir. 2017); *Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 791, 795-96,

---

[2] *See, Mock v. T.G.&Y.*, 971 F.2d 522, 528 (10th Cir. 1992) (A Rule 12(c) motion for judgment

Continued on following page

803-04 (7th Cir. 2010); *King v. MovieTickets.com, Inc.*, 555 F.Supp.2d 1339, 1342-43 (S.D. Fla. 2008); *Horsch v. Wells Fargo Home Mortgage,* 94 F.Supp.3d 665, 678 (E.D. Pa. 2015). "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 58-59 (2007). Plaintiff must allege (1) Trans Union had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) allege how Trans Union ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. *Id.* Plaintiff has unequivocally failed to do both.

Plaintiff must show Trans Union acted in a manner that made it highly probable that harm would follow. *Id.* at 69. Where the statutory text and authoritative guidance allow for more than one reasonable interpretation, a defendant that merely adopts one such interpretation cannot be found to have willfully violated the FCRA. *Id.* at 70 n.20. A CRA's interpretation of its obligations under the FCRA can be erroneous and not be considered willful. *Id.* at 69-70.

"An interpretation that favors the agency must be 'objectively unreasonable' under either the text of the Act or 'guidance from the court of appeals or Federal Trade Commission that might have warned [the agency] away from the view it took.'" *Vanaman v. Nationstar Mortg. LLC*, No. 2:15-cv-00906, 2017 WL 1097189, at *3 (D. Nev. Mar. 22, 2017) (citing *Levine v. World Fin. Network Nat'l Bank*, 554 F. 3d 1314, 1318 (11th Cir. 2009)). Further, neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's report alone, can amount to willful noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.*, No.

---

Continued from previous page

    on the pleadings is evaluated under the same standards as a Rule 12(b)(6) motion to dismiss).

11-30160-NMG, 2014 WL 9355893, at *12 (D. Mass. Jan. 24, 2014); *Hill v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 865, 869 (M.D.N.C. 2013); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007) (citation omitted); *Valvo v. Trans Union LLC*, No. 04-70S, 2005 WL 3618272, at *8 (D. R.I. Oct. 27, 2005).  Nor is a CRA's failure to identify inaccurate information after receiving a dispute enough to establish a willful violation of the FCRA. *Robertson v. Experian Info. Solutions*, No. 1:CV-09-0850, 2010 WL 1653579, at *5 (M.D. Pa. Apr. 22, 2010).

Here, Plaintiff has not alleged or asserted either required element of his willfulness claim. He has failed to allege Trans Union had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language.  He also failed to allege how Trans Union ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless.  Accordingly, Plaintiff's conclusory allegations of willfulness are insufficient and judgment on the pleadings is appropriate.

## IV.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Trans Union LLC respectfully requests that its Motion for Judgment on the Pleadings and Memorandum in Support be granted, and for such other and further relief, both general and specific, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Bryan E. Mouber*
BRYAN E. MOUBER #19710
mouber@bscr-law.com
JAMES S. KREAMER #14374
kreamer@bscr-law.com
BAKER, STERCHI, COWDEN & RICE LLC
51 Corporate Woods
9393 W 110th St, Suite 500
Overland Park, KS 66210

(913) 451-6752
(816) 472-0288 Fax
*Counsel for Trans Union LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Guillermo Gabriel Zorogastua
gzorogastua@polsinelli.com
Phillip J.R. Zeeck
pzeeck@polsinelli.com
Polsinelli PC
900 W. 48th St, Suite 900
Kansas City, MO 64112
(816) 374-0537
(816) 817-0294 Fax
*Counsel for Equifax, Inc. and Equifax*
*Information Services, LLC*
Benjamin Scott Tschudy
bstschudy@martinpringle.com
Kate Bohon McKinney
kbmckinney@martinpringle.com
Martin Pringle Oliver Wallace & Bauer, LLP
9401 Indian Creek Parkway, Building 40,
Suite 1150
Overland Park, KS 66210
(913) 491-5500
(913) 491-3341 Fax
*Counsel for Barclays Bank Delaware*

Andrea S. McMurtry
amcmurtry@hab-law.com
Danne W. Webb
dwebb@hab-law.com

Kirsten A. Byrd
kirsten.byrd@huschblackwell.com
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
(816) 983-8000 ext. 8384
(816) 983-8080 Fax
*Counsel for Discover Bank*

Michael C. Barnhill
mcbarnhill@michaelbest.com
Michael Best & Friedrich, LLP
2750 Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
(801) 833-0500
(801) 931-2500 Fax
and
Michael J. Norton
mnorton@foulston.com
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
(316) 291-9742
(866) 346-2031 Fax
*Counsel for Marketplace Loan Grantor Trust*

13

Horn, Aylward & Bandy LLC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
(816) 595-7714
(816) 421-0899 Fax
and
Jeffrey R. Zohn
jzohn@jonesday.com
Jones Day
77 W. Wacker Drive, Suite 3500
Chicago, IL 60601
(312) 269-4361
(312) 782-8585 Fax
**_Counsel for Experian Information
Solutions, Inc._**

Joshua C. Dickinson
jdickinson@spencerfane.com
Spencer Fanf LLP
13520 California Street, Suite 290
Omaha, NE 68154
(402) 965-8600
(402) 964-8601 Fax
and
Kersten L. Holzhueter
kholzhueter@spencerfane.com
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 292-8302
(816) 474-3216 Fax
**_Counsel for LoanDepot.com, LLC_**

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Participants in the manner indicated:

Anthony J. Hampton
6104 SW 26th Street, Apt. A
Topeka, KS  66614
**_Pro Se Plaintiff_**

_/s/ Bryan E. Mouber_
**BRYAN E. MOUBER**