# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY J. HAMPTON,

    Plaintiff,

    v.

BARCLAYS BANK DELAWARE, *ET AL.*,

    Defendants.

Case No. 18-4071-DDC-ADM

## SCHEDULING ORDER

On July 9, 2019, in accordance with Fed. R. Civ. P. 16, U.S. Magistrate Judge Angel D. Mitchell conducted a scheduling conference in this case as to plaintiff Anthony J. Hampton's claim against defendant Barclays Bank Delaware ("Barclays"). Mr. Hampton appeared pro se. Barclays appeared through counsel B. Scott Tschudy. Defendant TransUnion, LLC ("TransUnion") appeared through counsel Megan Stumps-Turner.[1] The remaining defendants were not required to appear given the stay as to plaintiff's claims against them. Nonetheless, defendant Discover Bank appeared through counsel Kristen A. Byrd; defendant Loandepot.com, LLC appeared through counsel Kersten L. Holzhueter; and defendant Marketplace Loan Grantor Trust appeared through counsel Michael C. Barnhill and Michael J. Norton. Defendants Equifax Inc. and Equifax Information Services, LLC did not appear. After consultation with Mr. Hampton and Barclays, the court enters this scheduling order only as to Mr. Hampton's claims against Barclays, summarized in the table that follows:

---

[1] The court orders Ms. Stumps-Turner to file an entry of appearance given her appearance at the scheduling conference on behalf of TransUnion, LLC.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | July 19, 2019 |
| Barclays' Rule 26(a)(1) disclosures due | July 19, 2019 |
| Mr. Hampton's Rule 26(a)(1) disclosures due | July 23, 2019 |
| Plaintiff's settlement proposal to Barclays | July 23, 2019 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | July 26, 2019 |
| Barclays settlement counter-proposal | August 6, 2019 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | August 20, 2019 |

1.     **Alternative Dispute Resolution (ADR).**

Mr. Hampton must submit a good-faith settlement proposal to Barclays by **July 23, 2019**. Barclays must make a good-faith counter-proposal by **August 6, 2019**. By **August 20, 2019**, unless the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by email to the undersigned U.S. Magistrate Judge at *ksd_mitchell_chambers@ksd.uscourts.gov* (but not the presiding U.S. District Judge). These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. These reports must not be filed with the Clerk's Office. The court will evaluate whether to order mediation after reviewing the parties' confidential settlement reports.

2.     **Discovery.**

a.     By **July 19, 2019**, Barclays will serve its initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1). Mr. Hampton shall serve his Fed. R. Civ. P. 26(a)(1) initial disclosures by **July 23, 2019**. Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.

b.     Mr. Hampton and Barclays agree that principles of comparative fault do not apply to this case.

c.     Mr. Hampton and Barclays agree that they will not use expert testimony.

**d.** Mr. Hampton and Barclays agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

**e.** Electronically stored information (ESI) in this case will be handled as follows:

> Barclays does not anticipate that this case will involve substantial ESI. Therefore, Barclays will produce any ESI, if at all, in multi-page .pdf format. Barclays further submits that the parties will meet-and-confer to decide upon a reasonably specific ESI protocol to the extent that discovery in this case elicits ESI.

**f.** Discovery in this case may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **July 19, 2019**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). A pre-approved form of protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **July 26, 2019**.

**g.** Mr. Hampton and Barclays consent to electronic service of disclosures and discovery requests and responses. *See* FED. R. CIV. P. 5(b) and D. KAN. RULES 5.4.2 and 26.3.

      **h.**     The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties are reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).  Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court must impose an appropriate sanction on the responsible attorney or party, or both; the sanction may include an order to pay the reasonable expenses, including attorney fees, caused by the violation.  Therefore, before the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court strongly suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354 (D. Md. 2008).

**3.**    **Motions.**

      **a.**     Barclays does not intend to file a motion to dismiss in this case.

      **b.**     During the scheduling conference, Barclays informed the court and Mr. Hampton that it plans to file an early summary judgment motion on or before **September 27, 2019**.  The court advised Mr. Hampton that it believed this should provide him with an adequate opportunity

to obtain whatever discovery he needs from Barclays and encouraged Mr. Hampton to obtain whatever discovery he needs from Barclays before then.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, *i.e.*, summary judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

**d.** If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties shall arrange a discovery conference with the undersigned magistrate judge *before* filing a disputed discovery-related motion. Parties may arrange a conference by emailing the undersigned's chambers at *ksd_mitchell_chambers@ksd.uscourts.gov* and providing a brief, nonargumentative explanation of the dispute and stating the approximate amount of time they believe they will need with the court to discuss the issue before filing the anticipated motion.

**e.** The undersigned understands that some judges in this District prefer that parties file a motion for an extension of time to file a motion to compel on or before the 30-day time period set forth in D. Kan. Rule 37.1(b) expires—*e.g.*, when the parties are continuing to meet and confer to resolve discovery issues. The undersigned has not and does not presently intend to adopt any such practice and any such categorical motions will therefore typically be denied. Motions to compel filed after the 30-day time period will not be denied as untimely solely because a party did

not file a motion for an extension of that deadline. The undersigned will, however, expect any party that files a motion to compel to comply with D. Kan. Rule 37.1(b) by setting forth their diligence in attempting to resolve the discovery dispute at issue.

**f.** To avoid filing unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* FED. R. CIV. P. 29; D. KAN. RULE 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning expert reports. *See* D. KAN. RULE 26.4(c).

**g.** The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4. Other Matters.**

**a.** This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's Pillars of Professionalism (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the Pillars of Professionalism and conduct themselves accordingly when litigating cases in this court. The Pillars of Professionalism are available on this court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

**b.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated July 9, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge