# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY J. HAMPTON,

    Plaintiff,

v.

BARCLAYS BANK DELAWARE, et al.,

    Defendants.

Case No. 18-4071-DDC-ADM

## MEMORANDUM & ORDER

Before the court is defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Dismiss for Failure to State a Claim and Joinder in Equifax's Motion to Dismiss (Doc. 87). Experian moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). But, Experian filed an Answer (Doc. 80) to plaintiff's Amended Complaint before moving for dismissal. And, the court cannot convert Experian's Motion to Dismiss into a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) because the pleadings are not closed. The court thus denies Experian's Motion to Dismiss for Failure to State a Claim and Joinder in Equifax's Motion to Dismiss (Doc. 87).

## I.     Procedural History

On July 13, 2018, plaintiff Anthony J. Hampton, proceeding pro se, initiated this action by filing his Complaint. Doc. 1. On August 15, 2018, Experian filed an Answer to the Complaint. Doc. 23. On September 17, 2018, Mr. Hampton filed a First Amended Complaint. Doc. 48. The First Amended Complaint named nine defendants: (1) Barclays Bank Delaware; (2) Discover Bank; (3) loanDepot.com, LLC; (4) Marketplace Loan Grantor Trust, Series 2016-LD1; (5) Equifax, Inc.; (6) Equifax Information Services, LLC; (7) Experian; (8) Transunion,

LLC; and (9) John Does 1-10. Five of the defendants, including Equifax Information Services, LLC, filed motions to dismiss under Federal Rule of Civil Procedure 12. Docs. 56, 58, 61, 78, 83. Pertinent to Experian's joinder request, Equifax Information Services, LLC sought dismissal under Rule 12(b)(6). Doc. 83 at 2–3. The other three defendants identified by name in the Complaint—Barclays Bank Delaware, Experian, and Transunion, LLC—filed Answers. Docs. 53, 60, 80. Experian filed its Answer on December 4, 2018. Doc. 80.

On February 11, 2019, before the court ruled on the Rule 12 motions, Experian filed its Motion to Dismiss for Failure to State a Claim and Joinder in Equifax's Motion to Dismiss. Doc. 87. In that motion, Experian moves for dismissal based on the factual and legal arguments raised by Equifax Information Services, LLC in the Motion to Dismiss filed at Document 83. Doc. 87 at 1–2.

## II.  Analysis

A procedural defect in Experian's motion prevents the court from reaching the merits of the motion. Rule 12(b) of the Federal Rules of Civil Procedure identifies several defenses that defendants may raise by motion. But, "[a] motion asserting any of these defenses *must be made before pleading* if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). Under "the plain language of Federal Rule of Civil Procedure 12(b), it is beyond dispute that a motion to dismiss brought pursuant to Rule 12(b)(6) is untimely when presented after the filing of an answer." *In re Rosales*, Bankr. No. 12-24965 MER, 2013 WL 1397449, at *2 (Bankr. D. Colo. Apr. 5, 2013) (quoting *Stevens v. Showalter*, 458 B.R. 852, 856 (D. Md. 2011)). Because Experian filed its Answer before it moved to join Equifax Information Services, LLC's motion, it cannot rely on Rule 12(b)(6) as a basis for relief.

Normally, when a "motion to dismiss is made after filing the answer, the motion should be treated as a motion for judgment on the pleadings under Rule 12(c)." *Five Star Automatic Fire Prot., LLC v. Nuclear Waste P'ship, LLC*, Civ. No. 14-622 JCH/GBW, 2016 WL 9447764, at *2 (D.N.M. May 13, 2016) (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002)). But, a party may seek dismissal under Rule 12(c) only "[a]fter the pleadings are closed—but early enough not to delay trial[]." Fed. R. Civ. P. 12(c). When a case involves multiple defendants, "[t]he pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of an answer." *Garvey v. Seterus, Inc.*, No. 5:16-cv-00209-RLV, 2017 WL 2722307, at *12 (W.D.N.C. June 23, 2017) (quoting *Nationwide Children's Hosp., Inc. v. D.W. Dickey & Son, Inc. Emp. Health & Welfare Plan*, No. 2:08-cv-1140, 2009 WL 5247486, at *1 (S.D. Ohio Dec. 31, 2009)). And, until all defendants have filed an answer, "a remedy under Rule 12(c) is not available."[1] *Scottsdale Ins. Co. v. Doe*, No. 7:13-CV-00342, 2014 WL 3778510, at *3 (W.D. Va. July 30, 2014); *see also Stands Over Bull v. Bureau of Indian Affairs*, 442 F. Supp. 360, 367 (D. Mont. 1977) ("When a[ny] defendant has failed to file an answer, a motion for judgment on the pleadings is not the correct procedural remedy." (citing *Gen. Motors Corp. v. Blevins*, 144 F. Supp. 381, 389 (D. Colo. 1956))).

Here, the five defendants who filed Rule 12(b) motions have not filed answers. The pleadings thus are not closed so, the court cannot convert Experian's Rule 12(b) Motion to Dismiss into a Rule 12(c) motion for judgment on the pleadings. The court must deny Experian

---

[1] A discretionary exception to the limitation imposed by Rule 12(c) exists where the plaintiff fails to serve all defendants. *See E. Coast Test Prep LLC v. Allnurses.com, Inc.*, Civil No. 15-3705 (JRT/JSM), 2016 WL 7383309, at *1 (D. Minn. Dec. 20, 2016) (noting that "[s]ome courts have exercised discretion to allow a motion for judgment on the pleadings before all defendants have answered . . . when a plaintiff fails to serve one of the defendants" because "a contrary reading of Rule 12(c) would mean that a plaintiff could forever preclude a 12(c) motion simply by naming and then not serving an additional defendant" (internal quotation marks omitted)). This exception does not apply here because several defendants who received service of process and filed Rule 12(b) motions have not filed answers.

relief because the Federal Rules of Civil Procedure do not permit Experian to seek dismissal for failure to state a claim given the case's present procedural posture.  But, because the court denies Experian's motion without reaching the merits of the motion, it denies the motion without prejudice to Experian filing a motion for judgment on the pleadings after all defendants either have filed answers or are dismissed from the action.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Experian's Motion to Dismiss for Failure to State a Claim and Joinder in Equifax's Motion to Dismiss (Doc. 87) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 31st day of July, 2019, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**