IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY J. HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 5:18-CV-04071-DDC-KGS |
| BARCLAYS BANK DELAWARE, *et al*., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT DISCOVER BANK'S MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION FOR PROTECTIVE ORDER

Defendant Discover Bank ("Discover") respectfully moves the Court pursuant to Fed. R. Civ. P. 26(c) for a protective order staying all discovery proceedings, including, but not limited to, any meet and confer under Rule 26(f), affirmative disclosures, or discovery requests, until the Court has ruled on Discover's motion to dismiss, the Court has set an initial scheduling conference, and the parties have conducted a Rule 26(f) conference.

Plaintiff filed this lawsuit on July 13, 2018. Doc. 1. After multiple defendants moved to dismiss for failure to state a claim (Docs. 10, 26, 38, 46), and without leave of Court, plaintiff filed a first amended complaint on September 17, 2018. Doc. 48.  Again, multiple defendants moved to dismiss or strike the first amended complaint. Docs. 54, 56, 58, 61. On October 23, 2018, plaintiff sought leave with regard to his already-filed first amended complaint. Doc. 67. On November 21, 2018, the Court permitted plaintiff's first amended complaint. Doc. 73. Again, several defendants moved to dismiss for failure to state a claim. Docs. 75, 78, 83, 87.

On April 30, 2019, Plaintiff served on Discover discovery requests by U.S. mail (Docs. 91), even though the Court had not issued an order setting an initial scheduling conference or otherwise ordered the parties to confer under Rule 26(f). Without leave of Court to conduct early

discovery, Plaintiff was the first party to serve discovery in this case. Since numerous motions to dismiss were pending and Plaintiff's discovery requests were premature, Discover and the other defendants moved for a protective order staying discovery. Docs. 98-103. The Court granted that motion on June 19, 2019, and entered a stay until August 16, 2019, at which time Discover could renew its motion to stay discovery if its motion to dismiss was still pending. Doc. 105.

The Court has not had an opportunity to resolve Discover's motion to dismiss. During the stay period, the Court held a scheduling conference on July 9, 2019. Doc. 108. However, because of the stay, Discover was not required to appear at the scheduling conference.[1] *Id.* The Court ultimately entered a scheduling order that day *but only* as to Plaintiff and Barclays Bank Delaware. Doc. 111. Thus, similarly to the context in which Discover filed its initial motion for stay, the Court has not held a scheduling conference for the purpose of setting deadlines related to Discover or ordered Discover to confer with the other parties under Rule 26(f).

Plaintiff's discovery requests are premature under Fed. R. Civ. P. 26(d)(1), and the Court should enter an order staying all discovery proceedings pending its ruling on the motions to dismiss. Fed. R. Civ. P. 26(c)(1) provides a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." "The decision whether to stay discovery rests in the sound discretion of the court and is generally a case-by-case determination." *Wedel v. Craig*, No. 10-1134-EFM, 2010 WL 2545974, at *2 (D. Kan. June 22, 2010). Rule 26(d)(1) allows a party to obtain early discovery through court order upon a showing of good cause. *See Gilpatrick v. Harper Co., Kansas*, No. 18-1245-JWB-KGG, 2019 WL 184102, at *2 (D. Kan. Jan. 14, 2019). However, Plaintiff did not request nor was he granted permission from the Court to obtain early discovery.

---

[1] Counsel for Discover did in fact appear at the initial scheduling conference, but did not participate in setting any deadlines related to Discover. Doc. 111.

DocID: 4843-4551-6705.1                                        2

In light of the multiple motions to dismiss, discovery is not in the interest of judicial economy. While there is a general policy not to stay discovery when dispositive motions are pending, it is appropriate to stay discovery when "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

All of these factors apply here.  Discover and other defendants have moved to dismiss the first amended complaint for failure to state a claim. If granted, this would result in complete dismissal of all claims against Discover. Staying discovery would not result in plaintiff suffering any prejudice because discovery is not needed for plaintiff to develop a factual basis to defend against Discover's motion, as he has already filed his brief opposing the motion. *See Lyle v. Commodity Credit Corp.*, No. 93-1257-FGT, 1993 WL 566204, at *1 (D. Kan. Dec. 21, 1993). Because a favorable ruling would conclude plaintiff's cause of action against Discover and a stay of discovery would not prejudice Plaintiff, requiring Discover to exert time and resources to respond to the pending discovery requests would be wasteful and burdensome.

WHEREFORE, Discover requests the Court enter a protective order staying all discovery proceedings, including, but not limited to, any meet and confer under Rule 26(f), affirmative disclosures, or discovery requests, until the Court has ruled on the motion to dismiss, the Court has set an initial scheduling conference, and the parties have conducted a Rule 26(f) conference.

Respectfully submitted,

*/s/ Kirsten A. Byrd*
Kirsten A. Byrd    KS # 19602
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone (816) 983-8300
Facsimile (816) 983-8080
kirsten.byrd@huschblackwell.com

*Attorneys for Defendant Discover Bank*

**Certificate of Service**

This undersigned certifies that on August 16, 2019, the foregoing was filed with the Clerk of the Court by using the court's e-filing system, causing electronic service on all counsel of record.

Plaintiff Anthony J. Hampton was served the foregoing by United States mail at:

Anthony J. Hampton
6104 SW 26th Street, Apt. A
Topeka, KS 66614

*/s/ Kirsten A. Byrd*
ATTORNEY