**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ANTHONY J. HAMPTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BARCLAYS BANK DELAWARE, et al.,**<br><br>**Defendants.** | **Case No. 18-4071-DDC-ADM** |

**MEMORANDUM AND ORDER**

Pro se plaintiff[1] Anthony J. Hampton brings this action against eight named defendants, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C § 1681–1681x, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. This matter comes before the court on several motions filed by some of the defendants: (1) defendant Discover Bank's Motions to Dismiss (Docs. 56 & 75), (2) defendant loanDepot.com LLC's Motion to Dismiss (Doc. 58), (3) defendant Equifax Information Services, LLC and Equifax Inc.'s Motions to Dismiss (Docs. 61 & 83), (4) defendant Marketplace Loan Grantor Trust's Motion to Dismiss (Doc. 78), and (5) defendant Trans Union LLC's Motion for Judgment on the Pleadings (Doc. 107).

For reasons explained below, the court denies defendant Equifax Information Services, LLC and Equifax Inc.'s Motions to Dismiss. Also, the court denies the remaining motions but

---

1 Because plaintiff proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

without prejudice to defendants reasserting their dismissal arguments directed at an amended pleading. Also, the court grants plaintiff leave to file a Second Amended Complaint—one that cures the pleading defects that the court identifies below. **Plaintiff must file his Second Amended Complaint within 20 days of the date of this Order.**

## I. Factual Background

The following facts come from plaintiff's First Amended Complaint (Doc. 48).[2] The court accepts these facts as true and views them in the light most favorable to plaintiff. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) ("We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiffs]." (citation and internal quotation marks omitted)).

On March 20, 2018, plaintiff sent a demand to defendants loanDepot.com ("LD") and Marketplace Loan Grantor Trust, Series 2016-LD1 ("Marketplace"). Plaintiff demanded that defendants LD and Marketplace not call him. But, between March 21 through May 22, 2018, plaintiff received 71 calls on his cell phone from Marketplace, using an automatic telephone dialing system or artificial or prerecorded voices. Without plaintiff's permission, Marketplace called plaintiff and left recorded messages. Also, between March 24 and April 19, 2018, plaintiff received 10 calls on his cell phone from LD and Marketplace, using an automatic telephone dialing system or artificial or prerecorded voices.

On March 19, 2018, plaintiff sent defendant Discover Bank ("Discover") a "Notice of Dispute." This Notice demanded validation of an alleged account (0773). On March 20, 2018, plaintiff sent defendant LD a "Notice of Dispute. This Notice demanded validation of an alleged account (9589). On March 21, 2018, plaintiff sent defendant Barclays Bank Delaware

[2] Plaintiff's First Amended Complaint (Doc. 48) is currently the operative pleading in the case. For ease, the court refers to this pleading as the "Complaint" in this Order.

("Barclays") a "Notice of Dispute." This Notice demanded validation of an alleged account (6198).

On March 20, 2018, plaintiff sent defendants Equifax, Inc. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") Notices of Disputes of the Discover, LD, and Barclays's accounts. Plaintiff disputes the accuracy of the information that Discover, LD, and Barclays have reported to the consumer reporting agencies ("CRAs"). Discover, LD, and Barclays never have provided notice of the disputed matters to the CRAs.

Plaintiff never has received "authentic evidence regarding the validity of the debt." Doc. 48 at 8 (Am. Compl. ¶ 28). The CRAs contacted Barclays, Discover, and LD, and asked for a reinvestigation of the alleged debt. Equifax, Experian, and Trans Union have failed to report plaintiff's dispute about the alleged debts.

Based on these alleged facts, plaintiff asserts that defendants LD and Marketplace have violated the TCPA (Counts I and II). Also, plaintiff asserts that defendants Barclays, Discover, LD, Equifax, Experian, and Trans Union have violated one or more provisions of the FCRA (Counts III, IV, V, & VI).

## II. Legal Standard

Some defendants seek dismissal of plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because, they contend, the Complaint fails to allege that plaintiff sustained a concrete injury sufficient to confer standing. Other defendants ask the court to dismiss plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) because, they contend, it fails to state a plausible claim for relief against them. The court recites the legal standard for a Rule

12(b)(1) dismissal for lack of subject matter jurisdiction and a Rule 12(b)(6) dismissal for failure to state a claim in the following subsections.

