IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

ANTHONY J. HAMPTON,

        Plaintiff,

v.

BARCLAYS BANK DELAWARE,
DISCOVER BANK, LOAN DEPOT, LLC,
MARKETPLACE LOAN GRANTOR TRUST,
SERIES 2016 LD1, EQUIFAX INC.,
EQUIFAX INFORMATINO SERVICES, LLC,
EXPERIAN INFORAMTION SOLUTIONS,
INC., TRANSUNION, LLC, and DOES 1-10,

        Defendants.

Civil Action No. 5:18-cv-04071-DDC-KGS

## DEFENDANT TRANS UNION LLC'S ANSWER AND
## DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, Trans Union LLC ("Trans Union"), the Defendant herein, by and through its attorneys, Baker, Sterchi, Cowden & Rice LLC, and files its Answer and Defenses to Plaintiff's Second Amended Complaint ("Complaint") filed by Anthony J. Hampton ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

### I.    PRELIMINARY STATEMENT

1.    Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore, denies same.

2.    Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore, denies same.

3.    Trans Union admits that Plaintiff accurately summarized a portion of the FCRA. Trans Union denies the remaining allegations contained in paragraph 3 of the Complaint.

4.    Trans Union denies the allegations contained in paragraph 4 of the Complaint.

## II.   JURISDICTION AND VENUE

5.      Trans Union admits that pursuant to 15 U.S.C. § 1681p, jurisdiction is proper in Federal Court.

6.      Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is appropriate in the District of Kansas.

7.      Trans Union admits that Plaintiff has asserted claims against Defendants for actual, statutory and punitive damages, and is seeking attorney's fees and costs.

## III.   PARTIES

8.      Trans Union admits that Plaintiff is a natural person.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and therefore, denies same.

9.      Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore, denies same.

10.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore, denies same.

11.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore, denies same.

12.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore, denies same.

13.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore, denies same.

14.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore, denies same.

15.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore, denies same.

16.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore, denies same.

17.     Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois.  Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).  Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties.

18.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore, denies same.

## IV.     FACTUAL ALLEGATIONS

19.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, or the authenticity of Exhibit A, and therefore, denies same.

20.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, or the authenticity of Exhibit B, and therefore, denies same.

21.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore, denies same.

22.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and therefore, denies same.

23.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, or the authenticity of Exhibit C, and therefore, denies same.

24.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, or the authenticity of Exhibit D, and therefore, denies same.

25.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, or the authenticity of Exhibit E, and therefore, denies same.

26.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, or the authenticity of Exhibit F, and therefore, denies same.

27.     Trans Union admits that on March 28, 2018, and March 30, 2018, it received correspondence from Plaintiff dated March 20, 2018, regarding Barclays account #...6198, Discover account #...0733, and LoanDepot account #...9589.  Trans Union denies that Exhibit G is a true and correct copy of Plaintiff's correspondence to Trans Union.

28.     Trans Union admits the allegations contained in paragraph 28 of the Complaint.

29.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and therefore, denies same.

30.     Trans Union admits that on March 28, 2018, and March 30, 2018, it received correspondence from Plaintiff, dated March 20, 2018, regarding  Barclays account #...6198, Discover account #...0733, and LoanDepot account #...9589.  Trans Union denies reporting inaccurate information on Plaintiff's Trans Union credit file.

31.     Trans Union denies the allegations contained in paragraph 31 of the Complaint.

32.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and therefore, denies same.

33.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and therefore, denies same.

34.     Trans Union admits that on June 6, 2018, it deleted Discover account #...0733.

## V.     CAUSES OF ACTION

### CAUSE I
### VIOLATIONS OF THE TELEPHONE
### COMMUNICATIONS ACT 47 U.S.C. §277
### AS TO DEFENDANT LD

35.     Trans Union restates and incorporates its responses to paragraphs 1 through 34 above as though fully stated herein.

36.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and therefore, denies same.

37.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and therefore, denies same.

38.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, and therefore, denies same.

39.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, and therefore, denies same.

40.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and therefore, denies same.

41.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and therefore, denies same.

Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the prayer paragraph for Cause I of the Complaint, and therefore, denies same.

## CAUSE II
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. §277
## AS TO DEFENDANT MPLGT

42.     Trans Union restates and incorporates its responses to paragraphs 1 through 41 above as though fully stated herein.

43.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, and therefore, denies same.

44.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and therefore, denies same.

45.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and therefore, denies same.

46.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, and therefore, denies same.

47.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and therefore, denies same.

