# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY J. HAMPTON, | |
| Plaintiff, | |
| v. | |
| BARCLAYS BANK DELAWARE; DISCOVER BANK; LOAN DEPOT, LLC; MARKETPLACE LOAN GRANTOR TRUST, SERIES 2016-LD1; EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; and Does 1-10, | No. 18-4071-DDC-KGS<br><br>Judge Daniel D. Crabtree<br><br>Magistrate Judge Angel D. Mitchell |
| Defendants. | |

## DEFENDANT BARCLAYS BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT AND COUNTERCLAIM

Defendant Barclays Bank Delaware, ("Barclays"), submits this Answer and Affirmative Defenses (the "Answer")[1] to Plaintiff's Second Amended Verified Complaint (the "SAC") filed by the plaintiff, Anthony J. Hampton ("Plaintiff"), and states as follows:

### I.   PRELIMINARY STATEMENT

1. In response to Paragraph 1 ("paragraph 1") of the SAC, Barclays admits that Plaintiff purports to assert claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

---

[1] On October 2, 2018, Barclays filed its Answer and Affirmative Defenses to Plaintiff's First Amended Verified Complaint and Counterclaim, which included two counterclaims Barclays asserted against Plaintiff for breach of contract and unjust enrichment. (ECF 60.) Plaintiff filed a response to Barclays' counterclaim on October 22, 2018. (ECF 65.) Though not restated herein, Barclays does not withdraw its counterclaims against Plaintiff and incorporates by reference its Counterclaim as if fully stated herein.

1681 et seq., but denies that it violated the FCRA or any other law, and denies that it is liable to Plaintiff for any alleged damages. Barclays also admits that it is a "furnisher" of information as that term is used in 15 U.S.C. § 1681s-2(b). The remaining allegations in paragraph 1 are too vague to require a response, but to the extent a response is required as to the remaining allegations, Barclays is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in paragraph 1 and therefore, denies the allegations.

2. The allegations in paragraph 2 are not directed at Barclays, but to the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies those allegations.

3. In response to paragraph 3 of the Complaint, Barclays denies that it violated the FCRA or any other law and further denies that it is liable to Plaintiff for any alleged damages. Barclays admits that, by paragraph 3, Plaintiff purports to summarize duties, rights, and obligations created by the FCRA but denies that Plaintiff has accurately and completely summarized those duties, rights, and obligations. Any remaining allegations in paragraph 3 are either too vague to require a response or state legal conclusions to which no response is required. To the extent a further response is required, Barclays denies any remaining allegations in paragraph

4. In response to paragraph 4 of the SAC, Barclays admits that, by the SAC, Plaintiff contends that he is entitled to the relief sought herein, but Barclays denies that it violated the FCRA or any other law and further denies that it is liable to Plaintiff for any alleged damages. Barclays denies any remaining allegations against it in this paragraph and is without knowledge

or information sufficient to form a belief as to the truth of the allegations directed at the other defendants and, therefore, denies those allegations.

## II.     JURISDICTION AND VENUE

5. Barclays admits only that this Court has subject matter jurisdiction over Plaintiff's claims. Barclays denies any remaining allegations in paragraph 5.

6. In response to paragraph 6 of the SAC, Barclays admits only that has customers in Kansas. Barclays is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and, therefore, denies those allegations.

7. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the SAC and, therefore, denies the allegations.

## III.     PARTIES

8. Barclays admits only that Plaintiff is a person. Barclays is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the SAC and, therefore, denies the remaining allegations.

9. In response to paragraph 9 of the SAC, Barclays admits only that it has customers in Kansas and as a furnisher of information to consumer reporting agencies is subject to 15 U.S.C. § 1681s-2. Barclays denies the remaining allegations in paragraph 9.

10. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the SAC and, therefore, denies the allegations.

11. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the SAC and, therefore, denies the allegations.

12. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the SAC and, therefore, denies the allegations.

13. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the SAC and, therefore, denies the allegations.

14. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the SAC and, therefore, denies the allegations.

15. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the SAC and, therefore, denies the allegations.

16. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the SAC and, therefore, denies the allegations.

17. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the SAC and, therefore, denies the allegations.

18. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the SAC and, therefore, denies the allegations.

## IV.   FACTUAL ALLEGATIONS

19. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the SAC and, therefore, denies the allegations.

20. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the SAC and, therefore, denies the allegations.

21. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the SAC and, therefore, denies the allegations.

22. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the SAC and, therefore, denies the allegations.

23. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the SAC and, therefore, denies the allegations.

24. In response to paragraph 24 of the SAC, Barclays admits only that its records reflect that it received a letter dated March 21, 2018, from Plaintiff disputing the validity of an account ending in "6198" and requesting that Barclays "verify," by signing an enclosed affidavit, a number of legal conclusions relating to said account. Barclays admits that the remaining allegations in paragraph 24 purport to summarize the letter referenced in this paragraph but deny that those allegations accurately and completely summarize said letter. Barclays is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 24 of the SAC, and, therefore, denies the remaining allegations.

25. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the SAC and, therefore, denies the allegations.

26. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the SAC and, therefore, denies the allegations.

27. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the SAC and, therefore, denies the allegations.

28. In response to the allegations in paragraph 28 of the SAC Barclays admits that its records reflect that it received disputes from consumer reporting agencies relating to Plaintiff's Barclays account ending in "6198." Barclays is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and, therefore, denies the remaining allegations.

29. Barclays denies the allegations against in Paragraph 29 of the SAC. Barclays is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, therefore, denies the remaining allegations.

30. In response to paragraph 30 of the SAC, Barclays admits only that Plaintiff has disputed his Barclays account ending in "6198" but denies that the allegations in paragraph 30 accurately and completely summarize his disputes. Barclays is without sufficient knowledge or information to form a belief as to whether Plaintiff disputed his accounts with the other defendants. The allegation as to whether Barclays provided "notice of this disputed matter to the CRAs" is too vague to require a response, but to the extent a response is required, Barclays denies that it did not respond to disputes it received from CRAs relating to Plaintiff's Barclays account ending in "6198". Barclays further denies that it violated the FCRA or any other law.

31. The allegations in paragraph 31 are either too vague to require a response or not directed at Barclays. To the extent a response is required, Barclays states that it received and responded to multiple notifications of disputes relating to Plaintiff's Barclays account from Trans Union, and, therefore, denies the allegations in paragraph 31.

32. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and, therefore, denies the allegations.

33. The allegations in paragraph 33 are either too vague to require a response or not directed at Barclays. To the extent a response is required, Barclays states that it received and responded to multiple notifications of disputes relating to Plaintiff's Barclays account from Trans Union, and, therefore, denies the allegations in paragraph 33.

34. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the SAC and, therefore, denies the allegations.

## V. CAUSES OF ACTION

**CAUSE I**
**VIOLATIONS OF THE TELEPHONE**
**COMMUNICATIONS ACT 47 U.S.C. §227**
**AS TO DEFENDANT DISCOVER**

35. Barclays hereby adopts and incorporates its answers to the preceding paragraphs as though fully set forth herein as and for its answer to paragraph 35.

36. Barclays states that the allegations in paragraph 36 (and Cause I) are not directed at Barclays. To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and, therefore, denies those allegations.

37. Barclays states that the allegations in paragraph 37 (and Cause I) are not directed at Barclays. To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, therefore, denies those allegations.

38. Barclays states that the allegations in paragraph 38 (and Cause I) are not directed at Barclays. To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, therefore, denies those allegations.

39. Barclays states that the allegations in paragraph 39 (and Cause I) are not directed at Barclays. To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, therefore, denies those allegations.

40. Barclays states that the allegations in paragraph 40 (and Cause I) are not directed at Barclays. To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, therefore, denies those allegations.

41.     Barclays states that the allegations in paragraph 41 (and Cause I) are not directed at Barclays.  To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, therefore, denies those allegations.

Barclays states that the allegations in the unnumbered WHEREFORE clause following paragraph 41 (and Cause I) are not directed at Barclays.  To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the unnumbered WHEREFORE clause following paragraph 41 and, therefore, denies those allegations.

## CAUSE II
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227 AS TO DEFENDANT MPLGT

42.     Barclays hereby adopts and incorporates its answers to the preceding paragraphs as though fully set forth herein as and for its answer to paragraph 42.

43.     Barclays states that the allegations in paragraph 43 (and Cause II) are not directed at Barclays.  To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and, therefore, denies those allegations.

44.     Barclays states that the allegations in paragraph 44 (and Cause II) are not directed at Barclays.  To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and, therefore, denies those allegations.

45.     Barclays states that the allegations in paragraph 45 (and Cause II) are not directed at Barclays. To the extent a response by Barclays is required, Barclays states that it is without


knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and, therefore, denies those allegations.

