**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION**

| | | |
|---|---|---|
| ANTHONY J. HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:18-cv-04071-DDC-KGS |
| | ) | |
| BARCLAYS BANK DELAWARE, | ) | |
| DISCOVER BANK, LOAN DEPOT, LLC, | ) | |
| MARKETPLACE LOAN GRANTOR | ) | |
| TRUST, SERIES 2016-LD1, EQUIFAX, | ) | |
| INC., EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| TRANSUNION, LLC, and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT EXPERIAN'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Anthony J. Hampton's Second Amended Complaint (the "Complaint") as follows:

**SECOND AMENDED VERIFIED COMPLAINT**

**I.      PRELIMINARY STATEMENT**

1.      In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA").  Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.  To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

2.      In response to paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

3.      In response to paragraph 3 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

4.      In response to paragraph 4 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

## II.      JURISDICTION AND VENUE

5.      In response to paragraph 5 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

6.      In response to paragraph 6 of the Complaint, Experian admits that it transacts business in Kansas.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

7.      In response to paragraph 7 of the Complaint, Experian admits that Plaintiff alleges damages.  Experian denies that it is in any way liable to Plaintiff.

### III.      PARTIES

8.      In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.      In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.      In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.      In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.      In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.      In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.     In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.     In response to paragraph 16 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Experian admits that it is a "consumer reporting agency," under 15 U.S.C. §1681a(e).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 16 of the Complaint.

17.     In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## IV.     FACTUAL ALLEGATIONS

19.     In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.     In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26.     In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27.     In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28.     In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.     In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.     In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.     In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.     In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.     In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## V.     CAUSES OF ACTION

**CAUSE I**
**VIOLATIONS OF THE TELEPHONE**
**COMMUNICATIONS ACT 47 U.S.C. §227**
**AS TO DEFENDANT LD**

35.     In response to paragraph 35 of the Complaint, Experian incorporates its responses to the above Paragraphs as though fully stated therein.

36.     In response to paragraph 36 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

37.     In response to paragraph 37 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian further states that 47 U.S.C. §227(b)(1)(A)(iii) speaks for itself and, on that basis, denies any allegations inconsistent therewith. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

38.     In response to paragraph 38 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

39.     In response to paragraph 39 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

40.     In response to paragraph 40 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a

response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

41.     In response to paragraph 41 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

## CAUSE II
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. §227
## AS TO DEFENDANT MPLGT

42.     In response to paragraph 42 of the Complaint, Experian incorporates its responses to the above Paragraphs as though fully stated therein.

43.     In response to paragraph 43 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

44.     In response to paragraph 44 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian further states that 47 U.S.C. §227(b)(1)(A)(iii) speaks for itself and, on that basis, denies any allegations inconsistent therewith. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

45. In response to paragraph 45 of the Complaint, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

46. In response to paragraph 46 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

47. In response to paragraph 47 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

48. In response to paragraph 48 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

## CAUSE III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. §1681 AS TO DEFENDANTS BARCLAYS, DISCOVER, and LD

49. In response to paragraph 49 of the Complaint, Experian incorporates its responses to the above Paragraphs as though fully stated therein.

50.     In response to paragraph 50 of the Complaint, Experian states that the FCRA speaks for itself and, on that basis, denies any allegations inconsistent therewith.  To the extent a further response is required, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

51.     In response to paragraph 51 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

52.     In response to paragraph 52 of the Complaint, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

53.     In response to paragraph 53 of the Complaint, Experian states that the FCRA speaks for itself and, on that basis, denies any allegations inconsistent therewith.

54.     In response to paragraph 54 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

55.     In response to paragraph 55 of the Complaint, Experian states that Section 609(c)(2)(E) speaks for itself and, on that basis, denies any allegations inconsistent therewith.

To the extent a further response is required, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

56.     In response to paragraph 56 of the Complaint, Experian states that the FCRA speaks for itself and, on that basis, denies any allegations inconsistent therewith.

57.     In response to paragraph 57 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

58.     In response to paragraph 58 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.  Experian denies that it is liable to Plaintiff.

59.     In response to paragraph 59 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.  Experian denies that it is liable to Plaintiff.

**CAUSE IV**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681e(b)**

**AS TO DEFENDANTS EQUIFAX, EXPERIAN, and TRANS**

60.     In response to paragraph 60 of the Complaint, Experian incorporates its responses
to the above Paragraphs as though fully stated therein.

