IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY J. HAMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-4071-DDC-KGS |
| ) | |
| BARCLAYS BANK DELAWARE, et al., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LOANDEPOT.COM, LLC'S MOTION TO DISMISS**

Defendant loanDepot.com, LLC ("LD LLC") moves for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff's Second Amended Complaint (Doc. 141) failed to address the deficiencies that this Court previously outlined (Doc. 137).

Plaintiff's First Amended Complaint asserted statutory claims against LD LLC under the Fair Credit Reporting Act ("FCRA") and Telephone Consumer Protection Act ("TCPA"). This Court dismissed those claims and granted leave for Plaintiff to try to remedy the problems via an amended pleading. Doc. 137. Specifically, the Court held that (1) the First Amended Complaint failed to state a claim against LD LLC and (2) Plaintiff lacked standing because he failed to allege any concrete injury. Doc. 137. The Second Amended Complaint suffers from the same fatal flaws. The Court told Plaintiff how to cure the deficiencies, but he either ignored the Court's instructions or just simply cannot plead the necessary facts to address these issues.

Most notably, Plaintiff doubled down on his belief that he does not need to allege a concrete injury even though the Court advised that such an injury was essential to standing. Instead of alleging a purported injury from a credit reporting dispute or his receipt of ten phone calls, Plaintiff stuck with his original conclusions and, in a new claim against LD LLC under the Fair Debt Collection Practices Act ("FDCPA"), actually claims that "no damages need to be

alleged." Doc. 141 ¶ 89.  This is contrary to this Court's direction in its September 9 Order, which followed Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016).  Plaintiff, again, failed to meet his burden.  LD LLC should be dismissed as Plaintiff lacks standing.

In addition, the Second Amended Complaint still fails to state a claim against LD LLC under any theory.  For the TCPA claim (Count I), Plaintiff fails to plead an essential element—the use of automatic telephone dialing system ("ATDS") to call him.  47 U.S.C. § 227(a)(1).  The Court told Plaintiff that he could not rely on conclusions to plead this element (Doc. 137 at 10-11); yet, the Second Amended Complaint still relies on the same types of conclusions.  And, Plaintiff even pleads that the calls involved human intervention "in the beginning."  Doc. 141 ¶ 38.  As the Court previously noted, this admitted human involvement contradicts Plaintiff's conclusions as to use of an ATDS.  Doc. 137 at 11.  The Court should again hold that Plaintiff has not met his burden of pleading a plausible TCPA claim against LD LLC.

For the FCRA claim (Count III), Plaintiff also rejected the Court's advice.  Despite the Court's explanation that no private cause of action exists to enforce section 1681s-2(a) of the FCRA, Plaintiff still complains about his purported disagreement with information reported to unidentified credit reporting agencies, which is covered by section 1681s-2(a).  Plaintiff may try to dress up his purported grievance as something else by citing section 1681s-2(b) in the Second Amended Complaint but, if the Court ignores the legal conclusions, it is left with a claim that relies on allegedly inaccurate credit reporting—which is not covered by section 1681s-2(b).  Therefore, Plaintiff has failed to plead a plausible FCRA claim against LD LLC.

Finally, for the new FDCPA claim (Count VII), Plaintiff fails to plead—with facts or even conclusions—that LD LLC is a "debt collector" covered by the statute or that it was seeking to collect a debt covered by the statute (a debt "primarily for personal, family, or

household purposes"). 15 U.S.C. §§ 1692a(3), (5). Notably, the statutory definition of "debt collector" excludes anyone who attempts to collect a debt that it originated. Id. § 1692a(6)(F)(ii); Mondonedo v. Sallie Mae, Inc., No. 07-4059-JAR, 2008 WL 4491409, at *3 (D. Kan. Sept. 29, 2008) ("the FDCPA does not apply to individuals who are collecting on their own debts rather than those of another."). The Second Amended Complaint omits these essential facts, and it even suggests that LD LLC was an original creditor (Doc. 141 ¶ 12), which would mean it cannot be liable under the FDCPA as a matter of law. Thus, Plaintiff has also failed to plead a plausible FDCPA claim against LD LLC.

The Second Amended Complaint fails to cure Plaintiff's pleading deficiencies. The Court already gave Plaintiff an opportunity to cure these deficiencies with amended pleadings; its recent order was explicit about what the Court believed was necessary to show standing and plead a plausible claim. The claims against LD LLC should now be dismissed with prejudice given Plaintiff's repeated inability to remedy these issues.

WHEREFORE, LD LLC respectfully requests that the Court dismiss LD LLC with prejudice; award costs in favor of LD LLC; and, grant such other relief that the court deems just and proper.

DATED this 11th day of October, 2019.

Respectfully submitted,

SPENCER FANE LLP

By: /s/ Kersten L. Holzhueter
    Joshua C. Dickinson      KS Bar No. 20632
    Kersten L. Holzhueter    KS Bar No. 24885
    1000 Walnut, Suite 1400
    Kansas City, MO 64106
    Telephone: (816) 474-8100
    Facsimile: (816) 474-3216
    E-mail: jdickinson@spencerfane.com
            kholzhueter@spencerfane.com

ATTORNEYS FOR DEFENDANT
LOANDEPOT.COM, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas this 11th day of October, 2019, with notice of case activity generated and sent to all registered parties. On October 11, 2019, the foregoing was served on Pro Se Plaintiff via first class mail, postage prepaid, addressed as follows:

Anthony Hampton
2615 Mountain View Dr.
McKinney, TX 75071

/s/ Kersten L. Holzhueter
Attorney for Defendant loanDepot.com, LLC