## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY J. HAMPTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-4071-DDC-ADM |
| BARCLAYS BANK DELAWARE, et al., | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM IN SUPPORT OF DEFENDANT LOANDEPOT.COM, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant loanDepot.com, LLC ("LD LLC") moves for dismissal of the claims asserted against it by Plaintiff Anthony Hampton in the Second Amended Complaint (Doc. 141). Plaintiff's First Amended Complaint sought to assert statutory claims against LD LLC under the Fair Credit Reporting Act ("FCRA") and Telephone Consumer Protection Act ("TCPA"). This Court dismissed those claims and granted leave for Plaintiff to try to remedy the problems via an amended pleading. Specifically, the Court held that (1) the First Amended Complaint failed to state a claim against LD LLC and (2) Plaintiff lacked standing to assert claims under either statute because he failed to allege any concrete injury. Doc. 137.

Although the Court gave a clear roadmap as to what was needed to cure the deficiencies, Plaintiff has ignored the Court's instruction. Most notably, Plaintiff doubled down on his belief (and hope) that he does not need to allege a concrete injury. Instead of trying to articulate how Plaintiff believes he has been injured by a credit reporting dispute or his alleged receipt of ten phone calls, he stuck with his original conclusions and, in a new claim against LD LLC under the Fair Debt Collection Practices Act ("FDCPA"), actually claims that "no damages need to be alleged." Doc. 141 ¶ 89. This is contrary to this Court's direction in its September 9 Order, which followed the Supreme Court's holding in Spokeo.

In addition, Plaintiff still fails to state a claim against LD LLC under any of his theories. As the Second Amended Complaint ("SAC") fails to cure Plaintiff's pleading deficiencies and Plaintiff has already been given an opportunity to file amended pleadings, the claims against LD LLC should be dismissed with prejudice.

**I.      NATURE OF THE MATTER**

Plaintiff's Second Amended Complaint asserts three statutory claims against LD LLC. Plaintiff claims LD LLC violated the FCRA by reporting inaccurate account information to unidentified credit reporting agencies after Plaintiff disputed his debt. See 15 U.S.C. § 1681s-2(a)(3). In addition, Plaintiff claims LD LLC violated the TCPA (47 U.S.C. § 227(b)) and FDCPA (15 U.S.C. § 1692c) by calling his cell phone ten times in March and April 2018.

**II.     STATEMENT OF THE FACTS**

Plaintiff alleges the following in connection with his claims against LD LLC:[1]

1. Plaintiff took out a loan, account ending 9589 (the "Account"). Doc. 141 ¶ 12.

2. On or about March 20, 2018, Plaintiff sent correspondence to LD LLC, demanding validation of the Account, a statement of LD LLC's damages, and cessation of phone calls. Doc. 141 ¶¶ 19, 26.

3. On March 20, 2018, Plaintiff sent notices of dispute to Equifax, Experian, and TransUnion related to the Account. Doc. 141 ¶ 27.

4. On an unspecified date, unnamed "CRAS contacted Defendants Barclays, Discover and LD requesting reinvestigation of the alleged debt." Doc. 141 ¶ 28.

---

[1] The Court must accept Plaintiff's allegations as true for this motion, but LD LLC does not concede any of these points.

5. Plaintiff claims that LD LLC was barred from reporting any information for the Account to credit bureaus because LD LLC was not a holder in due course due to the securitization process and, thus, it had not "incurred a loss." Doc. 141 ¶ 51.

6. LD LLC "failed to report the results of [its] investigation to the CRAs," and Plaintiff disagreed with the information reported by LD LLC. Doc. 141 ¶ 54.

7. Plaintiff makes just one allegation regarding damages in the FCRA count: "As a direct and proximate result of Defendants['] . . . conduct, Plaintiff has and will continue to suffer damages. Plaintiff seeks damages in the amount of $1,000 from each Defendant . . . ." Doc. 141 ¶ 58.

8. LD LLC called Plaintiff's cell phone ten times from March 24, 2018 to April 19, 2018. Doc. 141 ¶ 23.

9. Plaintiff claims LD LLC's calls were placed using an "automatic telephone dialing system," which had an "artificial sounding computer voice" and, "[i]n the beginning of these calls, Plaintiff would be put through to a person who identified themselves as from LD to collect on a debt." Doc. 141 ¶ 38.

