**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ANTHONY J. HAMPTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 5:18-cv-04071-DDC-KGS** |
| | ) | |
| **BARCLAYS BANK DELAWARE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT EQUIFAX INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND VERIFIED AMENDED COMPLAINT**

Defendant Equifax Inc., by Counsel, responds to Plaintiff's Second Verified Amended Complaint as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax Inc. states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax Inc. denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax Inc. responds as follows:

1. Equifax Inc. admits that Plaintiff purports to bring a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Equifax Inc. denies that it is subject to or violated the FCRA, denies that plaintiff was damaged by any action or inaction of Equifax Inc., and denies that Plaintiff is entitled to any of the relief requested.

2. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Equifax Inc. states that the referenced legal authorities speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the legal authorities, the allegations are denied.

4. Equifax Inc. denies the allegations in Paragraph 4 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.

5. To the extent Plaintiff has properly alleged his claims, Equifax Inc. admits the Court may exercise its jurisdiction.

6. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Equifax Inc. denies the allegations in Paragraph 7 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Equifax Inc. denies the allegations in the first and second sentences of Paragraph 14. Equifax Inc. admits the remaining allegations in Paragraph 14 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. Equifax Inc. admits the allegations in Paragraph 15.

16. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Equifax Inc. denies the allegations in Paragraph 27 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

28. Equifax Inc. admits the allegations in Paragraph 28 as they pertain to it, on the basis that it is not a consumer reporting agency and does not reinvestigate consumer disputes. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Equifax Inc. denies the allegations in Paragraph 30 as they may pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30.

31. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Equifax Inc. admits that it did not “report” Plaintiff’s dispute, but denies that it “failed” to do so, on the basis that it is not a consumer reporting agency and neither reinvestigates consumer disputes nor maintains credit files nor issues consumer reports.

33. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Equifax Inc. restates its answers and defenses to Paragraphs 1-34.

36. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Equifax Inc. restates its answers and defenses to Paragraphs 1-40.

42. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. Equifax Inc. restates its answers and defenses to Paragraphs 1-46.

48. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. Equifax Inc. restates its answers and defenses to Paragraphs 1-60.

62. Equifax Inc. denies the allegations in Paragraph 62 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62.

63. Equifax Inc. denies the allegations in Paragraph 63 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63.

64. Equifax Inc. denies the allegations in Paragraph 64 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64.

65. Equifax Inc. states that the referenced legal authorities speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the legal authorities, the allegations are denied.

66. Equifax Inc. states that the referenced legal authorities speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the legal authorities, the allegations are denied.

67. Equifax Inc. denies the allegations in Paragraph 67 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67.

68. Equifax Inc. denies the allegations in Paragraph 68 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68.

69. Equifax Inc. denies the allegations in Paragraph 69 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69.

70. Equifax Inc. restates its answers and defenses to Paragraphs 1-69.

71. Equifax Inc. denies the allegations in Paragraph 71 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71.

72. Equifax Inc. denies the allegations in Paragraph 72 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72.

73. Equifax Inc. denies the allegations in Paragraph 73 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73.

74. Equifax Inc. denies the allegations in Paragraph 74 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74.

75. Equifax Inc. states that the referenced legal authorities speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the legal authorities, the allegations are denied.

76. Equifax Inc. denies the allegations in Paragraph 76 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76.

77. Equifax Inc. denies the allegations in Paragraph 77 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77.

78. Equifax Inc. states that the referenced legal authorities speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the legal authorities, the allegations are denied.

79. Equifax Inc. denies the allegations in Paragraph 79 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79.

80. Equifax Inc. denies the allegations in Paragraph 80 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80.

81. Equifax Inc. denies the allegations in Paragraph 81 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81.

82. Equifax Inc. denies the allegations in Paragraph 82 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82.

83. Equifax Inc. denies the allegations in Paragraph 83 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83.

84. Equifax Inc. restates its answers and defenses to Paragraphs 1-83.

85. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88. Equifax Inc. denies the allegations in Paragraph 88 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88.

89. Equifax Inc. denies Plaintiff is entitled to any relief claimed in his Complaint.

90. Equifax Inc. admits Plaintiff demands a jury trial.

91. Any allegation in Plaintiff’s Complaint not heretofore specifically responded to by Equifax Inc. is hereby denied.

**DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax Inc. pleads the following defenses to the Complaint:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Equifax Inc. upon which relief can be granted.

**SECOND DEFENSE**

Equifax Inc. is not a proper party to this action.

**THIRD DEFENSE**

Equifax Inc. is not a consumer reporting agency.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax Inc. prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action; and

(3) it recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted,

POLSINELLI PC

*/s/ G. Gabriel Zorogastua*

G. Gabriel Zorogastua KS Bar #23556
Phillip J. R. Zeeck D. Kan. #78493
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
Email: gzorogastua@polsinelli.com
Email: pzeeck@polsinelli.com

ATTORNEYS FOR DEFENDANTS EQUIFAX INC. and EQUIFAX INFORMATION SERVICES, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 15th day of October, 2019. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

Anthony J. Hampton
6104 SW 26th Street
Apartment A
Topeka, Kansas 66614
***Plaintiff Pro Se***

Christopher R. Murphy, Esq.
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606
Email: CRMurphy@reedsmith.com

Benjamin S. Tschudy, Esq.
Kate Bohon McKinney, Esq.
MARTIN PRINGLE OLIVER WALLACE & BAUER, LLP
9401 Indian Creek Parkway, Bldg. 40, Ste. 1150
Overland Park, Kansas 66210
Email: bstschudy@martinpringle.com
Email: kbmckinney@martinpringle.com
***Attorneys for Defendant***
***Barclays Bank Delaware***

Kirsten A. Byrd, Esq.
HUSCH BLACKWELL LLP
4800 Main Street, Suite 1000
Kansas City, Missouri 64112
Email: kirsten.byrd@huschblackwell.com
***Attorneys for Defendant***
***Discover Bank***

Joshua C. Dickinson, Esq.
SPENCER FANE LLP
13520 California Street, Suite 290
Omaha, Nebraska 68154
Email: jdickinson@spencerfane.com

Kersten L. Holzhueter, Esq.
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Email: kholzhueter@spencerfane.com
***Attorneys for Defendant***
***Loan Depot, LLC***

Michael C. Barnhill, Esq.
MICHAEL BEST & FRIEDRICH, LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, Utah 84121
Email: mcbarnhill@michaelbest.com

Michael J. Norton, Esq.
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206
Email: mnorton@foulston.com
***Attorneys for Defendant***
***Marketplace Loan Grantor Trust***

Bryan E. Mouber, Esq.
BAKER, STERCHI, COWDEN & RICE, LLC
51 Corporate Woods
9393 W. 110th Street, Suite 500
Overland Park, Kansas 66210
Email: mouber@bscr-law.com

James S. Kreamer, Esq.
Megan R. Stumph-Turner, Esq.
BAKER, STERCHI, COWDEN & RICE, LLC
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Email: kreamer@bscr-law.com
Email: mstumpf@bscr-law.com
***Attorneys for Defendant***
***TransUnion, LLC***

Danne W. Webb, Esq.
Andrea S. McMurtry, Esq.
HORN AYLWARD & BANDY, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Email: dwebb@hab-law.com
Email: amcmurtry@hab-law.com

Jeffrey Ryan Zohn, Esq.
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601
Email: jzohn@jonesday.com
***Attorneys for Defendant***
***Experian Information Solutions, Inc.***

*/s/ G. Gabriel Zorogastua*
Attorney for Defendants Equifax Inc. and Equifax Information Services, LLC