IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY J. HAMPTON,<br><br>    Plaintiff,<br><br>    v.<br><br>BARCLAYS BANK DELAWARE; DISCOVER BANK; LOAN DEPOT, LLC; MARKETPLACE LOAN GRANTOR TRUST, SERIES 2016-LD1; EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; AND DOES 1-10,<br><br>    Defendants. | No. 5:18-CV-4071-DDC-ADM<br><br>District Judge Daniel D. Crabtree<br><br>Magistrate Judge Angel D. Mitchell |

**BARCLAYS BANK DELAWARE'S MOTION FOR SUMMARY JUDGMENT**

Defendant Barclays Bank Delaware ("Barclays"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56(c) and Local Civil Rule 56.1, respectfully moves for the entry of Summary Judgment against Plaintiff Anthony Hampton ("Hampton") and in favor of Barclays, and for an order dismissing Hampton's claims against Barclays with prejudice. Barclays further seeks an order granting summary judgment on Barclays' Counterclaim against Hampton. In support of this Motion, Barclays submits its Memorandum of Law in Support of Motion for Summary Judgment, Exhibits A to E therein, and states:

    1.    Hampton obtained and later defaulted on his repayment obligations on a $5,000 personal loan (the "Loan") that he received from Barclays.

2. Hampton defaulted only a few months into his Loan payment obligations.

3. Shortly after he fell into default, Hampton flooded consumer reporting agencies ("CRAs") with eight disputes totaling over 650 pages about his Loan with Barclays in just under two months. None of his disputes had any merit and Barclays performed reasonable investigations into each one.

4. Hampton filed this action against Barclays under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, bringing one cause of action based on Barclays' alleged violation of Section 1681s-2(b). (ECF 141 ¶¶ 49-59.) As demonstrated in Barclays Memorandum of Law in Support of this Motion, Barclays is entitled to summary judgment in its favor here because there are no material facts in dispute concerning: (1) whether the disputed credit information Barclays furnished to the CRAs was accurate; or (2) whether the Barclays conducted an objectively reasonable investigation of the dispute.

5. Barclays is entitled to summary judgment on Hampton's claims for three independently sufficient grounds that are established by the undisputed facts. First, Barclays furnished accurate information relating to Hampton's Loan in response to each dispute received from CRAs. Second, Barclays conducted separate objectively reasonable investigations in responding to each dispute received from CRAs relating to Hampton's Loan. Third, Barclays is entitled to summary judgment on Hampton's punitive damages claim because Barclays did not willfully violate the FCRA.

6. In light of Hampton's default on his Loan obligations, Barclays responded to his original complaint by filing a Counterclaim asserting Breach of Contract and Unjust Enrichment (the "Counterclaim"). (*See* ECF 60 at pg. 17.)

7. Barclays is entitled to summary judgment on its Counterclaim because the undisputed material facts demonstrate that Hampton entered into a valid and binding contract for the Loan with Barclays and that Hampton breached that contract by failing to make timely payments. As a result, Barclays is entitled to damages, which include the current balance of the loan, which is $5,629.33, plus its attorneys' fees and costs for collection. In the alternative, Barclays is at minimum entitled to summary judgment on its Unjust Enrichment claim, given that Barclays is entitled to repayment of the $5,000 Loan proceeds it advanced to Hampton plus interest. It would be inequitable to allow Hampton to keep the proceeds that Barclays advanced to him, and which he used for his own personal benefit.

WHEREFORE Barclays respectfully requests that the Court grant its Motion for Summary Judgment, dismiss Plaintiff's claims against Barclays with prejudice and award Barclays judgment in its favor on its Counterclaim along with its attorneys' fees and costs, and for such other relief this Court deems right and just.

Dated: October 25, 2019            Respectfully submitted,

                                            */s/   Kate B. McKinney*
                                         B. Scott Tschudy, Kansas Bar 12129
                                         Kate B. McKinney, Kansas Bar 19691
                                         MARTIN, PRINGLE, OLIVER, WALLACE
                                         & BAUER, LLP
                                         9401 Indian Creek Parkway
                                         Building 40, Suite 1150
                                         Overland Park, KS 66210

T: (913) 491-5500
F: (913) 491-3341
E: btstschudy@martinpringle.com
E: kbmckinney@martinpringle.com

Christopher R. Murphy (*pro hac vice*)
REED SMITH LLP
10 S. Wacker Dr., Suite 4000
Chicago, IL 60606
T: (312) 207-6548
F: (312) 207-6400
E: CRMurphy@reedsmith.com

*Counsel for Defendant Barclays Bank Delaware*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 25, 2019, a true and accurate copy of the foregoing was filed electronically with the Court and was also emailed to Anthony J. Hampton at anthsehsafsamseth@protonmail.com. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties. Parties may access this filing through the Court's CM/ECF system.

/s/  *Kate B. McKinney*

*Counsel for Defendant Barclays Bank Delaware*