IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

| | |
|---|---|
| ANTHONY J. HAMPTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 5:18-CV-04071-DDC-ADM |
| BARCLAYS BANK DELAWARE, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT DISCOVER BANK'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Discover Bank ("Discover") respectfully moves the Court to dismiss Plaintiff Anthony J. Hampton's Second Amended Complaint ("SAC") (Doc. 141) against Discover pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's SAC, like his First Amended Complaint ("FAC"), alleges one count against Discover—a violation of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681 et seq.).[1]

Plaintiff commenced this action on July 13, 2018. (Doc. 1). Nearly all of the parties are still in the pleading stage of litigation. Plaintiff has filed three separate pleadings, and the Court gave him explicit instructions on curing his pleading deficiencies to survive a motion to dismiss. Nevertheless, Plaintiff's SAC suffers from the same shortcomings that both Discover and other Defendants have identified in their numerous motions to dismiss.

---

[1] Plaintiff's original Complaint asserted two counts against Discover: Count I for violation of the Telephone Consumer Protection Act ("TCPA") and Count III for violation of the FCRA. Doc. 1 pp. 9-10, 11-14. Discover moved to dismiss both for failure to state a claim. Docs. 38-39. Rather than opposing Discover's Motion to Dismiss, Plaintiff filed his FAC, in which he abandoned the TCPA claim, but reiterated his original FCRA claim.

For one, Plaintiff fails to allege that Discover's conduct caused him a concrete injury, and simply seeks relief for an alleged procedural injury. Further, Plaintiff's SAC continues to base the majority of his claim on allegations falling under 15 U.S.C. § 1681s-2(a), for which there is no private right of action. To the extent Plaintiff bases any of his claim on 15 U.S.C. § 1681s-2(b), which provides a private right of action, Plaintiff's claim is premised on his disagreement with the results of Discover's investigation.

### I.   Nature of the Matter Before the Court and Questions Presented

The matter before the Court is Discover's Motion to Dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), which raises the issue of whether Plaintiff's SAC sufficiently alleges he suffered a concrete injury necessary to confer standing. Discover's Motion also seeks dismissal under Rule 12(b)(6), raising the issue of whether Plaintiff has stated a plausible claim under the FCRA when the crux of his claim is that he simply disagrees with the results of Discover's investigation after notice of a dispute from a CRA.

### II.   Facts Alleged in Plaintiff's Complaint Against Discover

Plaintiff alleges that Discover engaged in "deceptive and unfair practices" prohibited under the FCRA by "report[ing] derogatory remarks" to unspecified CRAs. SAC (Doc. 141), ¶ 1. His alleged grievance with Discover relates to his account (the "0733 Account"), and his claim that Discover has "reported inaccurate and derogatory information to one or more CRAs." *Id.* ¶ 51. The alleged inaccurate and derogatory information is that Plaintiff owes $30,289 on the 0733 Account. *Id.* ¶ 54. According to the SAC, this information is inaccurate because "[d]ue to the securitization process," Discover is not a "[holder] in due course, and therefore cannot have incurred a loss, and therefore reported inaccurate derogatory information, which is *fraud in the factum*." *Id.* ¶ 52 (emphasis original).

DocID: 4814-5514-4106.2

Plaintiff alleges that on or about March 19, 2018, he sent a "Notice of Dispute" *to Defendant Discover* demanding validation of the 0733 Account. *Id.* ¶ 25. Additionally, Plaintiff alleges that on or about March 20, 2018, he sent "Notices of Dispute" regarding the 0733 Account with Discover *to the CRAs*, Equifax, Experian, and Trans Union. *Id.* ¶ 27. Plaintiff initially alleges unspecified "CRAs contacted…Discover…requesting reinvestigation of the alleged debt." *Id.* ¶ 29. Plaintiff later alleges that CRA "Equifax failed to report Plaintiff's dispute regarding Defendants to Discover…." *Id.* ¶ 32.

Plaintiff further alleges that Discover "failed to investigate the dispute, continued to report inaccurate information, and failed to report true information, to the CRAs even after receiving notice of…reinvestigation from the CRAs."[2] *Id.* ¶ 54. Finally, because of Discover's conduct, Plaintiff alleges that "he has and will continue to suffer damages" and seeks $1,000 in statutory damages. *Id.* ¶ 58.

### III. Legal Standard on Discover's Motion to Dismiss for Lack of Subject-Matter Jurisdiction

A Rule 12(b)(1) motion can be either a facial attack or factual attack on the court's jurisdiction. *Harter v. U.S.*, 344 F. Supp. 3d 1269, 1274 (D. Kan. 2018). "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995). "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* A motion to dismiss because the plaintiff lacks standing "is properly determined pursuant to Rule 12(b)(1) because such argument attacks the Court's subject matter jurisdiction." *Irvine v. I.C. System, Inc.*, 198 F. Supp. 3d 1232, 1235 (D. Colo. 2016) (citing *Colo. Envtl. Coalition v. Wenker*, 353 F.3d 1221,

---

[2] Yet, on June 7, 2018, Trans Union allegedly removed the credit line for Defendant Discover. SAC (Doc. 141) ¶ 34.

