IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY J. HAMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:18-CV-04071-DDC-ADM |
| ) | |
| BARCLAYS BANK DELAWARE, *et al*., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT DISCOVER BANK'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Defendant Discover Bank ("Discover") respectfully moves the Court pursuant to Fed. R. Civ. P. 26(c) for a protective order staying all discovery proceedings, including, but not limited to, any meet and confer under Rule 26(f), affirmative disclosures, or discovery requests, until the Court has ruled on Discover's Motion to Dismiss Plaintiff's Second Amended Complaint, filed contemporaneously with this Motion.

Plaintiff filed this lawsuit on July 13, 2018.  Doc. 1.  Over a year has gone by with Plaintiff filing three separate pleadings.  After multiple Defendants moved to dismiss for failure to state a claim (Docs. 10, 26, 38, 46), and without leave of Court, Plaintiff filed a First Amended Complaint on September 17, 2018.  Doc. 48.  Again, multiple Defendants moved to dismiss or strike the First Amended Complaint.  Docs. 54, 56, 58, 61.  On October 23, 2018, Plaintiff sought leave with regard to his already-filed First Amended Complaint.  Doc. 67.  On November 21, 2018, the Court permitted Plaintiff's First Amended Complaint.  Doc. 73.  Again, several Defendants moved to dismiss for failure to state a claim.  Docs. 75, 78, 83, 87.  Pending the Court's ruling on its Motion to Dismiss Plaintiff's First Amended Complaint, Discover moved

1

for a protective order staying all discovery (Doc. 98), which the Court granted on June 19, 2019. Doc. 105.

The Court entered its order denying Discover's Motion to Dismiss the First Amended Complaint, without prejudice, on September 9, 2019.  Doc. 137.  The Court found that Plaintiff's First Amended Complaint failed to sufficiently allege he suffered a concrete injury necessary to confer standing, and that Plaintiff failed to state a claim under 15 U.S.C. § 1681s-2(a), which provides a private right of action against furnishers of information like Discover. *Id.*  The Court nevertheless permitted Plaintiff the opportunity to file a Second Amended Complaint to try to cure the defects.  *Id.*  Plaintiff filed his Second Amended Complaint on September 27, 2019. Doc. 141.  The Second Amended Complaint suffers from the same shortcomings that both Discover and other defendants have identified in their numerous motions to dismiss.  Discover is moving to dismiss the Second Amended Complaint, and again requests this Court to stay all discovery as to Discover for many of the same reasons.

In light of Discover's most recent Motion to Dismiss, judicial economy favors staying discovery until the Court has the opportunity to rule on Discover's Motion to Dismiss Plaintiff's Second Amended Complaint.  Any discovery proceedings involving Discover are premature, and the Court should enter an order staying all discovery proceedings.  Fed. R. Civ. P. 26(c)(1) provides a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…."  "The decision whether to stay discovery rests in the sound discretion of the court and is generally a case-by-case determination."  *Wedel v. Craig*, No. 10-1134-EFM, 2010 WL 2545974, at *2 (D. Kan. June 22, 2010).  While there is a general policy not to stay discovery when dispositive motions are pending, it is appropriate to stay discovery when "the case is likely to be finally concluded as a

result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). All of these factors apply here.

Discover and one other Defendant have moved to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim. The arguments put forward in both these motions are based on Plaintiff's failure to comply with the Court's court instructions on curing the deficiencies that the Court found would justify dismissal of the First Amended Complaint. Thus, the pending Motions are based on the same arguments that the Court already determined to be meritorious. If the Motion is granted, this would result in complete dismissal of all claims against Discover.

Further, staying discovery would not result in plaintiff suffering any prejudice. While Plaintiff has not had the opportunity to file his brief in opposition of Discover's Motion, no discovery is needed to enable Plaintiff to develop the factual basis for defending against Discover's Motion. Discover has moved for dismissal because Plaintiff lacks standing, as the allegations in his second amended complaint do not establish he suffered a concrete injury resulting from Discover's conduct. The facts necessary to establish he suffered a concrete injury are exclusively known by Plaintiff. Discover also moves for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. While there is a possibility discovery may help Plaintiff develop the factual basis to survive a Rule 12(b)(6) dismissal, discovery is nevertheless premature when Plaintiff cannot even establish standing to bring the claim in the first place. Because a favorable ruling would conclude Plaintiff's cause of action against Discover and a stay of discovery would not prejudice Plaintiff, requiring Discover to exert time and resources to

3

respond to the pending discovery requests would be wasteful and burdensome. The interests of judicial economy would also not be served because a ruling on Discover's Motion would simplify the case, allowing for the other parties to more efficiently engage in discovery.

WHEREFORE, Discover requests the Court enter a protective order staying all discovery proceedings, including, but not limited to, any meet and confer under Rule 26(f), affirmative disclosures, or discovery requests, until the Court has ruled on Plaintiff's Second Amended Complaint.

Respectfully submitted,

 */s/ Kirsten A. Byrd*
Kirsten A. Byrd    KS # 19602
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone (816) 983-8300
Facsimile (816) 983-8080
kirsten.byrd@huschblackwell.com

*Attorneys for Defendant Discover Bank*

**Certificate of Service**

The undersigned certifies that on October 25, 2019, the foregoing was filed with the Clerk of the Court by using the court's e-filing system, causing electronic service on all counsel of record.

Plaintiff Anthony J. Hampton was served the foregoing by United States mail at:

Anthony J. Hampton
2615 Mountain View Drive
McKinney, TX 75071

*/s/ Kirsten A. Byrd*
*Attorneys for Defendant Discover Bank*