## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTHONY J. HAMPTON,

      Plaintiff,

      v.

BARCLAYS BANK DELAWARE, *et al.*,

      Defendants.

Case No. 18-4071-DDC-ADM

## SCHEDULING ORDER

On November 5, 2019, in accordance with Fed. R. Civ. P. 16, U.S. Magistrate Judge Angel D. Mitchell, conducted a scheduling conference in this case with the parties. Plaintiff appeared pro se. Defendant Barclay's Bank Delaware appeared through counsel Christopher Murphy. Defendant Discover Bank appeared through counsel Kirsten A. Byrd. Defendant Loandepot.com, LLC appeared through counsel Kersten L. Holzhueter. Defendant Marketplace Loan Grantor Trust appeared through counsel Michael C. Barnhill and Michael J. Norton. Defendant Equifax and Equifax Information Services, LLC appeared through counsel Jeffrey Phillip James Richard Zeeck. Defendant Experian Information Solutions, Inc. appeared through counsel Jeffrey R. Zohn. Defendant TransUnion, LLC appeared through counsel Brian E. Mouber. During the scheduling conference, Mr. Hampton stated that he does not object to Discover Bank's and Loandepot.com's motions to stay discovery (ECF Nos. 163 and 168), and so the court granted the motions as stated on the record during the scheduling conference.

This scheduling order governs Mr. Hampton's claims against Defendants Marketplace Loan Grantor Trust, Equifax, Equifax Information Services, Experian Information Solutions, and TransUnion. This scheduling order does not apply to or modify the scheduling order (ECF No. 111) as to Mr. Hampton's claims against Barclays Bank or Barclays Bank's counterclaims against Mr. Hampton.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadlines and Settings |
| Plaintiff's settlement proposal | November 19, 2019 |
| Motions to dismiss | November 19, 2019 |
| Motions to amend | November 19, 2019 |
| Jointly proposed protective order submitted to court | November 20, 2019 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | November 20, 2019 |
| Exchange of initial disclosures | November 20, 2019 |
| Defendant's settlement counter-proposal | December 6, 2019 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | December 20, 2019 |
| Experts disclosed by plaintiff | December 20, 2019 |
| Physical and mental examinations | January 15, 2020 |
| Experts disclosed by defendant | January 31, 2020 |
| Rebuttal experts disclosed | February 15, 2020 |
| Mediation completed | February 28, 2020 |
| All discovery completed | March 3, 2020 |
| All other potentially dispositive motions (e.g., summary judgment) and motions challenging admissibility of expert testimony | April 7, 2020 |
| Daubert motions | 42 days before trial |

1.      **Alternative Dispute Resolution (ADR).**

        After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation.   Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **November 19, 2019**. Defendant must make a good-faith counter-proposal by **December 6, 2019**.   By **December 20, 2019**, <u>unless</u> the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but not the presiding U.S. District Judge).   These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method.   If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts.   These reports must not be filed with the Clerk's Office.   Mediation is ordered.   Absent further order of the court, mediation must be held no later than **February 28, 2020**.   An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

        *http://ksd.uscourts.gov/wp-content/uploads/2015/10/adrreportrev20141.pdf*

2.      **Discovery.**

a.      The parties shall serve their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1), by **November 20, 2019**.  Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.   In addition, such supplemental disclosures must be served 40 days before the deadline for completion of all discovery.   The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.   The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.   Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b.      All discovery in this case must be commenced or served in time to be completed by **March 3, 2020**.   Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case.   Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5)

the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

      c.      If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **December 20, 2019**, and by defendants by **January 31, 2020**. Rebuttal expert disclosures shall be made by **February 15, 2020.** The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

      d.      The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **February 15, 2020**. If the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, <u>and</u> for the examination to be conducted, all before the deadline expires.

      e.      Electronically stored information (ESI) in this case will be handled as follows: The parties will exchange ESI in PDF form.

      f.      No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

g.      No more than 10 depositions may be taken by plaintiff, and no more than 10 depositions may be taken by defendants collectively.   If a corporate representative is to appear on behalf of a Defendant, all designated persons for the topics requested under Rule 30(b)(6) shall count as one of the 10 depositions for the topics requested. Each deposition must be limited to 7 hours.   A party may, however, seek leave of court if additional time is needed for a deposition or if additional depositions are needed.   All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

h.      Discovery in this case may be governed by a protective order.   If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **November 20, 2019**.  This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*Guidelines for Agreed Protective Orders for the District of Kansas*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).   A pre-approved form of protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **November 20, 2019**

i.      The parties consent to electronic service of disclosures and discovery requests and responses.   See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

j.      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.   Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).   Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.   If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation.   Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.      Motions.**

a.      Marketplace Loan Grantor Trust, Equifax, Equifax Information Services, and TransUnion do not anticipate filing any further motions to dismiss.   Experian Information Solutions is evaluating whether to file a motion to dismiss. Further motions to dismiss are not anticipated. Provided that such defenses have been timely preserved, any motions to dismiss

asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties must be filed by **November 19, 2019.**

b.      Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **November 19, 2019**.

c.      All other potentially dispositive motions (e.g., motions for summary judgment) must be filed by **April 7, 2020**.   The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d.      Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute.   The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

e.      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed 42 days before trial.

f.      If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion.   But such a conference is not mandatory.

8

g.      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.   Otherwise, the objection to the default, response, answer, or objection is waived.   *See* D. Kan. Rule 37.1(b).

h.      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.   However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.   *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).   Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.   *See* D. Kan. Rule 26.4(c).

i.      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.      Pretrial Conference, Trial, and Other Matters.**

a.      After the district judge rules on the pending motions to dismiss, the court will reevaluate further scheduling matters in this case, such as discovery as to Mr. Hampton's claims against Discovery Bank and Loandepot.com if those claims survive motions to dismiss and/or establishing dates for a pretrial conference and trial.

d.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

e.      This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.   Counsel are expected to familiarize

themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.   The *Pillars of Professionalism* are available on this court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated November 5, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge