## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## TOPEKA DIVISION

| | | |
|---|---|---|
| ANTHONY J. HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 5:18-CV-04071-DDC-KGS |
| BARCLAYS BANK DELAWARE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT DISCOVER BANK'S REPLY IN SUPPORT OF ITS
### MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Having already received *three* opportunities to plead his case against Discover, the Court should deny Plaintiff's request to amend his allegations[1] made in response to Discover's latest motion to dismiss and dismiss Plaintiff's lawsuit against Discover with prejudice.

**I.     Plaintiff Cannot Rely on His Allegations Against *Other* Defendants to Establish He Has Alleged a Concrete Injury Attributable to Discover.**

Plaintiff asserts a single claim against Discover for violation of the Fair Credit Reporting Act ("FCRA"), Count III of the Second Amended Complaint ("SAC") (Doc. 141). The Court *already* determined that the allegations making up Plaintiff's FCRA claim were insufficient as a matter of law because Plaintiff failed to allege a concrete injury. Doc. 137, at 13.

Despite the opportunity to cure the deficiency, Plaintiff's SAC is devoid of any *new* allegations showing he has suffered a concrete injury. The scope of Plaintiff's injury, as alleged in his SAC, is entirely contained in the *same* three allegations this Court already found insufficient: (1) Plaintiff's conclusory allegation of a FCRA violation; (2) the contention by Plaintiff that he has and continues to suffer damages; and (3) merely seeking statutory damages

---

[1] Doc. 167, at 13.

of $1,000.  The Court has *already* determined these allegations fail to allege a concrete injury

and that dismissal is warranted absent amendment to show a concrete injury.  Doc. 137, at 13.

The Court should disregard Plaintiff's claim that he alleged "loss of employment

opportunity and lower credit score"[2] because those claims are asserted against *other* Defendants

in the SAC, *not* Discover.  *See Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) ("[A]

court may not consider allegations or theories" asserted in an opposition to a motion to dismiss

"that are inconsistent with those pleaded in the complaint.").  In particular, Plaintiff alleges

adverse impact to employment in Counts I, II, IV, V, and VI, which are all against *other*

Defendants.  There is *no* such allegation in Count III against Discover.  Similarly, plaintiff

alleges damage to his credit score only in Counts I, II, IV, V, and VI, which are against *other*

Defendants.  There is *no* such allegation in Count III against Discover.

Despite the Court's articulation of what Plaintiff needed to do to show standing, Plaintiff

has not changed his allegations as to Discover.  This alone is grounds for dismissal of Plaintiff's

claims against Discover.

## II.    Plaintiff Fails To State an FCRA Claim Against a Furnisher.

It is well established that to state a claim under section 1681s-2(b), Plaintiff must

plausibly allege: (1) that after he notified a CRA of a dispute; (2) the CRA notified defendant,

the furnisher, of the dispute; and (3) after notification from the CRA, defendant failed to

adequately investigate.  *Keller v. Bank of Am., N.A.*, 228 F. Supp. 3d 1247, 1255 (D. Kan. 2017).

Plaintiff's allegations as to Discover's failure to adequately investigate, after being notified by

CRAs, do not meet this standard.

---

[2] Plaintiff's Opp. (Doc. 167), at 3.

As detailed in Discover's first, second, and third Motions to Dismiss (Docs. 38-39, 56-57, 163-64), Plaintiff cannot state a claim against a furnisher like Discover based on allegations relating to Plaintiff's *direct* complaint or notice to Discover.  That is because no private right of action exists against a furnisher for simply furnishing inaccurate information.  *See Jarrett v. Bank of Am.*, 421 F. Supp. 2d 1350, 1353 n.2 (D. Kan. 2006).

Still, Plaintiff continues rely on his *direct* communications with Discover to oppose dismissal.  In his brief, Plaintiff argues that "Discover failed to conduct the…investigation and *report the dispute to the CRAs*."  Plaintiff's Opp. (Doc. 167), at 2 (emphasis added).  Plaintiff alleges Discover's "response to *Plaintiff's* notice of dispute [rather than any notice to the CRAs']" was inadequate.  *Id.*  Finally, Plaintiff makes wholly inconsistent statements about whether the CRAs notified Discover of Plaintiff's dispute by first alleging "the CRAs contacted Discover requesting reinvestigation" but then stating the "CRAs *failed* to report Plaintiff's dispute that he sent directly to the CRAs."  Plaintiff's Opp., at 2 (emphasis added).

Plaintiff also attempts to argue Discover's reporting was inaccurate because Discover did not note in its reporting that Plaintiff disputed the existence of the debt.  For one, this allegation is not mentioned in the SAC.  Moreover, Plaintiff's reliance on *Saunders v. Branch Banking & Tr. Co. Of VA*, 526 F.3d 142 (4th Cir. 2008), is misguided because the Fourth Circuit explained that a furnisher can only be liable for failing to make note of a dispute in its reporting when the dispute is meritorious.  *Id.* at 151.  Here, Plaintiff summarily disputes owing the balance on his loan, but does not provide any factual support that he does not in fact owe the amount.

Plaintiff's bare recitals suggest Plaintiff is still trying to bring a claim under section 1681s-2(a).  Thus, Plaintiff's claim against Discover should be dismissed for failure to state a claim.

**Conclusion**

Plaintiff concludes his opposition by requesting that the Court afford him a *fourth* opportunity to cure the deficiencies in his pleading.  A plaintiff should not be granted leave when he was "given a reasonable opportunity to amend, but failed to cure [the] deficiency."  *Greene v. Capital One Bank*, No. 2:07-CV-687 TS, 2008 WL 1858882, at *4 (D. Utah Apr. 23, 2008).  The Court has already given him three opportunities to both properly plead standing and the requisite elements of FCRA claim against a furnisher, and has instructed him on how to do so.  Plaintiff filed this action over a year ago.  Discover has spent significant time and money defending this action and is still in the pleading phase of litigation.  Allowing Plaintiff another attempt to cure his pleading deficiencies would not only be a waste of Discover's time and resources, but the Court's as well.  Instead, the Court should dismiss Plaintiff's claims against Discover with prejudice and grant Discover all other relief deemed just and appropriate.

Respectfully submitted,

 */s/ Kirsten A. Byrd*

Kirsten A. Byrd    KS # 19602
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone (816) 983-8300
Facsimile (816) 983-8080
kirsten.byrd@huschblackwell.com

***Attorney for Defendant Discover Bank***

5

## Certificate of Service

This undersigned certifies that on November 13, 2019, the foregoing was filed with the Clerk of the Court by using the court's e-filing system, causing electronic service on all counsel of record.

Plaintiff Anthony J. Hampton was served the foregoing by United States mail at:

Anthony J. Hampton
2615 Mountain View Drive
McKinney, TX 75071

_/s/ Kirsten A. Byrd_
_Attorneys for Defendant Discover Bank_