## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTHONY J. HAMPTON,

      Plaintiff,

v.

BARCLAYS BANK DELAWARE, et al.,

      Defendants.

Case No. 18-4071-DDC-ADM

## MEMORANDUM AND ORDER

Pro se plaintiff[1] Anthony J. Hampton brings this action against eight named defendants, including defendants loanDepot.com ("LD") and Discover Bank ("Discover"). This matter comes before the court on LD's Motion to Dismiss (Doc. 149) and Discover's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 161). For reasons explained below, the court grants Discover's Motion to Dismiss. Also, the court grants LD's Motion to Dismiss in part and denies it in part. The court explains why it reaches these conclusions, below.

### I.    Procedural Background

On July 13, 2018, plaintiff filed his original Complaint in this case. Doc. 1. The original Complaint named LD and Discover as two of eight named defendants. The original Complaint alleged that Discover had violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C § 1681, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See id.* at 9, 11

---

[1]     Because plaintiff proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

(Counts I & III).  And it alleged just one count against LD for violating the FCRA.  *See id.* at 11

(Count III).  Both LD and Discover filed Motions to Dismiss plaintiff's original Complaint.

Docs. 38, 46.

Plaintiff then filed a First Amended Complaint as a matter of right under Fed. R. Civ. P.

15(a)(1)(B).  Doc. 48.  The First Amended Complaint added a TCPA claim against LD and

reasserted the FCRA claim against this defendant.  *Id.* at 9 (Counts I & III).  Also, the First

Amended Complaint omitted the TCPA claim against Discover, and, in its place, asserted just

one claim against Discover for violating the FCRA.  *Id.* at 11 (Count III).  Both LD and Discover

filed Motions to Dismiss Plaintiff's First Amended Complaint for failing to state a claim.  Docs.

56, 58, & 75.

On September 9, 2019, the court issued a Memorandum and Order ruling several motions

including LD and Discover's Motions to Dismiss.  Doc. 137.  The court agreed with Discover,

concluding that plaintiff's First Amended Complaint failed to allege facts capable of supporting

a plausible FCRA claim against Discover.  *Id.* at 6–9.  Also, the court agreed with LD that

plaintiff's First Amended Complaint failed to allege plausible TCRA and FCRA claims against

LD.  *Id.* at 9–14.

But, the court recognized that plaintiff—who proceeds pro se—possibly could overcome

his pleading deficiencies and amend his claims to provide sufficient factual detail to state

plausible claims against these defendants under Rule 8.  *Id.* at 9, 12, 14.  So, the court granted

him leave to file an amended complaint.  *Id.*  The court specifically directed plaintiff, within 20

days, to file an amended complaint providing "factual allegations" that "properly . . . state a

plausible FCRA claim against Discover" and "properly . . . state a plausible TCPA and FCRA

claim against LD."  *Id.* at 9, 14; *see also id.* at 2 (granting "plaintiff leave to file a Second

Amended Complaint—one that cures the pleading defects that the court identifies" in the Order); *id.* at 22 (ordering plaintiff to "file a Second Amended Complaint that cures the defects identified in this Order within 20 days").

On September 27, 2019, plaintiff timely filed his Second Amended Complaint. Doc. 141. This Second Amended Complaint again asserts one claim against Discover for violating the FCRA under 15 U.S.C. § 1681. *Id.* at 13–16 (Count III). And, it asserts three claims against LD, claiming it has violated: (1) the TCPA, (2) the FCRA, and (3) the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692c. *Id.* at 9, 13, 23 (Counts I, III & VII).

With the pending motions, both LD and Discover again move to dismiss plaintiff's claims. Both LD and Discover assert that plaintiff lacks standing to assert all of his claims against them because he fails to allege that he sustained an injury in fact caused by LD and Discover's purported statutory violations. LD and Discover thus move to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Also, both LD and Discover move to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failing to state plausible claims for relief.

## II.  Factual Background

The following facts come from plaintiff's Second Amended Complaint (Doc. 141).[2] The court accepts these facts as true and views them in the light most favorable to plaintiff. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) ("We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiffs]." (citation and internal quotation marks omitted)).

---

[2]  Plaintiff's Second Amended Complaint (Doc. 141) currently is the operative pleading in the case. For ease, the rest of this Order refers to this pleading as the "Complaint."

Although plaintiff's allegations are difficult to discern, the court understands them to arise from LD and Discover's alleged reporting of "derogatory remarks" to consumer reporting agencies ("CRAs") and "attempts to collect alleged but non-existent debt." Compl. ¶¶ 1, 4.

