## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTHONY J. HAMPTON,

      Plaintiff,

      v.

BARCLAYS BANK DELAWARE, *et al.*,

      Defendants.

Case No. 18-4071-DDC-ADM

## SCHEDULING ORDER

On January 14, 2020, U.S. Magistrate Judge Angel D. Mitchell conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff appeared pro se. Defendant Loandepot.com, LLC appeared through counsel Kersten L. Holzhueter. Defendant Barclay's Bank Delaware appeared through counsel Christopher Murphy. Defendant Marketplace Loan Grantor Trust did not appear. Defendant Equifax and Equifax Information Services, LLC appeared through counsel Jeffrey Phillip James Richard Zeeck.

This scheduling order governs Mr. Hampton's claims against Defendants Loandepot.com. This scheduling order does not apply to or modify the prior scheduling orders (ECF Nos. 111, 169) as to Mr. Hampton's claims against codefendants.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Service of initial disclosures | January 28, 2020 |
| Jointly proposed protective order submitted to court | January 28, 2020 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | February 4, 2020 |
| Supplementation of initial disclosures | 40 days before the deadline for completion of all discovery |
| All discovery completed | April 10, 2020 |
| All other potentially dispositive motions (e.g., summary judgment) | May 8, 2020 |
| Motions challenging admissibility of expert testimony | 42 Days before trial |
| Trial | TBD |

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case would not be enhanced by exchanging good faith settlement proposals or early mediation.   The court will revisit the issue of ADR at the final pretrial conference.

2.      **Discovery.**

a.      The parties shall serve their initial disclosures regarding witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1), by **January 28, 2020**.   Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.   In addition, such supplemental disclosures must be served 40 days before the deadline for completion of all discovery.   The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.   Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b.      All discovery in this case must be commenced or served in time to be completed by **April 10, 2020**.   Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case.   Under Fed. R. Civ. P. 26(b)(1), whether any particular

3

discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

c. The parties do not at this time expect to use experts. If this changes, the parties are directed to contact the magistrate judge's chambers to request a discovery conference.

d. The parties agree that physical or mental examinations under Fed. R. Civ. P. 35 are not necessary.

e. Electronically stored information (ESI) in this case will be handled as follows: The parties will exchange ESI in PDF form.

f. No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

g. No more than 2 depositions may be taken by plaintiff, and no more than 2 depositions may be taken by defendant. A party may, however, seek leave of court if additional depositions are needed. All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

h. Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order or an amended protective order by **January 28, 2020**. Any proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*Guidelines for Agreed Protective Orders for the District of Kansas*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).   A pre-approved form of protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **February 4, 2020.**

i.       The parties do consent to electronic service of disclosures and discovery requests and responses.   See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

j.       The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.   Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).   Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.   If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an

appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation.    Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.      Motions.**

a.        All other potentially dispositive motions (e.g., motions for summary judgment) must be filed by **May 8, 2020**.   The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

b.        Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute.   The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

c.        All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed 42 days before trial.

d.        If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a

telephone conference with the undersigned magistrate judge *before* filing such a motion.   But such a conference is not mandatory.

e.        Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.   Otherwise, the objection to the default, response, answer, or objection is waived.   *See* D. Kan. Rule 37.1(b).

f.        To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.   However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.   *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).   Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.   *See* D. Kan. Rule 26.4(c).

g.        The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.        Pretrial Conference, Trial, and Other Matters.**

a.        The court will set a final pretrial conference and impose a trial date after summary judgment motions are decided.

b.        This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.   Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.   The *Pillars of Professionalism* are available on this court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated January 14, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge