Anthony J. Hampton
2615 Mountain View Drive
McKinney, Texas 75071

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
TOPEKA DIVISION

| | |
|---|---|
| ANTHONY J. HAMPTON, | No. 5:18-cv-04071-DDC-ADM |
| Plaintiff, | |
| v. | |
| BARCLAYS BANK DELAWARE; DISCOVER BANK; LOAN DEPOT, LLC; MARKETPLACE LOAN GRANTOR TRUST, SERIES 2016-LD1; EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; and Does 1-10, | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MARKETPLACE LOAN GRANTOR TRUST, SERIES 2016-LD1's MOTION FOR SUMMARY JUDGMENT**

Plaintiff makes his objections to Defendant's April 7, 2020 Motion for Summary Judgment, as shown herein.

Counsel of record is nothing more than a collection agency trying to collect on an alleged debt, wherein Plaintiff has the right to lawfully dispute. "Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of

granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro*, 229 F.Supp. 647 (E.D.Pa. 1964)

## OBJECTIONS

Summary judgment should be denied for the following reasons:

### I. THE CALLING SYSTEM QUALIFIES UNDER AN ATDS

A Virginia district court held that a manually placed call—agent dialed all ten digits—may still have been an ATDS call **because it was placed from a workstation that had access to cloud-based dialer domains; even though the agent placing the call lacked credentials to access those domains**. Making matters worse—the court expressly found that a popular contact solution **has the capacity to store and produce numbers using a random or sequential number generator.** *Morgan v. On Deck Capital*, CASE NO. 3:17-CV-00045, 2019 U.S. Dist. LEXIS 147757 (W.D. Va. Aug. 29, 2019). Indeed, the facts of the case seemingly could not get any better. The call at issue was placed in a mode that literally required the agent to dial all ten numbers. The agent was part of a siloed and dedicated calling team that had no access to any "regular" dialers- they were credentialed only to use the manual mode. Indeed, the agent worked in a building that was purely manual—so there is a degree of human intervention and a completely sealed environment. (see Defendant's own source reference.) [1]

A New Jersey district court decided that an ATDS must have the *capacity* to generate numbers randomly or sequentially but that such capacity need not be used to dial the numbers at issue. That is, even a manually dialed call might be deemed to have been

---

[1] https://tcpaworld.com/2019/08/30/things-just-went-nuclear-court-holds-five9s-popular-cloud-based-manual-dialing-solution-may-still-have-capacity-to-dial-randomly-or-sequentially-and-its-just-as-bad-as-it-s/

made with an ATDS if the device from which it was sent had the capacity to generate numbers in that fashion. See *Rivero v. D'Jais*, Civil Action No.: 18-12697 (FLW) (ZNQ), 2019 U.S. Dist. LEXIS 170246, (D. N.J. Sept. 30, 2019). Indeed, In *Rivero* the Court carefully reviewed *Dominguez* and concluded, in essence, that *Dominguez* was little more than a "capacity" decision. That focus on "capacity" allowed the Court to conclude that messages that had been sent *en masse* –but not randomly or sequentially—were presumptively sent using an ATDS, at least at the pleadings stage.

Highlighting the amorphous nature of the ATDS definition, the *Rivero* Court noted that there was already a split of authority *within the same Court* on the issue. There is. Compare *Fleming v. Associated Credit Servs.*, 342 F.Supp.3d 563 (D.N.J. 2018) (a predictive dialer is not an ATDS), with *Wilson v. Quest Diagnostics Inc.*, No. 18-11960, 2018 WL 6600096 (D.N.J. Dec. 17, 2018). But the Court found it "unnecessary to resolve" that split of authority—suggesting the Court has elected to adopt yet a *third* ATDS approach within a single district court.

Meanwhile, *on that same day*, a Court in Nevada denied a Defendant's motion for judgment on the pleadings using a different ATDS standard entirely. See *Castillo v. Caesars Entm't Corp.*, Case No.: 2:18-cv-02297-GMN-NJK, 2019 U.S. Dist. LEXIS 169810 (D. Nv. Sept. 30, 2019). There the Court applied the *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018), cert. dismissed, 139 S.Ct. 1289 (2019) formulation which does not look at random or sequential number generation at all. Rather all that is required is for a dialer to store numbers and call them "automatically" from a list. (The word "automatically" has still not been defined in the Ninth Circuit.)

Swinging back across the country, *still on the same day,* a Court in Rhode Island departed entirely from the statutory definition or *Marks* and applied a "human intervention" rule gleaned from an FCC ruling from back in 2003. In *Decapua v. Metro. Prop. & Cas. Ins. Co.*, C.A. No. 18-00590-WES 2019 U.S. Dist. LEXIS 168061 (D. R.I. Sept. 30, 2019) <u>the Court concluded that texts sent by "a person physically inputting numbers</u>, drafting a message, selecting recipients, choosing a date and time to send the message, and manually hitting a 'send' button" do not qualify as ATDS texts. So, the texts in *Decapua*—which were mass-blasted telemarketing texts that undoubtedly violated the "spirit" of the TCPA—were deemed legal whereas the nearly identical texts sent by the defendants in *Rivero* and *Castillo* were deemed illegal.

