IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY J. HAMPTON,<br><br>         Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE; DISCOVER BANK; LOAN DEPOT, LLC; MARKETPLACE LOAN GRANTOR TRUST, SERIES 2016-LD1; EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; AND DOES 1-10,<br><br>         Defendants. | Case No. **18-4071-DDC** |

**DEFENDANT BARCLAYS BANK DELAWARE'S
PETITION FOR ATTORNEYS' FEES**

Defendant Barclays Bank Delaware ("Barclays") moves this Court, pursuant to this Court's Memorandum and Order dated August 13, 2020 (ECF No. 208), for an order awarding attorneys' fees against Plaintiff Anthony J. Hampton ("Plaintiff"). In support thereof, Barclays states as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

1.      Plaintiff commenced this action on July 13, 2018, filing a complaint against Barclays and seven other defendants, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681–1681x, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692–1692p. (ECF No. 1.) Plaintiff eventually filed his Second Amended Complaint on September 27, 2019. (ECF No. 141.)

2. With respect to Barclays, Plaintiff asserted a claim for alleged violations of Section 1681s-2(b) of the FCRA and sought $1,000 in statutory damages and $5,000 in punitive damages, but no actual damages. (ECF No. 141 at pp. 13-16, 24, ¶¶ 49–59.)

3. In addition to answering Plaintiff's complaint, Barclays asserted a Counterclaim against Plaintiff for breach of contract or unjust enrichment, seeking the unpaid balance of Plaintiff's loan and reasonable attorneys' fees. (ECF No. 60 at 19; ECF No. 145 at 1 n.1.)

4. Plaintiff's sole claim against Barclays was premised on a personal loan he obtained in October 2017 (the "Loan"). (ECF No. 208 at 7, 40) Barclays approved Plaintiff for a $5,000 loan with a 60-month term and a 9.99% interest rate. (*Id.* at 7, 40-41.) Plaintiff agreed to the loan's terms and conditions, including the payment of the $5,000 principal amount, plus interest. (*Id.* at 7, 42.) The Loan Agreement provided that Barclays may recover reasonable attorneys' fees, court or other collection costs in connection with the collection of the loan if Plaintiff defaulted. (*Id.* at 42-43). Plaintiff defaulted on the loan by failing to make timely payments. (*Id*. at 7, 42).

5. On October 25, 2019, Barclays filed its motion for summary judgment, seeking judgment in its favor on Plaintiff's FCRA claim and on its Counterclaim in the amount of $5,629.33, plus "reasonable attorneys' fees [and] court costs or other collection costs" which Plaintiff agreed to in connection with his acceptance of the loan terms and conditions. (ECF No. 157, 158; ECF No. 208 at 40-41).

6. On August 13, 2020, the Court granted Barclays' motion for summary judgment, awarding Barclays $5,629.33 in damages, plus interest, and the reasonable attorneys' fees and costs. (ECF No. 208 at 63).

7. Barclays now seeks to recover its attorneys' fees and costs reasonably incurred in pursuit of its Counterclaim for collection of the loan.

**LEGAL ARGUMENT**

1. The obligation to pay attorneys' fees can arise by statute or contractual agreement. *See United States ex. Rel. Trustees of the Colo. Laborers Health & Welfare Trust Fund & Expert Env'l Control, Inc*., 790 F. Supp. 250, 251-52 (D. Colo. 1992) (citing *F.D. Rich, Inc. v. United States ex rel. Indus. Lumber Co*., 417 U.S. 116, 126 (1974)). In evaluating fees that a contract awards, the Tenth Circuit utilizes the "lodestar" approach. *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983).

2. The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances. *See Anchondo v. Anderson, Crenshaw & Assocs*., LLC, 616 F.3d 1098, 1102 (10th Cir. 2010) (citations omitted). After the Court calculates the lodestar amount of a fee, a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable fee." *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

3. Courts calculating the lodestar look at two components: (i) the amount of hours spent on the case; and (ii) the appropriate hourly rates. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc*., 205 F.3d 1219, 1233 (10th Cir. 2000). "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *See Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006) (quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)). With respect to the number of hours expended, the party seeking fees "should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

4. Here, the amount of attorneys' fees sought by Barclays in connection of its collection of the loan through its Counterclaim totals $2,455 and represents the appropriate

lodestar amount because the time spent and fees charged by counsel for Barclays were reasonable. (*See* Declaration of Christopher R. Murphy, Esq., in Support of Attorneys' Fees attached hereto as Exhibit A ("Murphy Decl.") at ¶¶ 11, 15.)

5. Barclays submits that this request for attorneys' fees in this case is reasonable, particularly because it is only seeking fees incurred in connection with its pursuit of the Counterclaim and there was much overlap in fees with defense costs which Barclays is not seeking here. Put differently, many tasks were performed in connection with the defense of the case that were also relevant to the Counterclaim and Barclays is not seeking those fees herein. (*See* Murphy Dec. ¶ 14.)

