**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANTHONY J. HAMPTON, <br><br> Plaintiff, <br><br> v. <br><br> BARCLAYS BANK DELAWARE; DISCOVER BANK; LOAN DEPOT, LLC; MARKETPLACE LOAN GRANTOR TRUST, SERIES 2016-LD1; EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; AND DOES 1-10, <br><br> Defendants. | Case No. 18-4071-DDC |

**DEFENDANT BARCLAYS BANK DELAWARE'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY JUDGMENT
PENDING APPEAL AND WAIVE BOND**

Defendant Barclays Bank Delaware ("Barclays"), by and through its counsel, submits this Response in Opposition to Plaintiff Anthony J. Hampton's ("Plaintiff") Motion to Stay Judgment Pending Appeal and Waive Bond (ECF No. 217) (the "Motion").  In support thereof, Barclays states as follows:

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on July 13, 2018, filing a complaint against Barclays and seven other defendants, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681–1681x, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692–1692p.  (ECF No. 1).  Plaintiff eventually filed his Second Amended Complaint on September 27, 2019.  (ECF No. 141).  With respect to Barclays, Plaintiff asserted a claim for alleged violations of Section 1681s-2(b) of the

FCRA and sought $1,000 in statutory damages and $5,000 in punitive damages, but no actual damages.  (ECF No. 141 at pp. 13-16, 24, ¶¶ 49–59).  In addition to answering Plaintiff's complaint, Barclays asserted a Counterclaim against Plaintiff for breach of contract or unjust enrichment, seeking the unpaid balance of Plaintiff's loan and reasonable attorneys' fees.  (ECF No. 60 at 19; ECF No. 145 at 1 n.1).

Plaintiff's sole claim against Barclays was premised on a personal loan he obtained in October 2017 (the "Loan").  (ECF No. 208 at 7, 40).  Barclays approved Plaintiff for a $5,000 loan with a 60-month term and a 9.99% interest rate.  (*Id.* at 7, 40-41).  Plaintiff agreed to the loan's terms and conditions, including the payment of the $5,000 principal amount, plus interest. (*Id.* at 7, 42).  The Loan Agreement provided that Barclays may recover reasonable attorneys' fees, court or other collection costs in connection with the collection of the loan if Plaintiff defaulted.  (*Id.* at 42-43).  Plaintiff defaulted on the loan by failing to make timely payments.  (*Id*. at 7, 42).

On October 25, 2019, Barclays filed its motion for summary judgment, seeking judgment in its favor on Plaintiff's FCRA claim and on its Counterclaim in the amount of $5,629.33, plus "reasonable attorneys' fees [and] court costs or other collection costs" which Plaintiff agreed to in connection with his acceptance of the loan terms and conditions.  (ECF No. 157, 158; ECF No. 208 at 40-41).  On August 13, 2020, the Court granted Barclays' motion for summary judgment, awarding Barclays $5,629.33 in damages, plus interest, and the reasonable attorneys' fees and costs.  (ECF No. 208 at 63).

Barclays filed its Petition for Attorneys' Fees on August 27, 2020 ("Petition for Fees").  (ECF No. 213).  On August 28, 2020, Plaintiff filed a Notice of Appeal.  (ECF No. 215).  On September 4, 2020, Plaintiff filed "Plaintiff's Opposition to Defendant Barclays Bank Delaware's Petition for Attorneys' Fees and Stay of Judgment Pending Appeal."  The document was entered

twice on the docket:  once as a Response to Barclays' pending Petition for Attorneys' Fees and once as a Motion (ECF Nos. 216, 217).  For the reasons stated below, the Court should deny Plaintiff's Motion to stay execution of the judgment, including any stay related to the pending Petition for Attorneys' Fees, and require Plaintiff to post the statutorily required bond pending appeal.

## II.   ARGUMENT

Plaintiff's Motion consists of **<u>one sentence</u>**:  "Plaintiff requests that this Court stay the judgment pursuant to Rule 8(a)(1)(A) and waive any bond requirement."  (ECF No. 217).  As set forth below, Plaintiff's Motion falls woefully short of meeting the standard for obtaining a stay of enforcement of a money judgment pending an appeal of that judgment without having to post a bond.  Accordingly, the Court should deny Plaintiff's request for relief in its entirety.

## A.   STANDARD OF REVIEW

Pursuant to Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure, "a party must ordinarily move first in the district court" for "a stay of the judgment or order of a district court pending appeal."  Fed. R. App. P. 8(a)(1)(A).  Correspondingly, Federal Rule of Civil Procedure 62(b) provides: "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security.  The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."  Fed. R. Civ. P. 62(b).

"[T]he rational for requiring a bond pending appeal . . . is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency."  *Grubb v. FDIC*, 833 F.2d 222, 226 (10th Cir. 1987).  A "full supersedeas bond should be the requirement in normal circumstances."  *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986).  Further, "the district court has discretion to reduce or waive the bond requirement if the appellant

demonstrates a present financial ability to respond to the judgment that is likely to continue or if the appellant's present financial condition is such that posting a full bond would impose an undue financial burden." *Lech v. Jackson*, No. 16-cv-01956-PAB-MJW, 2018 U.S. Dist. LEXIS 79501, at \*3 (D. Colo. May 10, 2018); *see also Meyer v. Christie*, No. 07-2230-CM, 2009 U.S. Dist. LEXIS 95385 at \*6 (D. Kan. Oct. 13, 2009) ("A district court has discretionary authority to allow a stay of proceedings without a full supersedeas bond 'when the judgment creditor's interests would not be unduly endangered.'") (citations omitted).

