

Anthony J. Hampton
2615 Mountain View Drive
McKinney, Texas 75071

FILED
SEP 22 2020
Clerk, U.S. District Court
By:_____ Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
TOPEKA DIVISION

| | |
|---|---|
| ANTHONY J. HAMPTON,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE; DISCOVER BANK; LOAN DEPOT, LLC; MARKETPLACE LOAN GRANTOR TRUST, SERIES 2016-LD1; EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; and Does 1-10,<br><br>Defendants. | No. 5:18-cv-04071-DDC-ADM |

**PLAINTIFF'S REPLY TO DEFENDANT BARCLAYS BANK DELAWARE'S RESPONSE TO PLAINTIFF'S MOTION TO STAY JUDGMENT PENDING APPEAL AND WAIVE BOND**

Plaintiff makes his reply to Defendant's September 15, 2020 response.

**FRCP, Rule 62. Stay of Proceedings to Enforce a Judgment**

(a) Automatic Stay. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.

Here the Court has not ordered otherwise.

### FRAP, Rule 7. Bond for Costs on Appeal in a Civil Case

In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule.

Here this Court has not required Appellant to file a bond or provide other security for "costs on appeal."

### FRAP, Rule 8. Stay or Injunction Pending Appeal

(a) Motion for Stay.

(1) Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:
(A) a stay of the judgment or order of a district court pending appeal;
(B) approval of a bond or other security provided to obtain a stay of judgement; or
(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

(2) *Motion in the Court of Appeals; Conditions on Relief.* A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.
(A) The motion must:

(i) show that moving first in the district court would be impracticable; or

(ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.

(B) The motion must also include:

(i) the reasons for granting the relief requested and the facts relied on;

(ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and

(iii) relevant parts of the record.

Here Plaintiff/Appellant initiated the motion in this Court. There is no need to file in the appellate court at this point in time. Therefore, the requirements under Rule (2) do not apply.

As a *pro se* party, these are not "normal circumstances" as Defendant alleges. Plaintiff has at all times encountered costs, harassment, and unacceptable time-consuming litigation in pursuit of his right to sue Defendants under consumer protection laws. Consumer protection laws which are strict liability statutes that have nothing to do with the validity of any debt. When those consumer protection laws are violated, the Defendants should and must be held liable.

Because of the actions of the Defendants, and other unavoidable situations, Plaintiff has been reduced to a pauper and is left with the need to proceed without costs or bond as an indigent party. A supersedeas bond is not appropriate in this case. Plaintiff is willing to complete a form CAJ23 Financial Affidavit in this regard if instructed to do so by this Court.

Defendant has appropriately suggested that, "the district court has discretion to reduce or waive the bond requirement if the appellant demonstrates a ... present financial condition is such that posting a bond would impose an undue financial burden."

Dated: *19 September 2020*

Respectfully submitted: *Anthony-Joseph: Hampton TTEE*
Anthony J. Hampton, Plaintiff in pro per

---

3
PLAINTIFF'S OPOSITION TO ATTORNEYS' FEES-STAY OF JUDGMENT

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY J. HAMPTON, | Plaintiff, | **CERTIFICATE OF SERVICE FOR SERVICE BY MAIL** |
| vs. | | Case No. 5:18-cv-04071-DDC-ADM |
| BARCLAYS BANK DELAWARE, et al., | | |
| | Defendant(s). | |

I hereby certify that on __19 September 2020__ (mm/dd/yyyy), I caused the following documents:

**PLAINTIFF'S REPLY TO DEFENDANT BARCLAYS BANK DELAWARE'S RESPONSE TO PLAINTIFF'S MOTION TO STAY JUDGMENT PENDING APPEAL AND WAIVE BOND**

☐ to be filed electronically with the Clerk of Court through ECF and/or

☒ that I caused a copy of the foregoing documents (and the notice of electronic filing, if filed electronically) to be mailed by first class mail, postage paid, to the following:

MARTIN PRINGLE OLIVER WALLACE & BAUER, LLP
9401 Indian Creek Parkway, Bldg. 40, Ste. 1150
Overland Park, Kansas 66210
For Barclays Bank Delaware

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
For Discover Bank

MICHAEL BEST & FRIEDRICH, LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, Utah 84121
For MPLGT

FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206
For MPLGT

Date: 19 September 2020

s/ *Anthony-Joseph.Hampton TTEE*
**Signature of filing party**

Anthony J. Hampton
Filer's Typed Name

UNITED STATES POSTAL SERVICE®

CERTIFIED MAIL®

FOR USE ONLY WITH IMpb SHIPPING LABEL

Label 3800-N, January 2014 PSN 7690-17-000-0906

F

US POSTAGE AND FEES PAID
FIRST-CLASS
Sep 19 2020
Mailed from ZIP 75069
2oz First-Class Pkg Svc Zone 4

10830352
CommercialBasePrice

062S0011691841

stamps endicia

FIRST-CLASS PKG SVC

Hampton, Anthony
Anthony Hampton
2615 MOUNTAIN VIEW DR
MCKINNEY TX 75071-2518

C041 0024

SHIP TO:
Us District Ct
District Of Kansas
444 SE QUINCY ST STE 490
TOPEKA KS 66683-3510

USPS CERTIFIED MAIL

9407 1118 9956 4496 4313 24

Part # 156297-435 RRDB2 EXP 05/21

RECEIVED

SEP 22 2020

CLERK U.S. DIST. COURT
TOPEKA, KANSAS


