FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

July 30, 2021

Christopher M. Wolpert
Clerk of Court

———————————————————

ANTHONY J. HAMPTON,

    Plaintiff - Appellant,

v.

BARCLAYS BANK DELAWARE;
DISCOVER BANK; MARKETPLACE
LOAN GRANTOR TRUST, Series
2016-LD1,

    Defendants - Appellees,

and

LOANDEPOT.COM, INC., f/k/a Loan
Depot, LLC; EQUIFAX, INC.; EQUIFAX
INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANSUNION,
LLC; DOES 1 THROUGH 10,

    Defendants.

No. 20-3175
(D.C. No. 5:18-CV-04071-DDC-ADM)
(D. Kan.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Anthony Hampton, proceeding pro se, appeals the district court's entry of final judgment against him in his suit that alleged violations of consumer protection laws by various creditors. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I. **BACKGROUND**

A. *FCRA Claim Against Discover*

Mr. Hampton alleged that Discover Bank as his creditor violated two provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x: (1) § 1681s-2(a), by providing inaccurate information to consumer reporting agencies; and (2) § 1681s-2(b), by failing to investigate his complaints about the information Discover provided.

The district court dismissed these claims under Fed. R. Civ. P. 12(b)(6). It said § 1681s-2(a) does not create a private cause of action for furnishing inaccurate credit information to consumer reporting agencies. As to § 1681s-2(b), the court said Mr. Hampton failed to allege that (1) the consumer reporting agencies alerted Discover to his dispute about the information Discover provided to them, and (2) Discover failed to investigate the dispute.

B. *FCRA Claim Against Barclays*

Mr. Hampton borrowed $5,000 from Barclays Bank Delaware, made a few payments, and then defaulted. Barclays reported his default to consumer reporting agencies. Mr. Hampton lodged disputes with these agencies about Barclays's

2

reported information. The agencies then asked Barclays to confirm its reporting. Barclays did so.

The district court construed Mr. Hampton's complaint as alleging Barclays violated § 1681s-2(b) by providing inaccurate information to the consumer reporting agencies and by failing to investigate his disputes. It granted summary judgment to Barclays "because the undisputed facts in the . . . record show that (1) Barclays furnished accurate information to [the agencies] about [Mr. Hampton's] account, and (2) Barclays conducted reasonable investigations into each of the dispute notices it received from [the agencies]." Supp. R. at 53.

### C. *TCPA Claim Against Marketplace*

Marketplace Loan Grantor Trust, Series 2016-LD1 ("Marketplace"), held debt owed by Mr. Hampton. It hired First Associates Loan Servicing, LLC ("First Associates") to collect the debt. First Associates employees used a calling system that drew a list of phone numbers from customer records to place calls to debtors like Mr. Hampton. Mr. Hampton claimed Marketplace violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, because it used an automatic telephone dialing system to call Mr. Hampton's cell phone without his consent.

The district court granted summary judgment to Marketplace. It said devices that exclusively dial numbers stored in a customer database, such as the one used by First Associates, are not automatic telephone dialing systems under the TCPA. Because First Associates did not use an automatic telephone dialing system, Marketplace did not violate the TCPA.

3

## II.  DISCUSSION

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation, and quotations omitted).  Also, we do not "fashion . . . arguments for him," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994), and we may not "assume the role of advocate," *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

"The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015); *accord Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) ("Because the appellant comes to the court of appeals as the challenger, he bears the burden of demonstrating the alleged error and the precise relief sought.").  Advancing other "arguments will not help the appellant if the reasons that were given by the district court go unchallenged." *Nixon*, 784 F.3d at 1366.  We are "not required to manufacture an appellant's argument on appeal when it has failed in its burden to draw our attention to the error below." *Hernandez*, 69 F.3d at 1093 (quotations omitted).  An appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon*, 784 F.3d at 1366.

4

Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure requires the argument section of an appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." "Under Rule 28, which applies equally to pro se litigants, a brief must contain . . . more than a generalized assertion of error, with citations to supporting authority." *Garrett*, 425 F.3d at 841 (alteration in original) (quotations omitted). "Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Indeed, "issues designated for review are lost if they are not actually argued in the party's brief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (quotations omitted).

Mr. Hampton's opening brief fails to (1) adequately challenge the district court's conclusions that his claims against Discover should be dismissed and that summary judgment should be granted to Barclays and Marketplace, or (2) explain why the court's application of the law or assessment of the evidence was wrong. He largely avoids rather than address the district court's reasoning, and has not shown how the district court erred. Mr. Hampton's arguments on appeal are misplaced, incomplete, factually unsupported, and unpersuasive. In short, his arguments are inadequately briefed to invoke appellate review.

## III. **CONCLUSION**

We affirm the district court's judgment.

                                      Entered for the Court

                                      Scott M. Matheson, Jr.
                                      Circuit Judge