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where diversity of citizenship exists. 28 U.S.C. §§ 1331–32. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Generally, a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). "First, a facial attack on the complaint's allegations [of] subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

"Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* at 1003. "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." *Id.* "A court has wide discretion to allow affidavits, other documents, and [to conduct] a limited evidentiary hearing to resolve disputed jurisdictional facts

under Rule 12(b)(1)."  *Id.* (internal citations omitted); *Los Alamos Study Grp. v. United States Dep't of Energy*, 692 F.3d 1057, 1063–64 (10th Cir. 2012).

**B. Motion to Dismiss for Failure to State a Claim**

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume that the factual allegations in the complaint are true. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

For a complaint to survive a motion to dismiss under Rule 12(b)(6), the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

**III. Defendant Discover Bank's Motions to Dismiss (Docs. 56 & 75)**

Plaintiff's Complaint asserts one claim against defendant Discover, claiming Discover violated the FCRA under 15 U.S.C. § 1681 (Count III). Congress "enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Among other things, the FCRA imposes various obligations on "furnishers" who provide financial and credit information to CRAs. *See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010); 15 U.S.C. § 1681s-2. Discover argues that plaintiff's FCRA claim against it fails to state a claim for two reasons.

*First*, Discover asserts that plaintiff cannot assert a claim under the FCRA based on his allegations that Discover provided inaccurate information to CRAs. Discover correctly argues that the FCRA's requirement in § 1681s-2(a) that a furnisher provide accurate information to CRAs does not create a private cause of action for a consumer to assert against a furnisher of credit information. *See Chiang*, 595 F.3d at 35 (noting that only § 1681s-2(b), but not § 1681s-2(a), confers a private right of action); *see also Tilley v. Global Payments, Inc.*, 603 F. Supp. 2d 1314, 1322 (D. Kan. 2009) ("Significantly, Congress did not create a private right of action for violations of § 1681s-2(a). These duties can only be enforced by governmental agencies and officials."). Thus, none of plaintiff's allegations that Discover provided inaccurate information to CRAs states a claim under the FCRA.

*Second*, Discover recognizes that plaintiff may assert a private right of action for violating the FCRA's § 1681s-2(b) requirements. *Chiang*, 595 F.3d at 36; *Tilley*, 603 F. Supp. 2d at 1322. But, Discover asserts, plaintiff's Complaint fails to allege facts capable of supporting a plausible inference that Discover violated this section of the FCRA.

More specifically, § 1681s-2(b)(1) of the FCRA imposes certain requirements on a furnisher of information "who has received notice of a dispute *from a CRA*." *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013) (emphasis added). This provision requires the furnisher to:

> (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.

*Id.* at 1179–80 (10th Cir. 2013) (quoting *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009)); *see also* 15 U.S.C. § 1681s-2(b)(1)(A)–(E).

Here, plaintiff asserts that he notified Discover of his dispute. *See, e.g.*, Doc. 48 at 7, 13 (Am. Compl. ¶¶ 25, 53). But, as Discover correctly argues, notice from a consumer does not trigger a furnisher's duties under the FCRA. *See Willis v. Capital One Corp.*, 611 F. App'x 500, 502 (10th Cir. 2015) ("The furnisher's duty to investigate arises only after a CRA notifies the furnisher of a dispute and, conversely, does not arise when notice is provided directly from a consumer." (citation and internal quotation marks omitted)); *see also Chiang*, 595 F.3d at 35 n.8 ("A notice of disputed information provided directly by the consumer to a furnisher does not trigger a furnisher's duties under § 1681s–2(b)."). Instead, to trigger a furnisher's duty to investigate under the FCRA, a CRA must notify the furnisher of the dispute. *Willis*, 611 F.

App'x at 502. So, none of plaintiff's allegations about notifying Discover of his dispute state a claim for relief under the FCRA.

But, plaintiff's Complaint also alleges that unidentified "CRAs contacted . . . DISCOVER . . . requesting reinvestigation of the alleged debt." Doc. 48 at 8 (Am. Compl. ¶ 29). But that's it. Plaintiff doesn't allege anything about whether Discover failed to investigate the disputed information or whether it failed to report the results of an investigation to the CRA. Without allegations of that kind, plaintiff has failed to state a plausible claim against Discover for FCRA violations.