48.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and therefore, denies same.

Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the prayer paragraph for Cause II of the Complaint, and therefore, denies same.

**CAUSE III**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. §1681**
**AS TO DEFENDANTS BARCLAYS, DISCOVER and LD**

49.     Trans Union restates and incorporates its responses to paragraphs 1 through 48 above as though fully stated herein.

50.     Trans Union admits that Plaintiff accurately summarized a portion of the FCRA. Trans Union is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 50 of the Complaint, and therefore, denies same.

51.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and therefore, denies same.

52.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and therefore, denies same.

53.     Trans Union admits that Plaintiff accurately summarized a portion of the FCRA.

54.     To the extent the allegations contained in paragraph 54 of the Complaint are directed at Trans Union, Trans Union denies reporting inaccurate information on Plaintiff's Trans Union credit file.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Complaint, and therefore, denies same.

55.     Trans Union admits Plaintiff accurately summarized a portion of the FCRA.  Trans Union is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 56 of the Complaint, and therefore, denies same.

56.     Trans Union admits that Plaintiff accurately summarized a portion of the FCRA.

57.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and therefore, denies same.

58.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, and therefore, denies same.

59.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and therefore, denies same.

### CAUSE IV
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681e(b)
### AS TO DEFENDANTS EQUIFAX, EXPERIAN and TRANS

60.     Trans Union restates and incorporates its responses to paragraphs 1 through 59 above as though fully stated herein.

61.     Trans Union denies the allegations contained in paragraph 61 of the Complaint.

62.     Trans Union denies the allegations contained in paragraph 62 of the Complaint.

63.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and therefore, denies same.

64.     Trans Union denies the allegations contained in paragraph 64 of the Complaint.

65.     Trans Union admits that Plaintiff accurately summarized a portion of the FCRA. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and therefore, denies same.

66.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and therefore, denies same.

67.     Trans Union denies reporting inaccurate information on Plaintiff's Trans Union credit file.

68.     Trans Union admits it complied with the provisions of the FCRA at all relevant times.  Trans Union denies the remaining allegations contained in paragraph 68 of the Complaint.

69.     Trans Union denies the allegations contained in paragraph 69 of the Complaint.

4002762.1
4002762.1

**CAUSE V**

**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681i(a)
AS TO DEFENDANTS EQUIFAX, EXPERIAN and TRANS**

70.     Trans Union restates and incorporates its responses to paragraphs 1 through 69 above as though fully stated herein.

71.     Trans Union admits that on March 28, 2018, March 30, 2018, April 25, 2018, May 3, 2018, and May 9, 2018, it received correspondence from Plaintiff regarding Barclays account #...6198, Discover account #...0733, and LoanDepot account #...9589.   Trans Union denies reporting inaccurate information on Plaintiff's Trans Union credit file.

72.     Trans Union denies the allegations contained in paragraph 72 of the Complaint.

73.     Trans Union admits the allegations contained in paragraph 73 of the Complaint.

74.     Trans Union admits that on March 28, 2018, March 30, 2018, April 25, 2018, May 3, 2018, and May 9, 2018, it received correspondence from Plaintiff regarding Barclays account #...6198, Discover account #...0733, and LoanDepot account #...9589.   Trans Union denies reporting inaccurate information on Plaintiff's Trans Union credit file.  Trans Union denies the remaining allegations contained in paragraph 74 of the Complaint.

75.     Trans Union admits that Plaintiff accurately summarized a portion of the FCRA. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint, and therefore, denies same.

76.     Trans Union denies the allegations contained in paragraph 76 of the Complaint.

77.     Trans Union admits the allegations contained in paragraph 77 of the Complaint.

78.     Trans Union denies the allegations contained in paragraph 78 of the Complaint.

79.     Trans Union admits that on March 28, 2018, March 30, 2018, April 25, 2018, May 3, 2018, and May 9, 2018, it received correspondence from Plaintiff regarding Barclays account

#...6198, Discover account #...0733, and LoanDepot account #...9589.   Trans Union denies

reporting inaccurate information on Plaintiff's Trans Union credit file.   Trans Union denies the

remaining allegations contained in paragraph 79 of the Complaint.

80.     Trans Union denies the allegations contained in paragraph 80 of the Complaint.

81.     Trans Union denies the allegations contained in paragraph 81 of the Complaint.

82.     Trans Union denies the allegations contained in paragraph 82 of the Complaint.

83.     Trans Union denies the allegations contained in paragraph 83 of the Complaint.

## CAUSE VI

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),
## 15 U.S.C. §1681i(c)
## AS TO DEFENDANTS EXPERIAN and TRANS

84.     Trans Union restates and incorporates its responses to paragraphs 1 through 83

above as though fully stated herein.