46.     Barclays states that the allegations in paragraph 46 (and Cause II) are not directed at Barclays.  To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, therefore, denies those allegations.

47.     Barclays states that the allegations in paragraph 47 (and Cause II) are not directed at Barclays.  To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and, therefore, denies those allegations.

48.     Barclays states that the allegations in paragraph 48 (and Cause II) are not directed at Barclays.  To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and, therefore, denies those allegations.

Barclays states that the allegations in the unnumbered WHEREFORE clause following paragraph 48 (and Cause II) are not directed at Barclays.  To the extent a response by Barclays is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the unnumbered WHEREFORE clause following paragraph 48 and, therefore, denies those allegations.

## CAUSE III
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C.§1681
### AS TO DEFENDANTS BARCLAYS, DISCOVER and LD

49.     Barclays hereby adopts and incorporates its answers to the preceding paragraphs as though fully set forth herein as and for its answer to paragraph 49.

50.     In response to paragraph 50 of the SAC, Barclays denies that it violated the FCRA or any other law and further denies that it is liable to Plaintiff for any alleged damages. Barclays admits only that, by this paragraph, Plaintiff purports to summarize duties, rights, and obligations created by the FCRA, but Barclays denies that Plaintiff has accurately and completely summarized those duties, rights, and obligations. Any remaining allegations in paragraph 50 are too vague to require a response or state legal conclusions to which no response is required. To the extent a response is required, Barclays denies any remaining allegations in paragraph 50.

51.     Barclays denies the allegations in paragraph 51 of the SAC.

52.     In response to paragraph 52 of the SAC, Barclays admits that its records reflect that it received disputes from consumer reporting agencies relating to Plaintiff's Barclays account ending in "6198," and that its records reflect that it received a letter dated March 21, 2018, from Plaintiff disputing the validity of an account ending in "6198" and requesting that Barclays "verify," by signing an enclosed affidavit, a number of legal conclusions relating to said account. Any remaining allegations in paragraph 52 are either not directed at Barclays or state legal conclusions to which no response is required. To the extent a response is required, Barclays denies any remaining allegations in paragraph 52, and further denies that it violated the FCRA or any other law and denies that it is liable to Plaintiff for any alleged damages.

53.     In response to paragraph 53 of the SAC, Barclays denies that it violated the FCRA or any other law and further denies that it is liable to Plaintiff for any alleged damages. Barclays admits only that, by this paragraph, Plaintiff purports to summarize duties, rights, and obligations created by the FCRA, but Barclays denies that Plaintiff has accurately and completely summarized those duties, rights, and obligations. Any remaining allegations in

10

paragraph 53 are too vague to require a response or state legal conclusions to which no response is required. To the extent a response is required, Barclays denies any remaining allegations in paragraph 53.

54. In response to paragraph 54 of the SAC, Barclays denies that it failed to investigate Plaintiff's dispute and denies that it failed provide "true information" to CRAs. The remaining allegations in paragraph 54 are either not directed at Barclays or are too vague to require a response. To the extent a response is required, Barclays denies the remaining allegations in paragraph 54, and further denies that it violated the FCRA or any other law and denies that it is liable to Plaintiff for any alleged damages.

55. In response to paragraph 55 of the SAC, Barclays admits only that, by this paragraph, Plaintiff purports to summarize duties, rights, and obligations created by the FCRA, but Barclays denies that Plaintiff has accurately and completely summarized those duties, rights, and obligations. Any remaining allegations in paragraph 55 are either not directed at Barclays or state legal conclusions to which no response is required. To the extent a response is required, Barclays denies any remaining allegations in paragraph 55, and further denies that it violated the FCRA or any other law and denies that it is liable to Plaintiff for any alleged damages.

56. In response to paragraph 56 of the SAC, Barclays admits only that, by this paragraph, Plaintiff purports to summarize duties, rights, and obligations created by the FCRA, but Barclays denies that Plaintiff has accurately and completely summarized those duties, rights, and obligations. Barclays further denies that it violated the FCRA or any other law and denies that it is liable to Plaintiff for any alleged damages.

57. The allegations in paragraph 57 are either not directed at Barclays or are too vague to require a response. To the extent a response is required, Barclays denies the allegations

against it, and further denies that it violated the FCRA or any other law and denies that it is liable to Plaintiff for any alleged damages.

58. In response to paragraph 58 of the SAC, Barclays admits only that Plaintiff purports to seek the damages identified in this paragraph but Barclays denies that it violated the FCRA or any other law and denies that it is liable to Plaintiff for any alleged damages. Barclays further denies that it caused Plaintiff to suffer any damages.