61.     In response to paragraph 61 of the Complaint, Experian states that the allegations
contained therein are legal conclusions not subject to admission or denial.  To the extent a
response is required, Experian is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained therein and, on that basis, denies, generally and
specifically, each and every allegation therein.  Experian denies that it is liable to Plaintiff.

62.     In response to paragraph 62 of the Complaint, Experian states that the allegations
contained therein are legal conclusions not subject to admission or denial.  To the extent a
response is required, Experian is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained therein and, on that basis, denies, generally and
specifically, each and every allegation therein.  Experian denies that it is liable to Plaintiff.

63.     In response to paragraph 63 of the Complaint, Experian states that the allegations
contained therein are legal conclusions not subject to admission or denial.  To the extent a
response is required, Experian is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained therein and, on that basis, denies, generally and
specifically, each and every allegation therein.

64.     In response to paragraph 64 of the Complaint, Experian states that the allegations
contained therein are legal conclusions not subject to admission or denial.  To the extent a
response is required, Experian is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained therein and, on that basis, denies, generally and
specifically, each and every allegation therein.  Experian denies that it is liable to Plaintiff.

65.     In response to paragraph 65 of the Complaint, Experian states that the FCRA speaks for itself and, on that basis, denies any allegations inconsistent therewith.  To the extent a further response is required, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

66.     In response to paragraph 66 of the Complaint, Experian states that the FCRA speaks for itself and, on that basis, denies any allegations inconsistent therewith.  To the extent a further response is required, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

67.     In response to paragraph 67 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

68.     In response to paragraph 68 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

69.     In response to paragraph 69 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that it was the direct and proximate cause of Plaintiff's alleged damages and denies that it is liable to Plaintiff.

## CAUSE V
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681i(a) AS TO DEFENDANTS EQUIFAX, EXPERIAN, and TRANSUNION

70.     In response to paragraph 70 of the Complaint, Experian incorporates its responses to the above Paragraphs as though fully stated therein.

71.     In response to paragraph 71 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

72.     In response to paragraph 72 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

73.     In response to paragraph 73 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

74.     In response to paragraph 74 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

75.     In response to paragraph 75 the Complaint, Experian states that the FCRA speaks for itself and, on that basis, denies any allegations inconsistent therewith.  To the extent a further response is required, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

76.     In response to paragraph 76 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

77.     In response to paragraph 77 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

78.     In response to paragraph 78 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

79.     In response to paragraph 79 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

80.    In response to paragraph 80 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

81.    In response to paragraph 81 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

82.    In response to paragraph 82 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

83.    In response to paragraph 83 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that it was the direct and proximate cause of Plaintiff's alleged damages and denies that it is liable to Plaintiff.

**CAUSE VI**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681i(c)**
**AS TO DEFENDANTS EXPERIAN and TRANSUNION**

84.     In response to paragraph 84 of the Complaint, Experian incorporates its responses to the above Paragraphs as though fully stated therein.

85.     In response to paragraph 85 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

86.     In response to paragraph 86 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation therein.

87.     In response to paragraph 87 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that it was the direct and proximate cause of Plaintiff's alleged damages and denies that it is liable to Plaintiff.

### CAUSE VII
### VIOLATION OF FAIR CREDIT REPORTING ACT (FDCPA), 15 U.S.C. §1692C AS TO DEFENDANTS LD & MPLGT

88.     In response to paragraph 88 of the Complaint, Experian incorporates its responses to the above Paragraphs as though fully stated therein.

89.     In response to paragraph 89 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation therein.

90.     In response to paragraph 90 of the Complaint, Experian states that 15 U.S.C. §1692(c) speaks for itself and, on that basis, denies any allegations inconsistent therewith.  To the extent a further response is required, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

## VI.     RELIEF SOUGHT

91.     In response to paragraph 91 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation therein.

## VII.     PRAYER FOR DAMAGES

92.     In response to Plaintiff's "Prayer For Damages" paragraph of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation as it pertains to Experian.  To the extent that the allegations pertain to defendants other than Experian, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation therein.

90.     Experian admits that Plaintiff demands a trial by jury.

\* \* \* \*

## EXPERIAN'S AFFIRMATIVE DEFENSES

By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Experian admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled.  As for its affirmative defenses, Experian reasserts and reincorporates as if fully set forth herein its above responses to all paragraphs of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant to the Complaint, Experian followed reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report.

## NINTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## TENTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action

be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: October 11, 2019

Respectfully submitted,

**HORN AYLWARD & BANDY, LLC**

*/s/ Danne W. Webb*
Danne W. Webb            KS #22312
Andrea S. McMurtry       KS #24746
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Telephone:     816-421-0700
Facsimile:     816-421-0899
dwebb@hab-law.com
amcmurtry@hab-law.com

Jeffrey R. Zohn (PHV)
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
Telephone:     312-269-4361
Facsimile:     312-782-8585
jzohn@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2019, the foregoing was served by operation of the Court's CM/ECF system and by electronic mail on the following counsel:

Benjamin Scott Tschudy
Martin Pringle Oliver Wallace & Bauer, LLP - Overland Park
9401 Indian Creek Parkway, Building 40, Suite 1150
Overland Park, KS 66210
913-491-5500
Fax: 913-491-3341
Email: bstschudy@martinpringle.com
*Attorney for Barclays Bank Delaware*

Christopher R. Murphy
Reed Smith, LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606
312-207-6548
Fax: 312-207-6400
Email: crmurphy@reedsmith.com
*Attorney for Barclays Bank Delaware*

Kate Bohon McKinney
Martin Pringle Oliver Wallace & Bauer, LLP - Overland Park
9401 Indian Creek Parkway, Building 40, Suite 1150
Overland Park, KS 66210
913-491-5500
Fax: 913-491-3341
Email: kbmckinney@martinpringle.com
*Attorney for Barclays Bank Delaware*

Kirsten A. Byrd
Husch Blackwell LLP - 4801 Main
4801 Main Street, Suite 1000
Kansas City, MO 64112
816-983-8000 ext 8384
Fax: 816-983-8080
Email: kirsten.byrd@huschblackwell.com
*Attorney for Discover Bank*

Joshua C. Dickinson
Spencer Fane LLP – Omaha
13520 California Street, Suite 290
Omaha, NE 68154

402-965-8600
Fax: 402-965-8601
Email: jdickinson@spencerfane.com
*Attorney for Loandepot.com, LLC*

Kersten L. Holzhueter
Spencer Fane LLP – KC
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
816-292-8302
Fax: 816-474-3216
Email: kholzhueter@spencerfane.com
*Attorney for Loandepot.com, LLC*

Michael C. Barnhill
Michael Best & Friedrich, LLP – Cottonwood
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
801-833-0500
Fax: 801-931-2500
Email: mcbarnhill@michaelbest.com
*Attorney for Marketplace Loan Grantor Trust*

Michael J. Norton
Foulston Siefkin LLP - Wichita
1551 N Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
316-291-9743
Fax: 866-346-2031
Email: mnorton@foulston.com
*Attorney for Marketplace Loan Grantor Trust*

Guillermo Gabriel Zorogastua
Polsinelli PC - 48th Street
900 W. 48th Place, Suite 900
Kansas City, MO 64112-1895
816-374-0537
Fax: 816-817-0294
Email: gzorogastua@polsinelli.com
*Attorney for Equifax, Inc. and Equifax Information Services, LLC*

Phillip J.R. Zeeck
Polsinelli PC - 48th Street
900 W. 48th Place, Suite 900
Kansas City, MO 64112-1895
816-572-4592

Email: pzeeck@polsinelli.com
*Attorney for Equifax, Inc. and Equifax Information Services, LLC*

Bryan E. Mouber
Baker, Sterchi, Cowden & Rice, LLC - OP
51 Corporate Woods
9393 W. 110th Street, Suite 500
Overland Park, KS 66210
913-451-6752
Fax: 816-472-0288
Email: mouber@bscr-law.com
*Attorney for TransUnion, LLC*

James S. Kreamer
Baker, Sterchi, Cowden & Rice, LLC - KC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
816-471-2121
Fax: 816-472-0288
Email: kreamer@bscr-law.com
*Attorney for TransUnion, LLC*

Megan R. Stumph-Turner
Baker, Sterchi, Cowden & Rice, LLC - KC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
816-471-2121
Email: mstumph@bscr-law.com
*Attorney for TransUnion, LLC*

I further certify that on the 11th day of October, 2019, the foregoing document was sent, via First Class, U.S. Mail, postage prepaid to Plaintiff at the following address:

Anthony J. Hampton
2615 Mountain View Drive
McKinney, TX 75071

/s/ Danne W. Webb
*Attorney for Defendant*
*Experian Information Solutions, Inc.*