10. Plaintiff seeks statutory damages totaling $1,500 per call under the TCPA, 47 U.S.C. § 227(b)(3)(B). Doc. 141 ¶¶ 39-41.

11. Plaintiff also seeks statutory damages under the FDCPA based on LD LLC allegedly placing the ten calls after Plaintiff made demand to stop on March 20, 2018. Doc. 141 ¶¶ 89-90.

12. Plaintiff proclaims that "no damages need to be alleged" for his FDCPA claim. Doc. 141 ¶ 89.

**III.   QUESTIONS PRESENTED**

1.   Whether Plaintiff has met his burden of pleading facts that establish standing by simply seeking statutory damages rather than alleging a concrete injury caused by LD LLC?

2.   Whether Plaintiff's conclusion that LD LLC used an automatic telephone dialing system is sufficient to state a plausible TCPA claim?

3.   Whether Plaintiff can assert a cause of action under section 1681s-2(a) of the FCRA?

4.   Whether Plaintiff can state a claim under the FDCPA when he failed to allege LD LLC was a "debt collector" attempting to collect a "debt"?

**IV.   ARGUMENT**

   **A.   The claims against LD LLC should be dismissed pursuant to Rule 12(b)(1) as Plaintiff lacks standing**

"Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating'" the three elements of standing: the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.   Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547, (2016) (citation omitted).  "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements."  Id.  A plaintiff cannot meet his burden of establishing standing by relying on conclusory allegations, but the district court must accept factual allegations as true when presented with a facial attack.  Doc. 137 at 4 (citation omitted); Kostmayer Constr., LLC v. Port Pipe & Tube, Inc., No. 2:16-CV-01012, 2016 WL 6143075, at *3 (W.D. La. Oct. 19, 2016) (granting motion to dismiss under Fed. R. Civ. P. 12(b)(1) because a plaintiff "must allege facts to establish a concrete injury, and his general reference to damages contemplated by congress is insufficient."); see also Silha v. ACT, Inc., 807 F.3d 169, 174 (7th

Cir. 2015) ("Because Lujan mandates that standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, it follows that the Twombly-Iqbal facial plausibility requirement for pleading a claim is incorporated into the standard for pleading subject matter jurisdiction."); Cocona, Inc. v. Sheex, Inc., 92 F. Supp. 3d 1032, 1040 (D. Colo. 2015) (finding plaintiff's "conclusory" allegation of an injury in fact insufficient to establish standing).

"Injury in fact" is "a constitutional requirement." Doc. 137 at 12 (citing Spokeo, 136 S. Ct. at 1547). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, 136 S. Ct. at 1548 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). To satisfy the concreteness requirement, an injury "must be 'de facto'; that is, it must actually exist." Id. As the Supreme Court made clear in Spokeo, Congress cannot abrogate the constitutional requirement of injury in fact. Id. at 1547-48 ("Injury in fact is a constitutional requirement, and it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."). "For that reason, [Plaintiff] could not . . . allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id. at 1549; see also Braitberg v. Charter Comms., Inc., 836 F.3d 925, 930 (8th Cir. 2016) (in a scenario where "there was no real harm or material risk of harm" then "a statutory violation would not amount to concrete injury").

Spokeo dealt with an alleged FCRA violation—like one of the claims Plaintiff tries to assert against LD LLC. The Supreme Court acknowledged that Congress's intent behind the FCRA was to "curb the dissemination of false information by adopting procedures designed to

decrease that risk." 136 S. Ct. at 1550. Despite that clear intention, the Court then held that the plaintiff could not "satisfy the demands of Article III by alleging a bare procedural violation," such as a failure to provide a proper notice or the reporting of an inaccurate zip code or other fact that presented no material risk of harm. Id. This Court recently explained the impact of Spokeo on the vitality of FCRA claims:

> [In Spokeo], the Supreme Court held that a plaintiff "cannot satisfy the demands of Article III [standing] by alleging a bare procedural violation" of the FCRA, in part, because "[a] violation of one of the FCRA's procedural requirements may result in no harm." Some attorneys have theorized that this holding may bring an "end to costly FCRA (and other statutory) class actions based on trivial violations of procedural requirements that don't harm anyone." Kevin M. McGinty & George Patterson, Mintz Levin, Supreme Court's Spokeo Decision Strengthens Standing Defense for Employers in FCRA and Other Statutory Class Actions (June 3, 2016), https://www.employmentmattersblog.com/2016/06/supreme-courts-spokeo-decision-strengthens-standing-defense-for-employers-in-fcra-and-other-statutory-class-actions/. Taking on FCRA cases today, then, is a risky endeavor.