1227 (10th Cir. 2004). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Properties v. Union P. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

### IV. Plaintiff Lacks Standing Because He Does Not Allege He Suffered a Concrete Injury

The existence of standing is a constitutional requirement, as Article III of the United States Constitution limits federal courts to adjudicating "Cases" and "Controversies." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). "The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate." *Id.* Article III standing requires the plaintiff establish he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "Where, as here, a case is at the pleading stage, the plaintiff must clearly ... allege facts demonstrating each element." *Id.* (quotations omitted). Even though this is Plaintiff's third pleading, he still fails to allege he suffered an injury in fact from Discover's alleged conduct.

An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted). When an alleged injury is particularized, but not concrete, the plaintiff has failed the standing inquiry. *See Spokeo*, 136 S. Ct. at 1547. The Supreme Court has made clear that the adjective concrete aligns with the general understanding of the term, and therefore a concrete injury is a "real" injury, as opposed to an injury that is abstract. *Id.* at 1548.

4

In *Spokeo*, the issue before the Supreme Court was whether a plaintiff bringing a claim under the FCRA has standing when he only alleges a violation of one of the FCRA's procedural violations. *See id.* at 1546. The majority answered that question in the negative. The Court found that in adopting the FCRA, "Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk." *Id.* at 1550. However, a defendant's mere violation of a FCRA procedural requirement may not result in any harm; thus, a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id.* In other words, because the requirement of an injury in fact is a constitutional requirement, "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 1547-47. As this Court noted, the Supreme Court's holding in *Spokeo*, "that a plaintiff 'cannot satisfy the demands of Article III [standing] by alleging a bare procedural violation' of the FCRA," has increased the likelihood that FCRA claims will be dismissed. *Bailes v. Lineage Logistics*, LLC, 15-2457-DDC-TJJ, 2017 WL 4758927, at *6 (D. Kan. Oct. 20, 2017).

This Court held that the allegations that make up Plaintiff's FCRA claim were insufficient to confer standing. Doc 137 at 13. Specifically, this Court found that the following allegations were insufficient: (1) Plaintiff's conclusory allegation of a FCRA violation; (2) the contention by Plaintiff that he has and continues to suffer damages; and (3) merely seeking statutory damages of $1,000. *Id.* Absent from Plaintiff's SAC is any *additional allegations* sufficient to confer standing. The scope of Plaintiff's alleged injury is entirely contained in those three allegations. Thus, Plaintiff's only injury is his allegations that Discover failed to comply with its duties under the FCRA. This is a bare procedural injury that is insufficient to confer standing.

DocID: 4814-5514-4106.2

Despite being on his third pleading, nowhere in Plaintiff's SAC are there allegations showing he suffered a concrete injury attributable to Discover's conduct as there is no mention of financial hardship or mental anguish resulting from the alleged FCRA violations. Because this Court has already determined that Plaintiff's allegations were insufficient to confer standing, and Plaintiff has not made any amendments sufficient to infer a concrete injury, his claims should be dismissed for lack of subject-matter jurisdiction with prejudice. It has been over a year, and three pleadings later, and it has become apparent the Plaintiff has no concrete injury to plead, despite multiple opportunities from the Court with articulation of what Plaintiff must plead.

## V.     Legal Standard on Discover's Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has stated a plausible claim, the court assumes the factual allegations in the complaint are true. *Id.* But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (citation omitted). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

DocID: 4814-5514-4106.2

### VI.  Plaintiff Fails to State a FCRA Claim Against Discover

Section 1681s–2 of the FCRA identifies two types of obligations owed by furnishers of information, like Discover.  These duties include (1) the duty to provide accurate information to CRAs, as stated in section 1681s–2(a) and (2) the duty under section 1681s–2(b), upon receiving notice of consumer disputes from reporting agencies, to investigate said disputes and report the results to consumer reporting agencies.  *Cox v. Beneficial Kansas, Inc.*, No. 04-4128-JAR, 2005 WL 627974, at *3 (D. Kan. Mar. 9, 2005).  Congress did not create a private right of action for violation of the duty to provide accurate information to CRAs under 1681s-2(a).  *Keller v. Bank of Am., N.A.*, 228 F. Supp. 3d 1247, 1255 (D. Kan. 2017).  Since this litigation has ensued, Discover and other Defendants have sought dismissal on the basis that Plaintiff's FCRA is entirely premised on an alleged violation of section 1681s-2(a) for which no private right of action exists.  Despite new allegations curing some of the deficiencies previously alleged, the SAC still suffers from Plaintiff's attempt to bring a claim against Discover under section 1681s-2(a).