### *Plaintiff Disputes the Accuracy of Information Reported by LD and Discover*

On March 19, 2018, plaintiff sent Discover a "Notice of Dispute." *Id.* ¶ 25. This Notice demanded validation of an alleged account (0773). *Id.* On March 20, 2018, plaintiff sent defendant LD a "Notice of Dispute." *Id.* ¶ 26. This Notice demanded validation of an alleged account (9589). *Id.* Both Notices included a demand "that the claim of debt was invalid, free from any claims and defects, whether there was a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value." *Id.* ¶¶ 25–26. The Notices also "included a request for a complete statement of damages and losses incurred" either by LD or Discover. *Id.*

On March 20, 2018, plaintiff sent Notices of Disputes to three CRAs. *Id.* ¶ 27. These Notices disputed LD and Discover's accounts and the accuracy of the information that LD and Discover had provided to the CRAs. *Id.* ¶¶ 27, 30. The CRAs then contacted LD and Discover "requesting reinvestigation of the alleged debt." *Id.* ¶ 28. LD and Discover failed to investigate plaintiff's "disputed information (as shown in his Notice of Dispute), and failed to report such results to the CRAs." *Id.* ¶ 29. LD and Discover never have reported the disputed matter to the CRAs. *Id.* ¶ 30; *see also id.* ¶ 54 ("The CRAs contacted [LD and Discover], and [LD and Discover] failed to report the results of their investigation to the CRAs.").

Plaintiff disputes the accuracy of the:

> demand that the claim of debt was valid, free from any claims and defects, whether there was a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value by sourcing the funds from creditor's account.

*Id.* ¶ 30. Plaintiff alleges that "[o]n more than one occasion," LD and Discover "reported inaccurate derogatory information to one or more CRAs." *Id.* at ¶ 51. Plaintiff asserts, "[d]ue to the securitization process, [LD and Discover] are not holders in due course, and therefore cannot have incurred a loss . . . ." *Id.* Thus, plaintiff contends, LD and Discover "reported inaccurate derogatory information, which is *fraud in the factum*." *Id.*

Also, plaintiff sent written requests to LD and Discover "[o]n more than one occasion" and they "disput[ed] the information and demand[ed] that [LD and Discover] investigate the inaccuracies and derogatory information that [they] reported." *Id.* ¶ 52. LD and Discover "failed to investigate the dispute, continued to report inaccurate information, and failed to report true information, to the CRAs even after receiving notice of dispute from Plaintiff, and reinvestigation from the CRAs." *Id.* ¶ 54. Discover inaccurately reported "an amount due of $30,289 (Equifax); $30,289 (Experian); $30,289 (TransUnion)." *Id.* LD inaccurately reported "an amount due of $16,283 (TransUnion)." *Id.* According to plaintiff, "[t]he amount reported should be [$]0.00." *Id.* LD and Discover's conduct, plaintiff alleges, has caused plaintiff to sustain damage. *Id.* at 16 ("WHEREFORE" paragraph). Based on LD and Discover's conduct, plaintiff seeks statutory damages under the FCRA in amount of $1,000. *Id.* ¶ 58.

Besides statutory damages, plaintiff asks the court to award "other and additional relief as the Court may determine to be just and proper." *Id.* at 24 (Prayer for Damages ¶ (j)). Plaintiff cites cases where courts have awarded emotional distress damages for injury to reputation. *Id.* at 24–25 (Prayer for Damages ¶ (j) (first citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995); then citing *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092 (D. Ariz. 2003) (other citations omitted))).

***LD's Phone Calls***

On March 20, 2018, plaintiff sent a demand to LD asking that LD not call him. Compl. ¶ 19. But, between March 24 and April 19, 2018, plaintiff received 10 calls on his cell phone from LD, where LD used an automatic telephone dialing system or artificial or prerecorded voices. *Id.* ¶ 23. LD made the calls to plaintiff's cell phone from "number 855-214-6424" using an "'automatic telephone dialing system that has the <u>capacity</u> to store or produce telephone numbers', without human intervention, even if that capacity is turned off." *Id.* at ¶ 38. At the beginning of the calls, plaintiff "would be put through to a person who identified themselves as [calling] from LD to collect on a debt." *Id.* When he answered these calls, he heard "an artificial sounding computer voice from the caller, which waited for [p]laintiff to press a specific number on his keypad." *Id.* Once plaintiff recognized the phone number as a frequent call from LD, he "discontinued the call." *Id.*

Based on these allegations, plaintiff asserts a claim against LD for violating the TCPA. *Id.* ¶¶ 35–41. Plaintiff seeks "actual or statutory damages, and punitive damages and costs" against LD for making these calls. *Id.* at 11 ("WHEREFORE" paragraph). LD's calls "have caused Plaintiff anguish, frustration, lack of meaningful sleep, and fear of incoming calls." *Id.* Also, LD's actions have "caused Plaintiff to experience a decrease in his credit score, which [a]ffects his ability to obtain credit, rent property, and obtain adequate employment." *Id.*

Plaintiff also asserts a claim against LD for violating the FDCPA "by failing to discontinue communications with Plaintiff after notice to discontinue." *Id.* ¶ 89. More specifically, LD "called Plaintiff's cellular phone after [plaintiff made a] demand to stop . . . on March 20, 2018." *Id.* ¶ 90. Plaintiff asserts that the FDCPA "is a strict liability statute" and "therefore no damages need to be alleged." *Id.* ¶ 89.