Following *Marks* there are now two divergent lines of cases holding that random or sequential number generation is not required to prove ATDS usage. The *Marks* line—which holds the FCC's 2003 and 2008 Orders are set aside but that the statutory definition does not require random or sequential number generation—and the Bad *Reyes* line—which holds that the FCC's 2003 and 2008 Orders remain in Effect.

*Marks* was the second most-important TCPA case of 2018—second only to *ACA Int'l*. In *Marks* the Ninth Circuit Court of Appeal re-interpreted the definition of ATDS to cover all dialers that call from a list of numbers in automatic fashion and vacated the district court's summary judgment decision. The Court arrived at this conclusion by first determining that the FCC's previous guidance on the definition of ATDS had been set aside by *ACA Int'l*. The Court then determined that the TCPA's statutory definition was vague and re-imagined the statutory language as Congress may have intended it. It concludes that a dialer is an ATDS if it has the capacity to store numbers to be called and to dial such

numbers automatically (even if the system must be turned on or triggered by a person.) *Cf. Meza v. Sirius XM Radio Inc.*, Case No.: 17-CV-02252-AJB-JMA, 2020 U.S. Dist. LEXIS 32379 (S.D. Cal. Feb. 25, 2020); *Keifer v. Hosopo Corp.*, Case No. 3:18-cv-1353, 2018 U.S. Dist. Lexis 183468 (S.D. Cal. Oct. 25, 2018) (following *Marks* in holding that the statutory definition of ATDS does not require equipment to "create or develop the numbers dialed on its own"); *Adams v. Ocwen*, Case No. 18-81028, Dkt # 23 (M.D. Fl. Oct. 29, 2018) (following *Marks* in holding that the statutory definition of ATDS includes a device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator); *Espejo v. Santander,* Case No. 11 c 8987, Dkt. No. 250 (N.D. Ill. June 12, 2019)(ATDS definition is vague but calling from a list is all that is necessary) and; *Espejo v. Santander,* Case No. 11 c 8987, Dkt. No. 250 (N.D. Ill. June 12, 2019)(ATDS definition is vague but calling from a list is all that is necessary).

Also, it is worth judicial notice that:

15 U.S. Code § 1692c. **Communication in connection with debt collection**
    (c) **CEASING COMMUNICATION** If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
    (1) to advise the consumer that the debt collector's further efforts are being terminated;
    (2) to notify the consumer that the collector or creditor may invoke specified remedies which are ordinarily invoked by such collector or creditor; or
    (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

That raises the metaphysical question—what is a dialing "system"? Is it merely the specific dialing apparatus used to make the call at issue, or does it include the hardware

that the agent logs into in order to facilitate launching the call? This is a question for the trier of fact based on the discoverable evidence.

## II. PLAINTIFF'S FDCPA CLAIM PREVAILS

Plaintiff adequately stated a plausible FDCPA claim.

Defendant Marketplace is misleading this Court into believing that loanDepot, LLC had its motion to dismiss granted. The fact is that Plaintiff and loanDepot, LLC entered into a stipulation of settlement.

This Court did not dismiss loanDepot, LLC based on Plaintiff's failure to state a plausible cause of action, nor by Plaintiff failing to meet the 4 points that Marketplace claims.

Therefore, Defendant cannot make the claim that its right to motion for summary judgment can be based on a non-existent event.

## CONCLUSION

WHEREFORE, Plaintiff requests that this Court deny Marketplace's' request for summary judgment. Marketplace has not met its burden and cannot shift its burden to Plaintiff.

Dated: April 17, 2020

Respectfully submitted:

Anthony J. Hampton, Plaintiff in pro per

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

ANTHONY J. HAMPTON,     Plaintiff,

vs.

BARCLAYS BANK DELAWARE, et al.,

Defendant(s).

**CERTIFICATE OF SERVICE FOR SERVICE BY MAIL**

Case No. 5:18-cv-04071-DDC-ADM

I hereby certify that on April 17, 2020 (mm/dd/yyyy), I caused the following documents:

PLAINTIFF'S OPPOSITION TO MARKETPLACE'S MOTION FOR SUMMARY JUDGMENT

*[Check the box, below, that applies to how you served the above documents.]*

☐ to be filed electronically with the Clerk of Court through ECF and/or

☒ that I caused a copy of the foregoing documents (and the notice of electronic filing, if filed electronically) to be mailed by first class mail, postage paid, to the following:

FOULSTON SIEFKIN, LLP
1551 N. Waterfront Pkwy, Suite 100
Wichita, KS 67206

Date:

s/ *[signature]*

Signature of filing party

Anthony J. Hampton
Filer's Typed Name