6. Barclays seeks to recover for the work of two (2) attorneys, who conservatively spent a combined total of nine (9) hours working on aspects of this case related to Barclays' Counterclaim. (*See* Murphy Decl at ¶ 18.)

7. In support of its fee request, Barclays submits herewith invoices showing the tasks undertaken in support of this case and the associated hourly fees billed for those tasks. (*See* redacted Invoices, combined and attached hereto as Exhibit B.)

8. Counsel for Barclays arrived at the nine (9) hour figure by examining the invoices paid by Barclays in connection with this case. (*See* Murphy Dec. at ¶ 13, 18; Ex. B.) Detailed time entries for each task performed by counsel for Barclays are included in the invoices attached as Exhibit B. These time entries indicate that Barclays' counsel performed the following activities related to the counterclaims: drafting the Counterclaim; taking discovery in connection with the Counterclaim, participating in settlement discussions relating to the Counterclaim, drafting Barclays' Motion for Summary Judgment on its Counterclaim; and drafting its Reply Brief in

support of its Motion for Summary Judgment relating to the Counterclaim portion only.  (*See* Exhibit B).

9. The $2,455 figure for which Barclays seeks reimbursement represents a significant reduction from the actual total number of hours spent performing these tasks.  (*See* Murphy Decl at ¶ 14.)  The amount of time spent by counsel for Barclays performing the tasks necessary to bring its counterclaim to resolution was reasonable and appropriate.

10. Likewise, the hourly rates charged by Barclays' counsel are reasonable.  Mr. Murphy details that Barclays' lawyers are practicing attorneys with extensive experience litigating consumer cases.  In determining what a reasonable hourly rate is, the Court can consider its own knowledge of market rates, *see Lippoldt*, 468 F.3d at 1225, and can also consider the hourly rate of similar attorneys within the district.  *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255-56 (10th Cir. 1998); *Ramos*, at 555 ("The hourly rate should be based on the lawyers' skill and experience in civil rights or analogous litigation."), *overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 483 U.S. 711, 717 n.4 (1987)).

11. The average hourly rates for attorneys practicing in Kansas City is $405 per hour, and the average associate rates range from $225-$495 per hour.  *See* Corporate Counsel Desk Book, Missouri Lawyers Media (2020 Ed.) (excerpt attached hereto as <u>Exhibit C</u>); *Young v. Physician Office Partners, Inc.*, No. 18-CV-2481-KHV-TJJ, 2020 WL 3655415, at *5 (D. Kan. June 10, 2020) (considering Corporate Counsel Desk Book in finding attorneys' fees reasonable).

12. The hourly rate charged by Mr. Murphy, one of the counsel for Barclays in this case, is $335 through December 2018 at which time his hourly rate increased to $345.00.  (*See* Murphy Decl. ¶ 11.)  Mr. Eichenberger's hourly rate was $235.00 through December 2018 at

which time it increased to $255.00. (*See id*.)  Both Mr. Murphy and Mr. Eichenberger's hourly rates are within the range of average hourly rates in Kansas City. (*See* Ex. C.)  Notably, Mr. Murphy and Mr. Eichenberger billed time on this matter at a substantially reduced fee.  Mr. Murphy's standard rate is $555 and Mr. Eichenberger's standard rate is $470. (*See* Murphy Decl. ¶ 11.)

13. As set forth herein, both the amount of time spent in pursuit of the Counterclaim and the rates charged by counsel for Barclays were reasonable.  Therefore, the total fees of $2,455 sought by Barclays represents the appropriate lodestar amount.  *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

14. No other factors weigh in favor of reducing the fee award below this lodestar amount.  Accordingly, this Court should award to Barclays its attorneys' fees of $2,455.

## CONCLUSION

Defendant Barclays Bank Delaware respectfully requests that this Court enter an Order granting its Petition for Attorneys' Fees, awarding it attorneys' fees in the amount of $2,455 and granting it such further relief as the Court deems appropriate.

Dated:  August 27, 2020

Respectfully submitted,

 */s/ Kate B. McKinney*
B. Scott Tschudy, Kansas Bar 12129
Kate B. McKinney, Kansas Bar 19691
MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, LLP
9401 Indian Creek Parkway
Building 40, Suite 1150
Overland Park, KS 66210
T: (913) 491-5500
F: (913) 491-3341
E: btstschudy@martinpringle.com

Christopher R. Murphy (admitted *pro hac vice*)
REED SMITH LLP

10 S. Wacker Dr.
Suite 4000
Chicago, IL 60606
T: (312) 207-6548
F: (312) 207-6400
E: CRMurphy@reedsmith.com

*Counsel for Defendant Barclays Bank Delaware*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on August 27, 2020, a true and accurate copy of the foregoing was filed electronically with the Court and was also emailed to Anthony J. Hampton at anthsehsafsamseth@protonmail.com.  Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties.  Parties may access this filing through the Court's CM/ECF system.

/s/ Kate B. McKinney