The burden falls to the debtor/appellant to objectively demonstrate good cause for such a waiver. *Meyer*, at \*6 (citing *Lamon v. City of Shawnee, K*an., 758 F. Supp. 654, 655 (D. Kan. 1991)). The court may consider several factors when deciding whether to waive a full supersedeas bond requirement, including: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the court has in the availability of funds to pay the judgment; (4) whether appellant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether appellant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the appellant in an insecure position. *Id*. at \*7 (citing *Evolution, Inc. v. Sun Trust Bank*, No. 01-2409-CM, 2005 U.S. Dist. LEXIS 8078, at \*3-4 (D. Kan. Jan. 10, 2005)); *see also Brinkman v. Department of Corrections*, 815 F.Supp. 407, 408-09 (D. Kan. 1993) (citing the foregoing factors set forth in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) with approval).

## B.   THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STAY UNLESS HE POSTS THE FULL AMOUNT OF THE SUPERSEDEAS BOND

Plaintiff has failed to offer any good cause or justification for a waiver (or reduction) of the bond requirement as necessary to stay execution of the judgment in the district court pending

his appeal.  To the contrary, the relevant factors weigh heavily in favor of requiring a bond in the full amount pursuant to D. Kan. Rule 62.2, whereby the court generally sets a supersedeas bond in the amount of the judgment plus 25% of that amount to cover interest and any award of damages for delay.  *See* D. Kan. Rule 62.2 ("A supersedeas bond staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay.").  Moreover, the court should amend the judgment to include Barclays' reasonable attorneys' fees, as established in its Petition for Attorneys' Fees (ECF No. 213), and adjust the bond accordingly.

First, regarding the first two factors, the complexity and duration of the collection process, Barclays will have difficulty collecting the judgment after it is affirmed on appeal.  Indeed, locating and recovering any assets of Plaintiff is likely to be a complex and time-intensive process.  Furthermore, there is nothing in the record to suggest that Plaintiff would promptly satisfy the judgment if it is affirmed on appeal.  Put simply, Plaintiff's past conduct undermines any notion that collecting the judgment, once affirmed, will be straightforward or simple.

Next, the third and fourth factors involve the court's confidence in the availability of funds to pay the judgment and the Plaintiff's ability to pay the judgment.  Plaintiff offers nothing to support these factors.  He failed to provide any evidence of his ability to pay the judgment or otherwise offer assurances of his ability to pay, including but not limited to "present[ing] the court with a financially secure plan that will provide adequate security for [Barclays], in lieu of posting a supersedeas bond." *Sierra Club v. El Paso Gold Mines, Inc*., No. Civ. A. 01 PC 2163 OES, 2003 U.S. Dist. LEXIS 28217, at \*21 (D. Colo. Apr. 21, 20003) (citations omitted).  In sum, without adequate security, there is nothing to prevent Plaintiff from shifting available assets beyond Barclay's reach.  *See Compania de Inversiones Mercantiles S.A. v. Grupo Cementos de*

*Chihuahua*, Civil Action No. 1:15-cv-02120-JLK, 2019 U.S. Dist. LEXIS 229141, at *9 (D. Colo. May 21, 2019) (addressing *Dillon* factors for stay of execution of judgment pending appeal and holding respondent must post a bond or present an alternative that would provide adequate security).

Last, the final factor asks whether requiring Plaintiff to post a bond would place other creditors at risk.  Again, Plaintiff offers nothing to support this component of the court's consideration in determining the amount of the bond.  However, the record supports that Barclays obtained a judgment on an unsecured debt, and it is axiomatic that its judgment will not put other secured creditors at risk, or other unsecured creditors who obtained judgments against Plaintiff prior to Barclays.

## III.    CONCLUSION

For the reasons stated herein, Barclays respectfully requests that the Court deny Plaintiff's Motion to Stay Judgment Pending Appeal and Waive Bond.

Dated:  September 15, 2020                            Respectfully submitted,

 */s/ B. Scott Tschudy*

B. Scott Tschudy, Kansas Bar 12129
Kate B. McKinney, Kansas Bar 19691
MARTIN, PRINGLE, OLIVER, WALLACE &
BAUER, LLP
9401 Indian Creek Parkway
Building 40, Suite 1150
Overland Park, KS 66210
T: (913) 491-5500
F: (913) 491-3341
E: btstschudy@martinpringle.com

Christopher R. Murphy (admitted *pro hac vice*)
REED SMITH LLP
10 S. Wacker Dr.
Suite 4000
Chicago, IL 60606
T: (312) 207-6548
F: (312) 207-6400

E: CRMurphy@reedsmith.com

*Counsel for Defendant Barclays Bank Delaware*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on September 15, 2020, a true and accurate copy of the foregoing was filed electronically with the Court and was also emailed to Anthony J. Hampton at anthsehsafsamseth@protonmail.com and mailed via USPS first class mail, postage prepaid to Anthony Hampton, 2615 Mountain View Drive, McKinney, TX 75071.  Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties.  Parties may access this filing through the Court's CM/ECF system.

*/s/ B. Scott Tschudy*
B. Scott Tschudy

US_ACTIVE-152711419-930635-60052