Plaintiff's Opposition to Discover's Motion to Dismiss asserts that plaintiff has pleaded facts supporting a FCRA violation in paragraphs 49, 51, and 55 of the Complaint. The court disagrees. Paragraph 49 alleges that Discover provided inadequate responses *to him* about the dispute. Doc. 48 at 12 (Am. Compl. ¶ 49). But the FCRA does not require Discover to respond to the consumer; instead, the furnisher must report the results of its investigation to the CRA. *See Chiang*, 595 F.3d 26 ("Although a furnisher may choose to contact a consumer directly about a dispute reported to the furnisher by a CRA, requiring a furnisher to automatically contact every consumer who disputes a debt would be terribly inefficient and such action *is not mandated by the FCRA*." (citation and internal quotation marks omitted) (emphasis added)).

Paragraph 51 alleges that Discover failed to place a notice of dispute on plaintiff's account after receiving plaintiff's notice. Doc. 48 at 13 (Am. Compl. ¶ 51). But, as discussed, plaintiff's notice couldn't trigger Discover's obligations under the FCRA—only notice from a CRA will trigger the duties. *Willis*, 611 F. App'x at 502. Finally, paragraph 55 accuses Discover of providing inaccurate information to the CRAs. Doc. 48 at 14 (Am. Compl. ¶ 55). But it never alleges whether Discover failed to investigate the dispute after it received notice

from a CRA or whether Discover failed to report the results of its investigation to the CRA. Because plaintiff's Complaint fails to allege those facts, it doesn't state a plausible FCRA claim against Discover.

For this reason, Discover asks the court to dismiss plaintiff's claims against it under Rule 12(b)(6). But, the court recognizes that plaintiff—who proceeds pro se—possibly could overcome his pleading deficiencies by amending his claims to provide sufficient factual detail to state a plausible FCRA claim under Rule 8. So, the court will give him an opportunity to file an amended complaint. *See, e.g.*, *Collier v. AT&T, Inc.*, No. 17-2341-JAR-GLR, 2017 WL 4284868, at *5 (D. Kan. Sept. 27, 2017) (explaining that a pro se litigant bringing suit in forma pauperis is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect). **If plaintiff properly can plead allegations to state a plausible FCRA claim against Discover, the court directs plaintiff to file an amended complaint providing such factual allegations within 20 days of the date of this Order.**

## IV. Defendant loanDepot.com LLC's Motion to Dismiss (Doc. 58)

Plaintiff asserts two claims against defendant LD: (1) a TCPA claim in Count I, and (2) a FCRA claim in Count III. LD moves to dismiss both claims.

### A. TCPA Claim

LD asserts that plaintiff's TCPA claim fails to state a claim for relief because the Complaint fails to plead facts capable of supporting a plausible finding or inference that LD used an automatic telephone dialing system ("ATDS") when placing calls to him. The TCPA prohibits calls to any telephone number assigned to a cellular telephone service using an "automatic telephone dialing system" or "an artificial or prerecorded voice," unless the call is

made for emergency purposes or with the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A). The TCPA defines an ATDS as "equipment that has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* at § 227(a)(1).

Thus, to state a plausible claim for violating the TCPA, plaintiff must allege: (1) LD called plaintiff's cellular telephone; (2) using an ATDS; (3) without plaintiff's prior consent. *Lee v. loanDepot.com, LLC*, No. 14-1084-EFM, 2017 WL 590263, at *2 (D. Kan. Feb. 14, 2017) (first citing 47 U.S.C. § 227(b)(1); then citing *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)).

LD argues that plaintiff's Complaint pleads only conclusory allegations that LD called his cellular telephone using an ATDS. Doc. 48 at 7, 9 (Am. Compl. ¶¶ 23, 36). And, LD contends, plaintiff's Complaint contains no facts capable of supporting a plausible finding or inference that LD used equipment with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator," as the statute requires. 47 U.S.C. § 227(a)(1)(A).