85.     Trans Union denies the allegations contained in paragraph 85 of the Complaint.

86.     Trans Union denies the allegations contained in paragraph 86 of the Complaint.

87.     Trans Union denies the allegations contained in paragraph 87 of the Complaint.

## CAUSE VII
## VIOLATION OF FAIR CREDIT REPORTING ACT (FDCPA), [sic]
## 15 U.S.C. §1692c
## AS TO DEFENDANTS LD & MPLGT

88.     Trans Union restates and incorporates its responses to paragraphs 1 through 87

above as though fully stated herein.

89.     Trans Union is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 89 of the Complaint, and therefore, denies same.

90.     Trans Union is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 90 of the Complaint, and therefore, denies same.

## VI.    RELIEF SOUGHT

91.    Trans Union denies the relief sought in paragraph 91 of the Complaint.

## VII.    PRAYER FOR DAMAGES

Trans Union denies the allegations and relief sought in the prayer for damages paragraph of the Complaint, including all subparts.

## DEMAND FOR JURY TRIAL

Trans Union admits that Plaintiff demands a trial by jury.

## DEFENSES

92.    At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

93.    Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

94.    Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

95.    Trans Union at all times acted in compliance with the FCRA.

96.    Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Kansas.

97.    Plaintiff fails to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

11

Respectfully submitted,

/s/Bryan E. Mouber

BRYAN E. MOUBER #19710
mouber@bscr-law.com
JAMES S. KREAMER #14374
kreamer@bscr-law.com
BAKER, STERCHI, COWDEN & RICE LLC
51 Corporate Woods
9393 W 110th St, Suite 500
Overland Park, KS 66210
(913) 451-6752
(816) 472-0288 Fax
**_Counsel for Trans Union LLC_**

12

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 3rd day of October 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Guillermo Gabriel Zorogastua
gzorogastua@polsinelli.com
Phillip J.R. Zeeck
pzeeck@polsinelli.com
Polsinelli PC
900 W. 48th St, Suite 900
Kansas City, MO 64112
(816) 374-0537
(816) 817-0294 Fax
***Counsel for Equifax, Inc. and Equifax Information Services, LLC***
Joshua C. Dickinson
jdickinson@spencerfane.com
Spencer Fanf LLP
13520 California Street, Suite 290
Omaha, NE 68154
(402) 965-8600
(402) 964-8601 Fax
and
Kersten L. Holzhueter
kholzhueter@spencerfane.com
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 292-8302
(816) 474-3216 Fax
***Counsel for LoanDepot.com, LLC***

Kirsten A. Byrd
kirsten.byrd@huschblackwell.com
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
(816) 983-8000 ext. 8384
(816) 983-8080 Fax
***Counsel for Discover Bank***

Michael C. Barnhill
mcbarnhill@michaelbest.com
Michael Best & Friedrich, LLP
2750 Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
(801) 833-0500
(801) 931-2500 Fax
and
Michael J. Norton
mnorton@foulston.com
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
(316) 291-9742
(866) 346-2031 Fax
***Counsel for Marketplace Loan Grantor Trust***
Andrea S. McMurtry
amcmurtry@hab-law.com
Danne W. Webb

Benjamin Scott Tschudy
bstschudy@martinpringle.com
Kate Bohon McKinney
kbmckinney@martinpringle.com
Martin Pringle Oliver Wallace & Bauer, LLP
9401 Indian Creek Parkway, Building 40,
Suite 1150
Overland Park, KS 66210
(913) 491-5500
(913) 491-3341 Fax
and
Christopher R. Murphy
crmurphy@reedsmith.com
Reed Smith, LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
(312) 207-6548
(312) 207-6400 Fax
***Counsel for Barclays Bank Delaware***

dwebb@hab-law.com
Horn, Aylward & Bandy LLC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
(816) 595-7714
(816) 421-0899 Fax
and
Jeffrey R. Zohn
jzohn@jonesday.com
Jones Day
77 W. Wacker Drive, Suite 3500
Chicago, IL 60601
(312) 269-4361
(312) 782-8585 Fax
***Counsel for Experian Information Solutions,
Inc.***

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Participants in the manner indicated:

Anthony J. Hampton
6104 SW 26th Street, Apt. A
Topeka, KS  66614
***Pro Se Plaintiff***

/s/Bryan E. Mouber
**BRYAN E. MOUBER**