59. The allegations in paragraph 59 are either not directed at Barclays or state legal conclusions to which no response is required. To the extent a response is required, Barclays denies the allegations in paragraph 59 and denies that Plaintiff has asserted viable claims against Barclays.

## CAUSE IV
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681e(b) AS TO DEFENDANTS EQUIFAX, EXPERIAN and TRANS

60. Barclays hereby adopts and incorporates its answers to the preceding paragraphs as though fully set forth herein as and for its answer to paragraph 60.

61. Barclays states that the allegations in paragraph 61 (and Cause IV) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and, therefore, denies those allegations.

62. Barclays states that the allegations in paragraph 62 (and Cause IV) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and, therefore, denies those allegations.

63. Barclays states that the allegations in paragraph 63 (and Cause IV) are not directed at Barclays. To the extent a response is required, Barclays states that it is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and, therefore, denies those allegations.

64. Barclays states that the allegations in paragraph 64 (and Cause IV) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and, therefore, denies those allegations.

65. Barclays states that the allegations in paragraph 65 (and Cause IV) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and, therefore, denies those allegations.

66. Barclays states that the allegations in paragraph 66 (and Cause IV) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and, therefore, denies those allegations.

67. Barclays states that the allegations in paragraph 67 (and Cause IV) are not directed at Barclays. To the extent a response is required, Barclays denies that Plaintiff does not have an account and valid debt with Barclays. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to how the other defendants reported the Barclays and Discover accounts and, therefore, denies the allegations. Barclays denies the remaining allegations in paragraph 67.

68. Barclays states that the allegations in paragraph 68 (and Cause IV) are not directed at Barclays. To the extent a response is required, Barclays states that it is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and, therefore, denies those allegations.

69. Barclays denies the allegations in paragraph 69.

## CAUSE V
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681i(a) AS TO DEFENDANTS EQUIFAX, EXPERIAN and TRANS

70. Barclays hereby adopts and incorporates its answers to the preceding paragraphs as though fully set forth herein as and for its answer to paragraph 70.

71. Barclays states that the allegations in paragraph 71 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays admits only that its records reflect that it received a letter dated March 21, 2018, from Plaintiff disputing the validity of an account ending in "6198" and requesting that Barclays "verify," by signing an enclosed affidavit, a number of legal conclusions relating to said account. Barclays further states that it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 71 and, therefore, denies those allegations.

72. Barclays states that the allegations in paragraph 72 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and, therefore, denies those allegations.

73. Barclays states that the allegations in paragraph 73 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays admits only that it exchanged information about Plaintiff's Barclays account and disputes with CRAs. The remaining allegations in paragraph 73 are too vague to require a response. To the extent a response to the remaining allegations is required, Barclays is without knowledge or information sufficient to

form a belief as to the truth of any remaining allegations in paragraph 73 and, therefore, denies those allegations.

74. Barclays states that the allegations in paragraph 74 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays states that the allegations are too vague to require a response. To the extent a response is required, Barclays denies the allegations.

75. Barclays states that the allegations in paragraph 75 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays admits only that, by paragraph 75, Plaintiff purports to summarize duties, rights, and obligations created by the FCRA but denies that Plaintiff has accurately and completely summarized those duties, rights, and obligations.

76. Barclays states that the allegations in paragraph 76 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and, therefore, denies those allegations.

77. Barclays states that the allegations in paragraph 77 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and, therefore, denies those allegations.

78. Barclays states that the allegations in paragraph 78 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and, therefore, denies those allegations.

79. Barclays states that the allegations in paragraph 79 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and, therefore, denies those allegations.

80. Barclays states that the allegations in paragraph 80 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and, therefore, denies those allegations.

81. Barclays states that the allegations in paragraph 81 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and, therefore, denies those allegations.

82. Barclays states that the allegations in paragraph 82 (and Cause V) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and, therefore, denies those allegations.

83. Barclays is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

## CAUSE VI
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681i(c) AS TO DEFENDANTS EXPERIAN and TRANS

84. Barclays hereby adopts and incorporates its answers to the preceding paragraphs as though fully set forth herein as and for its answer to paragraph 84.

85. Barclays states that the allegations in paragraph 85 (and Cause VI) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 and, therefore, denies those allegations.

86. Barclays states that the allegations in paragraph 86 (and Cause VI) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and, therefore, denies those allegations.