Bailes v. Lineage Logistics, LLC, No. 15-2457-DDC-TJJ, 2017 WL 4758927, at *6 (D. Kan. Oct. 20, 2017); see also LaRoe v. FCA US, LLC, No. 17-2487-DDC-JPO, 2018 WL 3105378, at *6 (D. Kan. June 25, 2018) (holding plaintiff failed to allege concrete injury that was fairly traceable to defendant's conduct).

Defendants previously sought dismissal of Plaintiff's First Amended Complaint based on a lack of standing. This Court held that Plaintiff failed to allege a concrete injury for his TCPA and FCRA claims. Doc. 137 at 11, 19-20. The Court also explained what Plaintiff would need to plead to survive a future Rule 12(b)(1) motion. See id. Even with this clear direction, Plaintiff failed to plead an injury in fact caused by any statutory violation. For the TCPA claim, Plaintiff simply concludes he is entitled to statutory damages of $1,500 per purported violation. Doc. 141 ¶¶ 39-41. Similarly, for the FCRA claim, Plaintiff concludes that, just like he did in the First Amended Complaint, "Plaintiff has and will continue to suffer damages," but then seeks

just statutory damages. Doc. 141 ¶ 58. Finally, for the new FDCPA claim, Plaintiff completely disregarded the Court's instruction by claiming he did not need to allege any damages because it was a strict liability statute. Id. ¶ 89.

Conspicuously absent from Plaintiff's complaint are any specific, factual allegations of concrete harm allegedly suffered as a consequence of LD LLC's actions. There are no allegations that Plaintiff has suffered any adverse financial or economic consequences from LD LLC's actions, or any physical or emotional harm. At best, Plaintiff has alleged a purely procedural violation of the kind the Supreme Court, along with other courts interpreting Spokeo, has made clear cannot confer standing. Plaintiff's claims against LD LLC must be dismissed under Fed. R. Civ. P. 12(b)(1).

**B.     All claims against LD LLC should be dismissed pursuant to Rule 12(b)(6).**

This Court recently explained the standard applicable to motions to dismiss filed under Rule 12(b)(6):

> For a complaint to survive a motion to dismiss under Rule 12(b)(6), the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."
>
> When considering whether a plaintiff has stated a plausible claim, the court must assume that the complaint's factual allegations are true. But, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."

Tronsgard v. FBL Fin. Grp., Inc., 312 F. Supp. 3d 982, 989 (D. Kan. 2018) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 570 (2007)); accord Doc. 137 at 5-6. None of the claims against LD LLC meet this standard.

### 1. The TCPA claim still fails to plead facts that plausibly show that LD LLC placed calls using an ATDS.

An essential element of Plaintiff's TCPA claim is the use of automatic telephone dialing equipment ("ATDS"). Section 227(b)(1)(A) of the TCPA states:

> It shall be unlawful for any person within the United States . . . to make any call other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1)(A). An ATDS is "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator [and] to dial such numbers." Id. § 227(a)(1).

Courts have held that a plaintiff cannot state a plausible TCPA claim simply by concluding that the defendant used an ATDS. Rather, plaintiffs must plead facts, such as the pattern and result of phone calls, that support the conclusion that the defendant used equipment with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator [and] to dial such numbers." Id. § 227(a)(1). For example, in a recent Middle District of Florida case, the plaintiff alleged "Wells Fargo violated Section 227(b)(1)(A)(iii) by 'plac[ing] calls to [Weaver]'s cell phone without [Weaver]'s express consent using an automatic telephone dialing system.'" Weaver v. Wells Fargo Bank N.A., No. 8:15-CV-1247-T-23TGW, 2015 WL 4730572, at *2 (M.D. Fla. Aug. 10, 2015). The Court explained that it must disregard the conclusory allegations regarding the ATDS. Id. at *2-3. It then held that the remaining allegations failed to state a plausible TCPA claim. Id. at *3 ("Weaver alleges no 'factual predicate concrete enough to warrant further proceedings.' Instead, Weaver merely asserts that Wells Fargo used an automatic telephone dialing system (ATDS), and that 'bald assertion' 'will not overcome a Rule 12(b)(6) motion.'").