Section 1681s-2(b) creates a private cause of action against a furnisher of credit information for failing to investigate *after* receiving notice of a dispute *by a CRA*.  *Keller*, 228 F. Supp. 3d at 1255.  To state a claim under § 1681s-2(b), the plaintiff must plausibly allege: (1) that after he notified a CRA of a dispute; (2) the CRA notified defendant, the furnisher, of the dispute; and (3) after notification, defendant failed to adequately investigate.  *Id.*  Broadly construing the allegations, Plaintiff's SAC likely sufficiently alleges the first two elements.  The third element is where his claim falls apart.  Immediately after his recitation of the bare elements of a FCRA claim against a furnisher ("Discover…[has] failed to investigate the dispute, continued to report inaccurate information, and failed to report true information, to the CRAs even after receiving notice of…reinvestigation from the CRAs"),  Plaintiff claims that Discover reported to the CRAs

7

that he owed $30,289 on his loan from Discover.  SAC (Doc. 141), ¶ 54.  Thus, the only factual support for Plaintiff's allegation that Discover failed to properly investigate is his assertion that the results of the investigation were wrong.

The plausibility standard for assessing whether a complaint can survive a motion to dismiss is not a "probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Tronsgard v. FBL Fin. Group, Inc.*, 312 F. Supp. 3d 982, 989 (D. Kan. 2018) (internal quotations omitted).  Plaintiff provides little to no factual allegations supporting the conclusory allegations that Discover violated the FCRA.  To the extent he does plead factual allegations, they are insufficient in that they do not "raise a right to relief above the speculative level."  *Id.*  (quoting *Twombly*, 550 U.S. at 555).  Plaintiff expects this Court to infer Discover failed to properly investigate the dispute because he claims the reporting is inaccurate.  However, Plaintiff does not explain why the reporting was inaccurate.  Without any indication as to why the reporting was inaccurate, any inference that Discover failed to investigate the dispute is speculative.  Plaintiff's allegation that Discover continued to report the amount owed after receiving notice from a CRA is equally suggestive of Discover reasonably investigating the dispute and verifying he owed the amount reported.

Plaintiff still fails to sufficiently allege a FCRA claim against a furnisher because his allegations concerning Discover's investigation contain no facts that support an inference Discover did not investigate.  This is likely because Plaintiff is still trying to bring a claim under section 1681s-2(a).  At the heart of Plaintiff's claim is his assertion that Discover's reporting for the account was inaccurate.  Plaintiff does not challenge the sufficiency of Discover's investigation insomuch that he challenges the findings of that investigation.  No private right of action exists against a furnisher for simply furnishing inaccurate information.  *See Jarrett v. Bank of Am.*, 421

8

F. Supp. 2d 1350, 1353 n.2 (D. Kan. 2006).  ("Furnishers are also required to provide accurate information to credit reporting agencies, 15 U.S.C. § 1681s–2(a), but Congress did not create a private right of action for violation of this provision.").

The amendments to the SAC, while added to survive a motion to dismiss at the Court's direction, do not change the central character of Plaintiff's FCRA claim.  For example, in paragraph 55, Plaintiff alleges:

> [S]ince Plaintiff challenged Defendants to verify, and they did not, that means all financial institutions and credit reporting agencies concerned with Plaintiff's account are required to remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified."

SAC (Doc. 141), ¶ 55.  According to Plaintiff, the reporting is inaccurate because Discover did not meet his challenge that Discover "verify" his account.  Again, this appears to be a claim under section 1681s-2(a)(8)(E), which requires a furnisher of credit information to report the results of its investigation to a consumer after the consumer gives the furnisher notice of the dispute.  Thus, Plaintiff's assertion that the account information was not verified arises because Discover did not verify with him.

In conclusion, Plaintiff is still seeking relief under section 1681s-2(a), and the conclusory allegations added to the SAC to survive a motion to dismiss do not alter the crux of his claim.  Thus, his SAC fails to state a claim against Discover under the FCRA for the third time and must be dismissed.

## VII.   Conclusion

It has become clear that Plaintiff does not have a viable claim against Discover.  He has been given three opportunities to cure the deficiencies in his pleadings and direction from the Court on how to do so.  A plaintiff should not be granted leave when he was "given a reasonable opportunity to amend, but failed to cure [the] deficiency."  *Greene v. Capital One Bank*, No. 2:07-

9

CV-687 TS, 2008 WL 1858882, at *4 (D. Utah Apr. 23, 2008).  Despite multiple opportunities to amend, the amendments in the SAC still fail to show he suffered a concrete injury and fail to adequately plead a private right of action against a furnisher under the FCRA.  The Court should dismiss Plaintiff's claims against Discover with prejudice and grant Discover all other relief deemed just and appropriate.

        Respectfully submitted,

        */s/ Kirsten A. Byrd*
        Kirsten A. Byrd    KS # 19602
        HUSCH BLACKWELL LLP
        4801 Main Street, Suite 1000
        Kansas City, MO 64112
        Telephone (816) 983-8300
        Facsimile (816) 983-8080
        kirsten.byrd@huschblackwell.com

        ***Attorneys for Defendant Discover Bank***

DocID: 4814-5514-4106.2

**Certificate of Service**

      I certify that on October 25, 2019, I electronically filed the foregoing with the Clerk of the Court by using the court's e-filing system, causing electronic service on all counsel of record. Plaintiff Anthony J. Hampton was served the foregoing by United States mail at:

Anthony J. Hampton
2615 Mountain View Drive
McKinney, TX 75071

                                                    */s/ Kirsten A. Byrd*
                                           *Attorneys for Defendant Discover Bank*

DocID: 4814-5514-4106.2