### III. Legal Standard

The court recites the legal standard for a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction and a Rule 12(b)(6) dismissal for failure to state a claim in the following subsections.

#### A. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where diversity of citizenship exists. 28 U.S.C. §§ 1331–32. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Generally, a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). "First, a facial attack on the complaint's allegations [of] subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* at 1003. "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual

allegations." *Id.* "A court has wide discretion to allow affidavits, other documents, and [to conduct] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* (internal citations omitted); *Los Alamos Study Grp. v. United States Dep't of Energy*, 692 F.3d 1057, 1063–64 (10th Cir. 2012).

## B. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court has explained, simply "'will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume that the factual allegations in the complaint are true. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Thus, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

For a complaint to survive a motion to dismiss under Rule 12(b)(6), the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

## IV.    Analysis

The court first addresses LD and Discover's Rule 12(b)(1) dismissal arguments based on standing. Next, the court addresses LD and Discover's Rule 12(b)(6) dismissal arguments based on plaintiff's purported failure to allege plausible claims for relief.

### A.  Rule 12(b)(1) Subject Matter Jurisdiction

Both LD and Discover assert that the court lacks subject matter jurisdiction over plaintiff's claims because the Complaint fails to allege that plaintiff has sustained a concrete injury sufficient to confer standing. Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To present a case or controversy under Article III, a plaintiff must establish that he has standing to sue. *Id.* (citations omitted); *see also Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

Article III standing requires a plaintiff to establish (1) that he or she has "suffered an 'injury in fact'," (2) that the injury is "'fairly . . . trace[able] to the challenged action of the defendant,'" and (3) that it is "'likely'" that "the injury will be 'redressed by a favorable decision.'" *Ariz. Christian Sch. Tuition Org.*, 563 U.S. at 134 (quoting *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560–61 (1992)); *see also Awad v. Ziriax*, 670 F.3d 1111, 1120 (10th Cir. 2012).

The first requirement for Article III standing—injury in fact—is "a constitutional requirement." *Spokeo*, 136 S. Ct. at 1547. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). In *Spokeo*, the Supreme Court considered whether a plaintiff had standing to bring a FCRA action. The Supreme Court held that a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id.* at 1550. Instead, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549.

Here, LD and Discover assert that plaintiff's Complaint alleges no concrete injury sufficient to confer standing to assert a FCRA claim. Plaintiff responds that his Complaint alleges such an injury in the form of "loss of employment opportunity and lower credit score." Doc. 156 at 8; Doc. 167 at 2, 3. Both LD and Discover concede that the Complaint alleges these types of damages. Doc. 173 at 2; Doc. 177 at 2. But, they contend, these alleged damages are asserted by plaintiff's other claims against other defendants—but not by this FCRA claim. And, they argue, Count III—the FCRA claim and the only claim against Discover—never alleges a loss of employment opportunity or lower credit score. *See* Doc. 173 at 2 (comparing the damages alleged in Counts I, II, IV, V, and VI with Count III); *see also* Doc. 177 at 2 (recognizing that plaintiff asserted these damages allegations in other FCRA claims against other defendants but "there is no similar allegation [against] LD LLC in the FCRA claim against it (Count III).").

The court understands why LD and Discover make this argument. Count III alleges that LD and Discover violated the FCRA and that these purported violations caused plaintiff to sustain unspecified "damages." Compl. ¶ 58. Count III merely seeks statutory damages against each defendant in the amount of $1,000, *id.*, but Count III never alleges any other concrete injury. In several other places, however, the Complaint alleges general allegations that the court construes as sufficient to allege concrete injury to support the FCRA claims against LD and Discover.