As LD correctly argues, many courts have held that "a bare allegation that [d]efendant used an ATDS is not enough" to state a TCPA claim sufficient to survive Rule 12(b)(6) dismissal. *Hill v. USAA Savings Bank*, No. CIV-18-803-SLP, 2019 WL 3082471, at *5 (W.D. Okla. July 15, 2019); *see also Mesa v. Am. Express Educ. Assurance Co.*, No. 16-CV-24447-HUCK, 2017 WL 2212147, at *5 (S.D. Fla. May 18, 2017); *Weaver v. Wells Fargo Bank N.A.*, No. 8:15-cv-1247-T-23TGW, 2015 WL 4730572, at *3 (M.D. Fla. Aug. 10, 2015); *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2002). Instead, courts have held that, to state a plausible TCPA claim, a plaintiff must explain the circumstances

suggesting defendant used an ATDS. *See id.* A plaintiff can satisfy this pleading standard by "detail[ing] whether there was a pause upon his answering the call, the content of the pre-recorded messages [he received] (*i.e.* were they identical messages?), or any other fact that would support his conclusory allegation that he received calls from an automatic telephone dialing system." *Padilla v. Whetstone Partners, LLC*, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014); *see also Mesa*, 2017 WL 2212147, at *5 (explaining that, to state a plausible TCPA claim, a plaintiff can "rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an [ATDS] was used." (citations and internal quotation marks omitted)).

Plaintiff's Opposition doesn't respond to LD's argument that the Complaint's fails to plead facts showing LD violated the TCPA by using an ATDS. And plaintiff doesn't cite any facts from the Complaint that plausibly allege LD used an ATDS. The Complaint asserts that plaintiff received 10 calls from LD between March 24, 2018 and April 19, 2018. Doc. 48 at 7 (Am. Compl. ¶ 23). The Complaint makes the conclusory allegation that LD used an ATDS when it made these calls. *Id.* at 9 (Am. Compl. ¶ 36). Also, the Complaint alleges that the calls plaintiff received "were in the nature of a mechanical sounding device that dialed the cellular number" and that "[s]ome calls were eventually completed by a live person in which a voice message was left or not left." *Id.* (Am. Compl. ¶ 37). Although these allegations provide some detail about the calls, the alleged facts fail to explain the circumstances surrounding the calls sufficient to support a plausible inference that defendant called plaintiff's cellular telephone using an ATDS. Also, plaintiff's allegations about a "live person" on the call appear to contradict his conclusory allegation that LD used an ATDS. Thus, plaintiff's Complaint fails to state a plausible TCPA claim.

As discussed above, plaintiff may be able to plead the requisite facts and thus cure his pleading deficiencies by amending his claims to provide sufficient factual detail to state a plausible TCPA claim under Rule 8. To state a viable claim, plaintiff must allege specific facts about the calls—such as the content of the messages or the context in which he received them—that could support a plausible inference that he received the calls from an ATDS.

**B. FCRA Claim**

LD asserts that plaintiff's FCRA claim fails for two reasons. *First*, LD argues that plaintiff lacks standing to assert a FCRA claim because his Complaint never alleges that he has sustained a concrete injury sufficient to confer standing. Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To present a case or controversy under Article III, a plaintiff must establish that he has standing to sue. *Id.* (citations omitted); *see also Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Article III standing requires a plaintiff to establish (1) that he or she has "suffered an 'injury in fact'," (2) that the injury is "'fairly . . . trace[able] to the challenged action of the defendant,'" and (3) that it is "'likely'" that "the injury will be 'redressed by a favorable decision.'" *Ariz. Christian Sch. Tuition Org.*, 563 U.S. at 134 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)); *see also Awad v. Ziriax*, 670 F.3d 1111, 1120 (10th Cir. 2012).

The first requirement for Article III standing—injury in fact—is "a constitutional requirement." *Spokeo*, 136 S. Ct. at 1547. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting

*Lujan*, 504 U.S. at 560). In *Spokeo*, the Supreme Court considered whether a plaintiff had standing to bring a FCRA action. The Supreme Court held that a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id.* at 1550. Instead, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549.

Here, LD asserts that plaintiff's Complaint alleges no concrete injury sufficient to confer standing. The court agrees. Plaintiff makes the conclusory allegation that LD has violated the FCRA. Doc. 48 at 1 (Am. Compl. ¶ 1). And, plaintiff contends, LD's FCRA violation "has and will continue to" cause plaintiff "to suffer damages." *Id.* at 15 (Am. Compl. ¶ 59). Plaintiff seeks statutory damages of $1,000. *Id.* But, the Complaint provides no other facts alleging that plaintiff has sustained a concrete injury from LD's purported FCRA violation. Without such allegations, plaintiff lacks standing to assert a FCRA claim against LD.