87. Barclays denies that is has caused Plaintiff to suffer damages. Barclays is without knowledge or information sufficient to form a believe as to the truth of the allegations in paragraph 87 as they relate to the other defendants and, therefore, denies the remaining allegations.

**CAUSE VII**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT [sic] (FDCPA)**
**15 U.S.C. § 1692C**
**AS TO DEFENDANTS LOAN DEPOT AND MPLGT**

88. Barclays hereby adopts and incorporates its answers to the preceding paragraphs as though fully set forth herein as and for its answer to paragraph 88.

89. Barclays states that the allegations in paragraph 89 (and Cause VII) are not directed at Barclays. To the extent a response is required, Barclays states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 and, therefore, denies those allegations.

90. Barclays states that the allegations in paragraph 90 (and Cause VII) are not directed at Barclays. To the extent a response is required, Barclays states that it is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and, therefore, denies those allegations.

## VI.     RELIEF SOUGHT

91.     The allegations in paragraph 91 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Barclays admits only that Plaintiff seeks the relief described in paragraph 91, but Barclays denies that Plaintiff is entitled to such relief.

## VII.    PRAYER FOR DAMAGES

Barclays admits only that Plaintiff purports to seek the relief described in the unnumbered WHEREFORE paragraph following paragraph 91, but Barclays denies that Plaintiff is entitled to such relief from Barclays.

## BARCLAYS' AFFIRMATIVE DEFENSES

1.     Plaintiff's SAC fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims may be barred, in whole or in part, because Plaintiff has suffered no actual injury and therefore has no standing to bring a statutory claim pursuant to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

3.     Plaintiff's claims are barred, in whole or in part, by estoppel, waiver, and/or laches.

4.     Barclays took reasonable measures to ensure that the information furnished to credit reporting agencies was true.  Any alleged misconduct by Barclays was the result of innocent mistake.

5.     Any loss, injury, damage, or detriment Plaintiff may have suffered was directly and proximately caused and contributed to by Plaintiff's own breach, conduct, acts, omissions,

activities, carelessness, recklessness, negligence, and/or intentional misconduct and not by Barclays.

6. Plaintiff has failed, refused, and/or neglected to take reasonable steps to mitigate his alleged damages, if any, thus barring or diminishing any recovery by Plaintiff.

7. Plaintiff's claims are barred, in whole or in part, by the terms and conditions of the applicable contractual agreements between the parties.

8. Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the Plaintiff's account(s), and Barclays reserves the right to compel arbitration under the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

9. Plaintiff's claims are barred by the applicable statute of limitations.

10. Each and every act by Barclays complained of in this SAC was justified, proper, legal, fair, and not done in degradation of Plaintiff's rights or legal interests.

11. Any claims for exemplary or punitive damages Plaintiff asserts violates Barclay's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

12. Plaintiff's damages, if any, must be setoff, offset, or accounted for under the doctrine of recoupment by amount(s), if any, owned by Plaintiff to Barclays pursuant to the applicable contractual agreements between the parties.

13. Barclays reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Barclays respectfully requests judgment in its favor and against Plaintiff and requests Barclays be awarded its costs and any further relief this Court deem just and proper.

Dated: October 10, 2019              Respectfully submitted,

*B. Scott Tschudy*

B. Scott Tschudy, Kansas Bar 12129
Kate B. McKinney, Kansas Bar 19691
MARTIN, PRINGLE, OLIVER, WALLACE &
BAUER, LLP
9401 Indian Creek Parkway
Building 40, Suite 1150
Overland Park, KS 66210
T: (913) 491-5500
F: (913) 491-3341
E: btstschudy@martinpringle.com

Christopher R. Murphy (admitted *pro hac vice*)
REED SMITH LLP
10 S. Wacker Dr.
Suite 4000
Chicago, IL 60606
T: (312) 207-6548
F: (312) 207-6400
E: CRMurphy@reedsmith.com

*Counsel for Defendant Barclays Bank Delaware*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on October 10, 2019, a true and accurate copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties. Parties may access this filing through the Court's CM/ECF system. In addition, I served a true and accurate copy of the foregoing, via email and USPS first-class mail, postage prepaid to Pro Se Plaintiff at:

Anthony J. Hampton
2615 Mountain View Dr.
McKinney, TX  75071
anthsehsafsamseth@protonmail.com

*B. Scott Tschudy*
B. Scott Tschudy,
*Counsel for Defendant Barclays Bank Delaware*

20