This Court applied the same standard, and told Plaintiff what was necessary to state a claim. Doc. 137 at 10-11. And, other Courts have held plaintiffs to the same pleading standard for TCPA claims. Mesa v. Am. Express Educ. Assurance Co., No. 16-CV-24447, 2017 WL 2212147, at *5 (S.D. Fla. May 18, 2017) (holding plaintiff failed to state a claim when his "only factual allegation regarding the use of the automatic telephone dialing system is that someone from Transworld called 'by use of an automatic dialer,' but [plaintiff] fails to provide any other details regarding the contents of the message."); Reo v. Caribbean Cruise Line, Inc., No. 1:14 CV 1374, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016) ("This Court is persuaded by the majority of courts who require some additional factual allegations, no matter how minor, in addition to parroting the language of the statute."); Johansen v. Vivant, Inc., No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) ("It is not unreasonable, however, to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the ATDS."); Ibey v. Taco Bell Corp., No. 12-CV-0583-H WVG, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) ("In a conclusory manner, Plaintiff alleges that Defendant used an ATDS. Nevertheless, Plaintiff neither specifies that the device has the capacity to store or produce telephone numbers nor that the system uses a random or sequential number general [sic] to text message the numbers. . . . [T]he Court concludes that Plaintiff's complaint fails to sufficiently plead the use of an ATDS within the meaning of the TCPA.").

Here, the Court explained why Plaintiff's previous allegations were insufficient. Doc. 137 at 10-11. Yet, Plaintiff still relies exclusively on improper conclusions to plead that LD LLC used an ATDS. Doc. 141 ¶¶ 36, 38. These conclusions must be disregarded. Tronsgard, 312 F. Supp. 3d at 989. The only other allegation related to the nature of calls was that Plaintiff

received 10 calls; "**[i]n the beginning of these calls**, Plaintiff would be put through to a **person** who identified themselves as from LD to collect on a debt"; and, "there was an artificial sounding computer voice" when he "answered the call."  Doc. 141 ¶ 38 (emphasis added).  The Court previously explained that the First Amended Complaint failed to state a claim by relying on an allegation of a "mechanical sounding device," especially when considered with his other "allegations about a 'live person' on the call," which appeared "to contradict his conclusory allegation that LD used an ATDS."  Doc. 137 at 11.  In the Second Amended Complaint, Plaintiff varied the conclusion in form but not substance—claiming the calls had a "computer voice" rather than a "mechanical sounding device"—and that "new" conclusion was again <u>paired with admitted human intervention in the beginning of the calls</u>, which contradicts his conclusion.  Doc. 141 ¶ 38.

It is clear that Plaintiff did not cure his pleading's deficiencies despite receiving guidance from the Court on what it believed was necessary to state a claim.  The Second Amended Complaint still does not plausibly suggest that LD LLC placed calls using an ATDS—an element essential to the TCPA claim.  <u>See</u> 47 U.S.C. § 227(a)(1).  Plaintiff has again failed to meet his burden of pleading factual allegations sufficient to "raise a right to relief above the speculative level."  <u>Tronsgard</u>, 312 F. Supp. 3d at 989; <u>see also</u> Doc. 137 at 11.  The TCPA claim against LD LLC must be dismissed pursuant to Rule 12(b)(6).