In response to the court's earlier directive to plaintiff, plaintiff's new Complaint now includes a paragraph at the end of the other FCRA and TCPA counts asserting that defendants' actions have injured him in the form of a decrease in his credit source and emotional distress. *See id.* at 11, 13 ("WHEREFORE" paragraphs after Counts I & II); *see also id.* ¶ 69 (Count IV), ¶ 83 (Count V), ¶ 87 (Count VI). Plaintiff, acting pro se, may have overlooked adding these types of allegations to Count III. And, if that's the case, the court should construe the pro se litigant's pleadings liberally to assert a viable claim "despite the plaintiff's . . . confusion of various legal theories" or "his unfamiliarity with the pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991); *see also Switzer v. Coan*, 261 F.3d 985, 988 (10th Cir. 2001) ("[A] technical pleading error . . . should not be dispositive in pro se cases."); *Kirby v. Tulsa Cmty. Coll.*, No. 17-CV-00224-TCK-FHM, 2019 WL 937925, at *2 n.1 (N.D. Okla. Feb. 26, 2019) (recognizing that pro se plaintiffs had not "reiterate[d] allegations of the actual or threatened loss of property or assets in every cause of action" but because the court "must construe the Complaint in favor of the Plaintiffs [and] must construe their allegations liberally" the court applied "these allegations of injury in fact to all of Plaintiffs' causes of action despite Plaintiffs' lack of technical pleading skill").

In any event, plaintiff includes other damage allegations at the end of his Complaint. There, he asks the court to award "other and additional" relief including damages for injury to reputation and creditworthiness and emotional distress. *Id.* at 24–25 (Prayer for Damages ¶ (j)). The court concludes that plaintiff's allegations about LD and Discover's putative statutory violations, along with his general allegations about injury to his creditworthiness and emotional distress, suffice to allege a concrete injury to establish standing to assert a FCRA claim. *See Kirby*, 2019 WL 937925, at *2 (holding that pro se plaintiffs' "allegations of statutory violations, in combination with the specific loss or threatened loss of property or assets, are sufficient to establish injury in fact at this early stage of the litigation").

Also, LD argues, plaintiff's Complaint doesn't allege a sufficient concrete injury to support the TCPA and FDCPA claims that plaintiff asserts against LD in Counts I and VI, respectively. LD recognizes that Count I—plaintiff's TCPA claim—asserts that he sustained damages from LD's purported TCPA violation that have "caused Plaintiff to experience a decrease in his credit score, which [a]ffects his ability to obtain credit, rent property, and obtain adequate employment." Compl. at 11 ("WHEREFORE" paragraph). But LD argues that these allegations don't even allege a causal link between the alleged wrong (the phone calls) and the injury sufficient to confer standing. But, even if the Complaint hadn't alleged a causal link connecting these alleged injuries to LD's purported statutory violations, it also alleges that LD's phone calls "caused Plaintiff anguish, frustration, lack of meaningful sleep, and fear of incoming calls." *Id.* Construing these allegations liberally and in plaintiff's favor—as the court must— one plausibly can infer that LD's purported TCPA violation caused plaintiff to sustain injury in the form of emotional distress sufficient to confer standing.

LD disagrees. It argues that the alleged emotional distress damages don't sufficiently plead an injury necessary to confer standing. LD contends that the Complaint just alleges that the "calls" caused plaintiff damage. But, LD argues, plaintiff instead must allege that the statutory violation—*i.e.*, use of an ATDS—caused his injury. LD's argument asks too much. These allegations, liberally construed and in plaintiff's favor, sufficiently plead a concrete injury caused by LD's purported statutory violation that confers plaintiff's standing to assert his TCPA claim.

Count VI (the FDCPA claim) asserts that the FDCPA "is a strict liability statute, therefore no damages need to be alleged." *Id.* ¶ 89. LD has a different view, arguing that *Spokeo* requires plaintiff to plead a concrete injury to establish standing. As stated above, *Spokeo* involved a FCRA claim. It didn't involve a FDCPA claim. Currently, the circuits are split whether a plaintiff must plead more than a statutory violation to allege a concrete injury sufficient to confer FDCPA standing. *Compare Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 757 (6th Cir. 2018) (holding that plaintiffs' allegations that defendant had committed "a procedural violation of the FDCPA . . . demonstrated a sufficient 'risk of real harm' to the underlying interest to establish concrete injury without the 'need [to] allege any additional harm beyond the one Congress has identified'" (quoting *Spokeo*, 136 S. Ct. at 1549)) *with Casillas v. Madison Ave. Assoc., Inc.*, 926 F.3d 329, 339 (7th Cir. 2019) (recognizing that the Sixth Circuit "sees things differently than we do" and concluding, where plaintiff has "alleged nothing more than a bare procedural violation" of the FDCPA, it is "insufficient for purposes of Article III" standing). *See also Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018) (holding that the FDCPA "protect[s] an individual's concrete interests" and thus "an alleged violation of these provisions satisfies the injury-in-fact requirement of Article III").

The Tenth Circuit hasn't decided this issue. And, at least one district court in our Circuit has concluded that a procedural violation of the FDCPA is sufficient to confer a concrete injury and Article III standing. *See Cooper v. Stephen Bruce & Assoc.*, No. 18-487-R, 2019 WL 97826, at *4 (W.D. Okla. Jan. 3, 2019) (following the Sixth Circuit's decision in *Macy*, as well other district court decisions and concluding, "where a plaintiff alleges that a defendant violated the FDCPA . . . she need not allege any further harm to demonstrate a concrete injury for purposes of constitutional standing").