But, as discussed, plaintiff might be able to cure his pleading deficiencies with an amended pleading—one that alleges facts supporting a plausible inference that plaintiff has sustained a concrete injury from LD's alleged FCRA violation. Thus, the court grants plaintiff the opportunity to file an amended complaint to cure his failure to allege sufficient facts to confer standing.

*Second*, LD argues that—even if plaintiff had pleaded facts sufficient to confer standing—plaintiff fails to state a FCRA claim because: (1) plaintiff can't bring a private cause of action under § 1681s-2(a); and (2) plaintiff fails to allege facts capable of supporting a plausible finding or inference that LD violated § 1681s-2(b). For the same reasons that the court concluded above that plaintiff's Complaint fails to state a FCRA claim against Discover (*supra* Part III.), plaintiff's Complaint also fails to state a FCRA claim against LD. Although plaintiff may assert a private cause of action against LD under § 1681s-2(b), the court agrees that

plaintiff's Complaint fails to state facts alleging that LD failed to conduct a proper investigation of the dispute after receiving notice from a CRA, or that LD failed to report the results of the investigation to the CRA. Without these allegations, plaintiff has failed to state the required elements of a FCRA claim under § 1681s-2(b). But, the court will provide plaintiff an opportunity to cure these pleading defects by filing an amended complaint. **If plaintiff properly can plead allegations to state a plausible TCPA and FCRA claim against LD, the court directs plaintiff to file an amended complaint providing such factual allegations within 20 days of the date of this Order.**

### V. Defendants Equifax Information Services, LLC and Equifax Inc.'s Motions to Dismiss (Docs. 61 & 83)

Plaintiff asserts two claims against defendants Equifax Information Services, LLC ("EIS") and Equifax, Inc. ("Equifax"). Plaintiff alleges that Equifax and EIS[3] violated the FCRA by reporting inaccurate information for three credit accounts (Counts IV & V). Equifax and EIS move to dismiss plaintiff's FCRA claims under Fed. R. Civ. P. 12(b)(6).

*First*, Equifax asks the court to dismiss the claims against it because, it contends, Equifax is not a proper party to the lawsuit. Equifax argues that it is not subject to the FCRA because it is not a "consumer reporting agency," as the FCRA defines that term. *See* 15 U.S.C. § 1681a(f) ("The term 'consumer reporting agency' means any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . .").

---

[3] Plaintiff asserts these two claims against "EQUIFAX." Doc. 48 at 15–17 (Am. Compl. ¶¶ 61–69), 17–20 (Am. Compl. ¶¶ 70–83). Earlier in the Complaint, plaintiff defines defendant Equifax, Inc. as "EQUIFAX" and defendant Equifax Information Services, LLC as "EQUIFAX LLC." *Id.* at 5 (¶¶ 14–15). Thus, it appears that plaintiff only asserts Counts IV and V against defendant Equifax, Inc. But, liberally construing plaintiff's Complaint, the court considers the Complaint as asserting Counts IV and V against both defendants Equifax, Inc. and Equifax Information Services, LLC.

Equifax contends that "numerous courts" have determined that Equifax is not a CRA under the FCRA. Doc. 83 at 3. But, to support this argument, Equifax cites cases decided on summary judgment—not on a motion to dismiss—that Equifax is not a CRA. *See, e.g.*, *Greear v. Equifax, Inc.*, No. 13-cv-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014) (granting summary judgment for Equifax against a FCRA claim because its Assistant Corporate Secretary submitted a Declaration reciting that Equifax is a holding company, not a consumer reporting agency); *Channing v. Equifax, Inc.*, No. 5:11-cv-293-FL, 2013 WL 593942, at *2 (E.D.N.C. Feb. 15, 2013) (holding on summary judgment that Equifax had "demonstrated by filing several sworn affidavits, uncontroverted by plaintiff" that Equifax "is not a CRA, but rather is a holding company which does not own, receive, store, maintain, process, or otherwise exercise control over plaintiff's consumer credit information"); *Ransom v. Equifax Inc.*, No. 09-80280-CIV, 2010 WL 1258084, at *3 (S.D. Fla. Mar. 30, 2010) (granting summary judgment against plaintiff's FCRA claim because Equifax established by Declaration that it "is not a consumer reporting agency and did not prepare a consumer report regarding Mr. Ransom"); *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-cv-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005) (granting summary judgment against plaintiff's FCRA claim because the undisputed summary judgment facts established that Equifax was not a CRA).