### 2. Count III, under the FCRA, also fails to state a plausible claim.

The Court previously explained that there is no private right of action under section 1681s-1(a) of the FCRA.  Doc. 137 at 6.  Yet, Count III of the Second Amended Complaint still relies extensively on section 1681s-2(a) (also known as section 623(a)).  For example, Plaintiff cites to section 1681s-2(a)(8)(E), which requires an investigation of a consumer's dispute and the

OM 502037.1

OM 539301.1

reporting of the results of the investigation to the consumer.  Doc. 141 ¶¶ 50, 52-53.  Plaintiff also claims LD LLC reported inaccurate information, which is covered by section 1681s-2(a)(1)(B).  Doc. 141 ¶ 51.  As there is no private cause of action for violations of section 1681s-2(a), at a minimum, Plaintiff's claims under section 1681s-2(a) must be dismissed.  Doc. 137 at 6; 15 U.S.C. § 1681s-2(c)(1); Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 751 (10th Cir. 2009).

Even with the Court's explanation of the limits on subsection (a), Plaintiff only briefly mentions subsection (b)—a subsection that can support a private cause of action.  Doc. 141 ¶ 59.  Based on the Court's instruction, presumably, Plaintiff adds allegations concluding that unidentified CRAs contacted LD LLC and LD LLC failed to report the results of its investigation to the CRAs.[2]  However, in the same paragraph, Plaintiff also alleges LD LLC reported information to the CRAs, and Plaintiff believed the information was inaccurate.  Doc. 141 ¶ 54.  Although section 1681s-2(b) permits a private cause of action, a plaintiff must still allege that a defendant failed to: "conduct an investigation with respect to the disputed information; review all relevant information provided by the consumer reporting agency . . . ; report the results of the investigation to the consumer reporting agency."  15 U.S.C. § 1681s-2(b)(1)(A)-(C).

After analyzing all of Plaintiff's allegations, it appears his complaint it not that LD LLC failed to reinvestigate—but that he disagreed with the results of LD LLC's investigation.  This is still a purported section 1681s-2(a) claim that Plaintiff tries to dress up as a section 1681s-2(b) claim.  Plaintiff's clever pleading cannot state an FCRA claim, especially when the Court gave

---

[2] See Comunale v. Home Depot, U.S.A., Inc., 328 F. Supp. 3d 70, 80 (W.D.N.Y. 2018) (dismissing FCRA claim because "Plaintiff fail[ed] to allege that any of the unidentified credit reporting agencies referred to in his Complaint rendered notice of a credit dispute to Defendants regarding the subject account").

him clear guidance on what was necessary to state an FCRA claim. Plaintiff still failed to allege the essential elements, and his claim should be dismissed.

### 3. The final theory asserted against LD LLC (Count VII) fails to state a claim, too, as Plaintiff does not allege facts supporting multiple elements required by the FDCPA.

Count VII includes only three paragraphs: (88) incorporating other paragraphs, (89) concluding LD LLC violated section "1692c by failing to discontinue communications with Plaintiff after notice to discontinue" and opining Plaintiff does not need to allege damages as the FDCPA is a strict liability statute, and (90) concluding LD LLC called Plaintiff after he made demand to stop on March 20, 2018, and then quoting section 1692c. Doc. 141 ¶¶ 88-90. Even if the Court considers all other allegations in the pleading, Plaintiff failed to plead multiple elements that are essential to an FDCPA claim.

> This Court has articulated what a Plaintiff must allege to state a claim under the FDCPA:
>
> Plaintiff must show that (1) she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the debt at issue arises out of a transaction entered into primarily for personal, family, or household purposes; (3) Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendant, through its acts or omissions, violated a provision of the FDCPA.

Eliker v. Nelnet, No. 17-01208-EFM-GEB, 2018 WL 1566644, at *2 (D. Kan. Mar. 30, 2018) (quoting Yang v. Midland Credit Mgmt. Inc., 2016 WL 393726, at *1 (D. Kan. 2016)). Simply alleging conclusions that a plaintiff is a "consumer" and a defendant is a "debt collector" is not sufficient to state a claim when the plaintiff fails to provide any factual basis for the allegations. Eliker, 2018 WL 1566644, at *2 ("Because Eliker's complaint provided only conclusory allegations and legal conclusions that could not give Nelnet fair notice of the claims against it, Eliker's claim under the Fair Debt Collection Practices Act fails and Nelnet's motion to dismiss this claim is granted.").