So, following the guidance of the Second and Sixth Circuit and the Western District of Oklahoma, the court could conclude that plaintiff's assertions of a FDCPA procedural violation by LD sufficiently allege a concrete injury. But, here, the court need not decide this issue. Instead, the court finds that plaintiff's allegations, when liberally construed in the light most favorable to him, allege that LD's actions also caused plaintiff to sustain emotional distress damages. *See, e.g.*, Compl. at 11 ("WHEREFORE" paragraph) (alleging that LD's calls "caused Plaintiff anguish, frustration, lack of meaningful sleep, and fear of incoming calls"); *see also id.* at 24–25 (Prayer for Damages (j)) (seeking "other and additional relief as the Court may determine to be just and proper" including emotional distress damages). These allegations suffice for Article III for plaintiff's FDCPA claim.

For all these reasons, the court finds that plaintiff's Complaint sufficiently alleges a concrete injury. The court thus rejects LD and Discover's argument that the court lacks subject matter jurisdiction over plaintiff's claims. And so, it denies LD and Discover's Motion to Dismiss under Rule 12(b)(1).

## B.  Rule 12(b)(6) Failure to State a Claim

The court now turns to LD and Discover's Rule 12(b)(6) dismissal arguments.  Both defendants move to dismiss plaintiff's FCRA claim (Count III) for failing to state a plausible claim against them under Rule 12(b)(6).  Also, LD asks the court to dismiss plaintiff's TCPA claim (Count I) and FDCPA claim (Count VII) under Rule 12(b)(6) because they fail to state plausible claims for relief.  The court addresses the two claims separately, below.

## 1.  FCRA Claim (Count III)

Plaintiff's Complaint asserts a claim against LD and Discover for violating the FCRA under 15 U.S.C. § 1681 (Count III).  The FCRA imposes two obligations on furnishers of information, like LD and Discover.  *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009).  The first obligation requires "furnishers" to report accurate information to consumer reporting agencies.  *Id.* (citing 15 U.S.C. § 1681s-2(a)).  The second requires that, "upon receiving notice of a dispute from a CRA" the furnisher must: "(1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable."  *Id.* at 750–51 (citing 15 U.S.C. § 1681s-2(b)).

The FCRA's first requirement in § 1681s-2(a) mandates that a furnisher provide accurate information to CRAs.  But it creates no private cause of action that a consumer can assert against a furnisher of credit information.  *Id.* (citing *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1014 (9th Cir. 2009)); *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st

Cir. 2010) (noting that "Congress expressly limited furnishers' liability under § 1681s-2(a) by prohibiting private suits for violations of that portion of the statute." (citing 15 U.S.C. § 1681s-2(c)(1)). So, as the court explained in its previous Order, plaintiff's allegations that LD or Discover provided inaccurate information to CRAs cannot state a FCRA claim. Thus, to the extent plaintiff's Complaint alleges § 1681s-2(a) violations, the court dismisses those claims because the statute provides no private cause of action.

But, under the second subsection of § 1681s-2, a consumer may assert a private cause of action against a furnisher for failing to comply with the investigation requirements in § 1681s-2(b). *See Chiang*, 595 F.3d at 35 (explaining that only § 1681s-2(b), but not § 1681s-2(a), confers a private right of action); *see also Tilley v. Global Payments, Inc.*, 603 F. Supp. 2d 1314, 1322 (D. Kan. 2009) (explaining that § 1681s-2(b) "create[s] a private cause of action by a consumer against a furnisher of credit information"). To state a plausible FCRA claim under § 1681s-2(b), a plaintiff must allege: "(1) that after he notified a CRA of a dispute; (2) the CRA notified defendant, furnisher of the information of the dispute; and (3) after notification, defendant failed to adequately investigate." *Keller v. Bank of Am., N.A.*, 228 F. Supp. 3d 1247, 1255 (D. Kan. 2017) (citing *Campbell v. Wells Fargo Bank, N.A.*, 73 F. Supp. 3d 644, 651 (E.D.N.C. 2014)).

The court's earlier Order recognized that plaintiff could assert a private cause of action under § 1681s-2(b) of the FCRA, but found that plaintiff's Complaint never alleged a plausible claim under the statute because it "doesn't allege anything about whether Discover failed to investigate the disputed information or whether it failed to report the results of an investigation to the CRA" and "fails to state facts alleging that LD failed to conduct a proper investigation of the dispute after receiving notice from a CRA, or that LD failed to report the results of the

investigation to the CRA." Doc. 137 at 8, 13–14. The court granted plaintiff leave to file an amended complaint to cure these pleading deficiencies. Defendants argue that plaintiff's Complaint fails to rectify the problems the court previously identified. The court agrees.