Equifax does cite one case where a court held on a motion to dismiss that Equifax is not a CRA. *See* Doc. 83 at 3 (citing *Martinez v. Equifax Inc.*, No. 15-2100(SRC), 2016 WL 226639 (D.N.J. Jan. 19, 2016) (granting motion to dismiss Equifax based on its argument that it is not a CRA as defined by the FCRA)). But, in that case, the plaintiff did not dispute the question. *See Martinez*, 2016 WL 226639, at *1 (noting that "[p]laintiff, in response, does not oppose" the argument).

In contrast, plaintiff here opposes Equifax's argument that it's not a proper party to the lawsuit. Doc. 84 at 6. Plaintiff's Complaint alleges that Equifax is a CRA, as the FCRA defines that term. Doc. 48 at 5 (Am. Compl. ¶ 14). And plaintiff cites a case where a court refused to dismiss Equifax as an improper party on a motion to dismiss because Equifax's "arguments would require this Court to make findings of fact, including the alleged CRA status of Equifax, Inc." which "is not appropriate at this stage of the litigation." *Hinkle v. Experian Info. Sols. Inc.*, No. 1:18 cv 7, 2018 WL 4610656, at *3 (W.D.N.C. Sept. 5, 2018). For the same reasons, the court denies Equifax's Motion to Dismiss it as an improper party to the case. The court must accept as true plaintiff's allegation that Equifax is a CRA on a motion to dismiss. And, the court cannot dismiss Equifax simply based on its argument that it is not a proper party.

*Second*, Equifax and EIS move to dismiss plaintiff's two FCRA claims for failing to state a plausible claim. Plaintiff's Count V asserts that Equifax and EIS violated FCRA's § 1681i(a)(1)(A). Section 1681i(a)(1)(A) requires a CRA to "conduct a reasonable reinvestigation" of the "completeness or accuracy of any item of information contained in a consumer's file" if the consumer "notifies the agency directly, or indirectly through a reseller" that he disputes the information. 15 U.S.C. § 1681i(a)(1)(A). Section 1681i(a)(6)(A) requires the CRA to notify the consumer of the results of its reinvestigation. The notice must include:

(i) a statement that the reinvestigation is completed;

(ii) a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;

(iii) a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;

(iv) a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and

(v) a notice that the consumer has the right to request under subsection (d) that the consumer reporting agency furnish notifications under that subsection.

15 U.S.C. § 1681i(a)(6)(B).

Equifax and EIS argue that plaintiff cannot state a claim under § 1681i(a) based on an alleged failure to provide plaintiff "authentic evidence regarding the validity of the debt." Doc. 48 at 8 (Am. Compl. ¶ 28). Equifax and EIS contend that the statute imposes no requirement on them to provide plaintiff with "authentic evidence" of the debt. The court agrees. And so, to the extent plaintiff bases his § 1681i(a) on a failure to provide "authentic evidence" of the debt, he fails to state a claim under the FCRA.

But, plaintiff responds that he doesn't premise his § 1681i(a) claim on a failure to provide "authentic evidence" of the validity of the debt. Doc. 84 at 7. Instead, he contends, he brings his § 1681i(a) claim against Equifax and EIS because they allegedly failed to conduct a proper reinvestigation of his dispute and failed to report accurate information.[4] *Id.* To state a plausible claim under § 1681i(a), plaintiff must allege: (1) a CRA used unreasonable procedures when reinvestigating a report, (2) the report was inaccurate, (3) plaintiff sustained injury, and (4) the CRA's failure to reinvestigate properly caused the injury. *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) (citation omitted). Equifax and EIS's motion does not challenge whether plaintiff has alleged facts sufficient to support these elements of a § 1681i(a) claim. Thus, the court denies Equifax and EIS's Motion to Dismiss the § 1681i(a) claim.

Equifax and EIS also move to dismiss Count IV's FCRA claim under § 1681e(b). Section 1681e(b) requires a CRA to "follow reasonable procedures to assure maximum possible

---

[4] Equifax and EIS filed no Reply.

accuracy of the information" when preparing a consumer report. 15 U.S.C. § 1681e(b). To state a plausible claim under § 1681e(b), a plaintiff must allege: "(1) [the CRA] failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) [the plaintiff] suffered injury; and (4) [the CRA's] failure caused his injury." *Wright*, 805 F.3d at 1239 (citation omitted).