"The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt," and "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §§ 1692a(3), (5). Moreover, a "debt collector" is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). Notably, a "debt collector" excludes anyone who attempts to collect a debt that it originated. Id. § 1692a(6)(F)(ii); Mondonedo v. Sallie Mae, Inc., No. 07-4059-JAR, 2008 WL 4491409, at *3 (D. Kan. Sept. 29, 2008) ("the FDCPA does not apply to individuals who are collecting on their own debts rather than those of another."); Zsamba ex rel. Zsamba v. Cmty. Bank, Abilene, Kan., 63 F. Supp. 2d 1294, 1300 (D. Kan. 1999) (granting bank's motion for judgment on the pleadings because "creditors are not liable under the FDCPA").

Furthermore, to violate section 1692c of the FDCPA, the following must be true:

1. The debt collector must have communicated with respect "to debt that the consumer has refused to pay or to debt with respect to which the debt collector has already communicated with the consumer"—rather than a debt that did not exist at the time of the cease and desist request. Udell v. Kansas Counselors, Inc., 313 F. Supp. 2d 1135, 1141 (D. Kan. 2004).

2. The communication must have been regarding something other than advising "the consumer that the debt collector's further efforts are being terminated." 15 U.S.C. § 1692c(1).

3. The communication must have been regarding something other than notifying "the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor." Id. § 1692c(2).

    4.      The communication must have been regarding something other than notifying "the consumer that the debt collector or creditor intends to invoke a specified remedy." Id. § 1692c(3).

In this case, Plaintiff's Second Amended Complaint fails to allege multiple essential elements. First, Plaintiff does not allege—<u>with facts or even conclusions</u>—that LD LLC was attempting to collect a debt that Plaintiff incurred "primarily for personal, family, or household purposes." Second, Plaintiff fails to allege that LD LLC is a "debt collector." In fact, Plaintiff alleges that LD LLC had an account ending 9589, which it assigned to Marketplace, and Plaintiff "received 10 joint calls from Defendants LD and [Marketplace]." Doc. 141 ¶ 12. This allegation suggests that any calls by LD LLC related to an account that it originated. Thus, Plaintiff has actually alleged facts showing LD LLC is <u>not</u> a "debt collector" covered by the FDCPA. 15 U.S.C. § 1692a(6)(F)(ii); <u>Mondonedo</u>, 2008 WL 4491409, at *3; <u>Zsamba ex rel. Zsamba v</u>, 63 F. Supp. 2d 1294, 1300. Third, Plaintiff failed to allege facts showing that any communications were covered by section 1692c (i.e. regarding an account subject to the purported cease and desist request, and not otherwise permitted by one of the section 1692c exceptions). Each of these omissions is fatal to Plaintiff's FDCPA claim. Plaintiff has failed to state a plausible FDCPA claim against LD LLC, and the claim should be dismissed.[3]

Plaintiff is on his third pleading. The Court should not give him another opportunity to try to state a claim or allege standing, especially since the Court gave a clear explanation when it dismissed the First Amended Complaint. LD LLC should now be dismissed with prejudice.

## V.    CONCLUSION

LD LLC respectfully requests that the Court dismiss LD LLC with prejudice; award costs in favor of LD LLC; and, grant such other relief that the court deems just and proper.

---

[3] LD LLC reserves all rights to challenge the FDCPA claim as untimely if not dismissed.

DATED this 11th day of October, 2019.

        Respectfully submitted,

        SPENCER FANE LLP

        By: /s/ Kersten L. Holzhueter
        Joshua C. Dickinson   KS Bar No. 20632
        Kersten L. Holzhueter   KS Bar No. 24885
        1000 Walnut, Suite 1400
        Kansas City, MO 64106
        Telephone: (816) 474-8100
        Facsimile: (816) 474-3216
        E-mail: jdickinson@spencerfane.com
                kholzhueter@spencerfane.com

        ATTORNEYS FOR DEFENDANT
        LOANDEPOT.COM, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas this 11th day of October, 2019, with notice of case activity generated and sent to all registered parties. On October 11, 2019, the foregoing was served on Pro Se Plaintiff via first class mail, postage prepaid, addressed as follows:

Anthony Hampton
2615 Mountain View Dr.
McKinney, TX 75071

        /s/ Kersten L. Holzhueter
        Attorney for Defendant loanDepot.com, LLC