In his response to the court's directive, plaintiff merely has added conclusory allegations to his Complaint, alleging that LD and Discover failed to investigate plaintiff's "disputed information (*as shown in his Notice of Dispute*), and failed to report such results to the CRAs." *Id.* ¶ 29 (emphasis added); *see also id.* ¶ 54 (alleging that LD and Discover "failed to investigate the dispute, continued to report inaccurate information, and failed to report true information, to the CRAs *even after receiving notice of dispute from Plaintiff*, and reinvestigation from the CRAs.") (emphasis added). These allegations fail to state a plausible FCRA claim for two reasons.

*First*, as the court already has explained, plaintiff's allegations that he—as the consumer—notified LD and Discover of the dispute don't trigger a furnisher's duties under the FCRA. *See* Doc. 137 at 7 (first citing *Willis v. Capital One Corp.*, 611 F. App'x 500, 502 (10th Cir. 2015) ("The furnisher's duty to investigate arises only after a CRA notifies the furnisher of a dispute and, conversely, does not arise when notice is provided directly from a consumer." (citation and internal quotation marks omitted)); then citing *Chiang*, 595 F.3d at 35 n.8 ("A notice of disputed information provided directly by the consumer to a furnisher does not trigger a furnisher's duties under § 1681s-2(b).")). Instead, to trigger a furnisher's FCRA duty to investigate, a CRA must notify the furnisher of the dispute. *Willis*, 611 F. App'x at 502. So, plaintiff's allegations that he notified LD and Discover about the dispute can't support a viable FCRA claim.[3]

---

[3]     The court recognizes that plaintiff's amended pleading now includes conclusory assertions that "CRAs contacted [LD and Discover] requesting reinvestigation of the alleged debt." Compl. ¶ 28; *see*

*Second*, plaintiff's Complaint contains no factual allegations to support his conclusory assertion that LD and Discover failed to investigate the dispute. The only "fact" plaintiff alleges to support his claim is that LD and Discover continued to report that plaintiff owed a debt when he claims he owed nothing. Compl. ¶ 54. But plaintiff doesn't provide any facts explaining why he doesn't owe the amount reported, or how LD and Discover's investigation was unreasonable.

Plaintiff's mere disagreement with what LD and Discover reported doesn't support a plausible inference that LD and Discover failed to investigate the dispute. Indeed, other courts have dismissed conclusory allegations like plaintiff's because they failed to state a plausible FCRA claim. *See Perez v. Medicredit*, No. SACV 18-2283JVS(JDEx), 2019 WL 3063514, at *3 (C.D. Cal. Mar. 14, 2019) (dismissing plaintiff's FCRA claim under Rule 12(b)(6) because plaintiff failed to identify "what specific debt [he] is referencing [or] why he does not actually owe that debt" and also failed to allege "facts indicating that the investigation was unreasonable" because "'alleging Defendant's investigation was unreasonable solely because the investigation failed to remedy the error, is not sufficient.'" (quoting *Nissou-Rabban v. Capital One Bank (USA), N.A.*, 285 F. Supp. 3d 1136, 1151 (S.D. Cal. 2018)); *see also Williams v. LVNV Funding, LLC*, No. 14-cv-01356-MEH, 2014 WL 4066612, at *7 (D. Colo. Aug. 14, 2019) (construing plaintiff's claims liberally and finding that plaintiff failed to state a claim for relief under FCRA § 1681s-2(b) because plaintiff's Complaint contained no allegations "describing his dispute with the challenged debts or Defendant's alleged 'unreasonable' conduct during an investigation").

---

*also id.* ¶ 54 ("The CRAs contacted [LD and Discover], and [LD and Discover] failed to report the results of their investigation to the CRAs."). If these allegations suffice to trigger LD and Discover's duties under the FCRA—and the court concludes they don't—plaintiff's Complaint still fails to state a FCRA claim for the second reason discussed above.

Although these cases come from other district courts and thus do not bind our court, the court finds the reasoning persuasive. And the court also predicts that the Tenth Circuit, if presented with this issue, would apply that reasoning to plaintiff's Complaint here.