Count IV asserts that Equifax failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of plaintiff's consumer report. Doc. 48 at 15 (Am. Compl. ¶ 62). And, plaintiff asserts, Equifax reported "inaccurate, false, erroneous and misleading" information about plaintiff. *Id.* at 16 (Am. Comp. ¶ 63). Equifax and EIS contend that plaintiff's Count IV fails to state a claim because it "is premised on Equifax's inclusion of the disputed accounts in consumer reports pertaining to him despite notice that such information was inaccurate, making it clear that [p]laintiff's § 1681e(b) claim is founded entirely on the strength of his § 1681i claim." Doc. 83 at 7. Because the court has rejected Equifax and EIS's argument about the § 1681i claim, it rejects the same arguments directed at the § 1681e(b) claim. For these reasons, the court denies Equifax and EIS's Motions to Dismiss.

## VI. Defendant Marketplace Loan Grantor Trust's Motion to Dismiss (Doc. 78)

Plaintiff's Complaint asserts one claim against defendant Marketplace for violating the TCPA (Count II). Marketplace asserts that plaintiff has failed to state a plausible TCPA claim for two reasons.

*First*, Marketplace moves to dismiss plaintiff's TCPA claim under Fed. R. Civ. P. 12(b)(1) because, Marketplace contends, plaintiff fails to allege facts sufficient to confer standing. Similar to LD's argument about plaintiff's lack of standing (*supra* Part IV.B.), Marketplace asserts that plaintiff lacks standing to make a TCPA claim because his Complaint

never alleges that he has sustained a concrete injury. Instead, Marketplace contends, plaintiff only alleges a TCPA statutory violation which does not suffice to confer standing. *See Spokeo*, 136 S. Ct. at 1549–50 (holding that a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation," and instead, "Article III standing requires a concrete injury even in the context of a statutory violation.").

The court agrees that plaintiff fails to allege facts supporting a plausible finding or inference that he has sustained a concrete injury from Marketplace's alleged TCPA violation. Plaintiff's Complaint alleges only that Marketplace violated the TCPA and that he is entitled to statutory damages for this violation. Doc. 48 at 9–10 (Am. Compl. ¶¶ 38–40). But the Complaint alleges no other facts capable of supporting a plausible finding or inference that plaintiff has sustained a concrete injury from Marketplace's alleged TCPA violation. In the context of a FCRA claim, the Supreme Court has held that a plaintiff cannot allege a concrete injury by "alleging a bare procedural violation" because "[a] violation of one of the FCRA's procedural requirements may result in no harm." *Spokeo*, 136 S. Ct. at 1550. Instead, a plaintiff must allege facts capable of supporting a plausible finding or inference that "the particular procedural violations alleged in this case entail a degree of risk sufficient to meet the concreteness requirement." *Id.*; *see also Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1117 (9th Cir. 2017) (holding on remand from the Supreme Court that plaintiff's Complaint sufficiently alleged a concrete injury because plaintiff "alleged that he is out of work and looking for a job, but that [defendant's] inaccurate reports have 'caused actual harm to [his] employment prospects' by misrepresenting facts that would be relevant to employers, and that he suffers from 'anxiety, stress, concern, and/or worry about his diminished employment prospects' as a result"). Because

plaintiff's Complaint lacks these kind of allegations to support a plausible inference that he has sustained a concrete injury, plaintiff fails to state a plausible TCPA claim against Marketplace.

But, as discussed above, plaintiff might be able to cure his pleading deficiencies by filing an amended complaint that alleges facts capable of supporting a finding or plausible inference that he has sustained a concrete injury from Marketplace's alleged TCPA violation. The court thus orders plaintiff to file an amended complaint that cures the shortcomings of his current pleading—*i.e.*, his failure to plead a concrete injury necessary to confer standing.

*Second*, Marketplace contends that plaintiff —even if he has pleaded facts sufficient to confer standing—fails to state a TCPA claim because he fails to allege facts supporting a plausible finding or inference that Marketplace used an ATDS when placing calls to him. This is a required element of a TCPA claim. *See Lee v. loanDepot.com, LLC*, No. 14-1084-EFM, 2017 WL 590263, at *2 (D. Kan. Feb. 14, 2017) (explaining that a TCPA claim requires a plaintiff to allege that "(1) [defendant] called [plaintiff's] cellular telephone; (2) using an ATDS; (3) without [plaintiff's] prior consent").