In sum, the Complaint fails to allege facts supporting a plausible inference that either LD or Discover conducted an unreasonable investigation of the dispute. The court thus dismisses plaintiff's FCRA claim asserted against LD and Discover.[4]

### 2. TCPA Claim (Count I)

Next, LD asks the court to dismiss plaintiff's TCPA claim. As the court explained in its previous Order, stating a plausible TCPA claim requires a plaintiff to allege: "(1) LD called plaintiff's cellular telephone; (2) using an ATDS; (3) without plaintiff's prior consent." Doc. 137 at 10 (citing *Lee v. loanDepot.com, LLC*, No. 14-1084-EFM, 2017 WL 590263, at *2 (D. Kan. Feb. 14, 2017)). The court recognized that "'a bare allegation that [d]efendant used an ATDS is not enough' to state a TCPA claim sufficient to survive Rule 12(b)(6) dismissal." *Id.* (quoting *Hill v. USAA Savings Bank*, No. CIV-18-803-SLP, 2019 WL 3082471, at *5 (W.D. Okla. July 15, 2019) (other citations omitted)). "Instead . . . to state a plausible TCPA claim, a plaintiff must explain the circumstances suggesting defendant used an ATDS." *Id.* "A plaintiff can satisfy this pleading standard by 'detail[ing] whether there was a pause upon his answering the call, the content of the prerecorded messages [he received] (*i.e.* were they identical messages?), or any other fact that would support his conclusory allegation that he received calls from an automatic telephone dialing system.'" *Id.* (quoting *Padilla v. Whetstone Partners*, LLC, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014)).

---

[4]     Plaintiff's Opposition to Discover's Motion to Dismiss asserts that LD and Discover violated the FCRA by failing to place a "notice of dispute" on plaintiff's account after the CRAs notified them of plaintiff's dispute. Doc. 167 at 12. As Discover correctly responds, these allegations are found nowhere in plaintiff's Complaint. Doc. 173 at 3.

The court's earlier Order agreed with LD that plaintiff had failed to state a plausible TCPA claim. The court recognized that "[a]lthough [plaintiff's] allegations provide some detail about the calls, the alleged facts fail to explain the circumstances surrounding the calls sufficient to support a plausible inference that defendant called plaintiff's cellular telephone using an ATDS." *Id.* at 11. But the court granted plaintiff leave to file an amended complaint to cure the pleading deficiencies of his TCPA claim. *Id.* at 12. The court also directed plaintiff to "allege specific facts about the calls—such as the content of the messages or the context in which he received them— that could support a plausible inference that he received the calls from an ATDS." *Id.*

LD now asserts that plaintiff's amended pleading still fails to plead a plausible TCPA claim because it never alleges facts sufficient to support a plausible finding or inference that LD used an ATDS to call him. The court disagrees. The Complaint now alleges:

> The calls made by Defendant LD (number 855-214-6424) to Plaintiff's cellular telephone were from a "automatic telephone dialing system that has the capacity to store or produce telephone numbers", without human intervention, even if that capacity is turned off. In the beginning of these calls, Plaintiff would be put through to a person who identified themselves as from LD to collect on a debt. When Plaintiff answered the call, there was an artificial sounding computer voice from the caller, which waited for Plaintiff to press a specific number on his keypad. Plaintiff recognized this number as a frequent call from LD, and discontinued the call.

Compl. ¶ 38. With these new allegations, as the court liberally construes them, plaintiff has asserted that: (1) he received calls from the same phone number, (2) when he answered the phone, he heard an "artificial sounding computer voice" which waited for plaintiff to press a number on the keypad, (3) and he recognized the number on his phone as one used frequently by LD to call him. These allegations sufficiently support a plausible finding or inference that LD used an ATDS to call him. *See Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at

*3 (N.D. Ill. Dec. 18, 2012) (explaining that a plaintiff may plead a TCPA claim adequately by "describ[ing] the phone messages he received in laymen's terms or provid[ing] the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the ATDS" but "without the benefit of discovery" plaintiff need not "elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned").

LD asserts that plaintiff's allegation that "plaintiff would be put through to a person who identified themselves as from LD to collect on a debt" contradicts his assertion that LD used an ATDS. Compl. ¶ 38. Construing plaintiff's allegations liberally and in his favor, one plausibly can infer that plaintiff alleges that, when he answered calls, he heard an artificial sounding computer voice that waited for him to press a specific number on the keypad, and then he was "put through to a person who identified themselves as from LD to collect on a debt." *Id.* These allegations suffice. The new Complaint alleges a plausible TCPA claim, and the court denies LD's Motion to Dismiss the TCPA claim.

### 3. FDCPA Claim (Count VII)

Finally, LD asks the court to dismiss plaintiff's newly-asserted FDCPA claim. Plaintiff's Complaint alleges that LD violated 15 U.S.C. § 1692c when it continued to call plaintiff's cell phone after he demanded that LD stop calling him. Compl. ¶¶ 89, 90.

Congress enacted the FDCPA "'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1177 (10th Cir. 2011) (quoting 15 U.S.C. § 1692(e)).