Here, plaintiff just pleads conclusory allegations that Marketplace called his cellular telephone using an ATDS. Doc. 48 at 7, 10 (Am. Compl. ¶¶ 23, 42). The Complaint fails to assert facts capable of supporting a plausible finding or inference that LD used equipment with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator," as the TCPA requires. 47 U.S.C. § 227(a)(1)(A); *see also Hill v. USAA Savings Bank*, No. CIV-18-803-SLP, 2019 WL 3082471, at *5 (W.D. Okla. July 15, 2019) (holding that "a bare allegation that [d]efendant used an ATDS is not enough" to state a TCPA claim; instead, a plaintiff must "make[ ] additional allegations from which the Court can reasonably infer that the calls were made using an ATDS"). For the same reasons that the court

concluded above that plaintiff's Complaint fails to state a TCPA claim against defendant LD (*supra* Part IV.A.), plaintiff's Complaint also fails to state a plausible TCPA claim against Marketplace. But, the court recognizes that plaintiff might be able to cure his pleading deficiencies by amending his TCPA claim to provide sufficient factual detail about Marketplace's alleged use of an ATDS. The court will give plaintiff the opportunity to do so.

**If the plaintiff properly can plead allegations required to state a plausible TCPA and FCRA claim against Marketplace, the court directs plaintiff to file an amended complaint providing such factual allegations within 20 days of the date of this Order.**

## VII. Defendant Trans Union LLC's Motion for Judgment on the Pleadings (Doc. 107)

On October 1, 2018, defendant Trans Union LLC ("Trans Union") filed an Answer (Doc. 53) to plaintiff's First Amended Complaint. Then, on July 1, 2019, Trans Union filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) (Doc. 107). Rule 12(c) provides "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[T]he pleadings are closed upon the filing of a complaint and answer, unless a counterclaim, cross-claim or third-party claim is interposed, in which event the filing of a reply, cross-claim answer, or third-party answer normally will mark the close of the pleadings." *Progressive Cas. Ins. Co. v. Estate of Crone*, 894 F. Supp. 383, 385 (D. Kan. 1995).

Here, not all defendants have filed answers to plaintiff's Complaint. And so, the pleadings are not closed, and Trans Union's Motion for Judgment on the Pleadings is premature. *See id.* (holding that, when not all defendants had filed answers, it was "clear that the pleadings are not yet closed in this case, and therefore a Rule 12(c) motion is premature"); *see also* Doc. 117 (denying without prejudice defendant Experian Information Solutions, Inc.'s Motion for

Judgment on the Pleadings because it was filed prematurely). The court thus denies Trans Union's Motion for Judgment on the Pleadings but without prejudice to Trans Union filing a motion for judgment on the pleadings after all defendants either have filed answers or are dismissed from the action.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Discover Bank's Motions to Dismiss (Docs. 56 & 75) are denied without prejudice to Discover Bank renewing its dismissal arguments directed at plaintiff's Second Amended Complaint.

**IT IS FURTHER ORDERED THAT** defendant loanDepot.com LLC's Motion to Dismiss (Doc. 58) is denied without prejudice to loanDepot.com LLC renewing its dismissal arguments directed at plaintiff's Second Amended Complaint.

**IT IS FURTHER ORDERED THAT** defendant Equifax Information Services, LLC and Equifax Inc.'s Motions to Dismiss (Docs. 61 & 83) are denied.

**IT IS FURTHER ORDERED THAT** defendant Marketplace Loan Grantor Trust's Motion to Dismiss (Doc. 78) is denied without prejudice to Marketplace Loan Grantor Trust renewing its dismissal arguments directed at plaintiff's Second Amended Complaint.

**IT IS FURTHER ORDERED THAT** defendant Trans Union's Motion for Judgment on the Pleadings (Doc. 107) is denied without prejudice.

**IT IS FURTHER ORDERED THAT plaintiff must file a Second Amended Complaint that cures the defects identified in this Order within 20 days of the date of this Order. If he plans to file an amended complaint, he must file it on or before September 30, 2019. If plaintiff does not file an amended complaint by this date, the court will dismiss his claims against defendants Discover Bank, loanDepot.com LLC, and Marketplace.**

**IT IS SO ORDERED.**

**Dated this 9th day of September, 2019, at Kansas City, Kansas.**

**<u>s/ Daniel D. Crabtree</u>**
**Daniel D. Crabtree**
**United States District Judge**