With three exceptions defined in the FDCPA, § 1692c(c) prohibits a "debt collector" from communicating with a "consumer with respect to [a] debt" after the consumer "notifies [the] debt collector in writing that . . . the consumer wishes the debt collector to cease further communication." 15 U.S.C. § 1692c(c). The FDCPA defines "consumer" as any natural person obligated to pay a debt. *Id.* § 1692a(3). The statue defines "debt" as an obligation of a consumer "to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *Id.* § 1692a(5). And the FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6).

Thus, to state a plausible FDCPA claim, a plaintiff must allege that "'(1) [he] is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the debt at issue arises out of a transaction entered into primarily for personal, family, or household purposes [as required by § 1692a(5)]; (3) Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendant, through its acts or omissions, violated a provision of the FDCPA.'" *Eliker v. Nelnet*, No. 17-01208-EFM-GEB, 2018 WL 1566644, at *2 (D. Kan. Mar. 30, 2018) (quoting *Yang v. Midland Credit Mgmt. Inc.*, No. 15-2686-JAR, 2016 WL 393726, at *1 (D. Kan. Feb. 2, 2016)).

In *Eliker*, Judge Melgren of our court held that plaintiff had failed to state the required elements of a FDCPA claim. He reached this conclusion for several independent reasons. First, Judge Melgren found that plaintiff's conclusory allegations that "he is a 'consumer' under 15 U.S.C. § 1692a(3) and that [defendant] is a 'debt collector' under 15 U.S.C. § 1692a(6)" did not

suffice to state a claim because he provided no factual basis for these assertions.  *Id.*  Second,

plaintiff provided "no information about the nature of the debt or the correspondence from

[defendant]."  *Id.*  Finally, plaintiff "recited various statutorily defined violations of the FDCPA,

but failed to provide any factual support for his claim that [defendant] violated those provisions

of the Act."  *Id.*  Judge Melgren concluded that the "complaint [in his case] provided only

conclusory allegations and legal conclusions that could not give [defendant] fair notice of the

claims against it," so he dismissed plaintiff's FDCPA claim under Rule 12(b)(6).  *Id.*

Plaintiff's Complaint here provides even less factual support for his FDCPA claim than

*Eliker*.  Here, plaintiff never even alleges that he qualifies as a consumer under the FDCPA, or

that LD is a debt collector as the FDCPA defines that term.  Also, plaintiff never alleges facts

capable of supporting a plausible inference that the debt at issue arises out of a transaction

entered into primarily for personal, family, or household purposes.  And, plaintiff fails to allege

facts supporting a plausible inference that LD's communications violated § 1692c because they

didn't qualify as one of the permitted exceptions in the statute.

Indeed, plaintiff's Opposition devotes just four sentences to LD's arguments for

dismissal of the FDCPA claim.  Doc. 156 at 21.  They contend that plaintiff "has adequately

incorporated all previous facts and allegations into [Count VII]," and he "saw no need to restate

that he is a consumer, where the debt arises, LD is a debt collector, and that LD violated the

statutes."  *Id.*  And he claims that "paragraph 90 [of the Complaint] specifically identifies what

LD did to violate the statute."  *Id.*  But the problem with plaintiff's argument is that his

Complaint doesn't ever state the elements necessary to plead a plausible FDCPA claim.  Indeed,

his Opposition never identifies where his Complaint purportedly alleges facts supporting the

elements of an FDCPA claim.  So, even though plaintiff asserts that Count VII incorporates the

Complaint's other paragraphs by reference (Compl. ¶ 88), none of those incorporated allegations allege facts capable of supporting a plausible FDCPA claim. In sum, plaintiff's conclusory allegations don't suffice for a FDCPA claim. The court thus dismisses plaintiff's FDCPA claim against LD under Rule 12(b)(6).

## V. Conclusion

For reasons explained above, the court grants LD and Discover's Motion to Dismiss the FCRA claim that plaintiff asserts against them in Count III. The court also dismisses the FDCPA claim that plaintiff asserts against LD in Count VII. But the court denies LD's Motion to Dismiss the TCPA claim that plaintiff asserts against LD in Count I.

Also, the court denies the request plaintiff makes in his Oppositions for yet another opportunity to file another amended complaint. Doc. 156 at 21; Doc. 167 at 13. The Second Amended Complaint is plaintiff's third opportunity to plead plausible claims against these defendants. Exercising its discretion, the court declines to give plaintiff yet another chance to replead his FCRA and FCDPA claims.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant loanDepot.com LLC's Motion to Dismiss (Doc. 149) is granted in part and denied in part, as explained in this Order.

**IT IS FURTHER ORDERED THAT** defendant Discover Bank's Motion to Dismiss (Doc. 161) is granted.

**IT IS SO ORDERED.**

**Dated this 11th day of December, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
